PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, GHISLAINE MAXWELL, an individual,<br><br>　　　　Defendants. | Case No. 1:20-cv-00484<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO PROCEED BY PSEUDONYM** |

Plaintiff Jane Doe ("Plaintiff"), by her undersigned attorneys, respectfully submits this memorandum of law in support of her motion for leave to proceed under a pseudonym.

## I. INTRODUCTION

Plaintiff Jane Doe suffered tremendous harm as a result of being sexually abused as a child by the late Jeffrey Epstein. Epstein and his associates, in particular, Ghislaine Maxwell, coerced Jane Doe into becoming their sexual puppet for years through power, money and exploitation. And like countless others, Plaintiff was victimized for so long by Epstein and Maxwell and at such an early age that she has done everything she could to remain anonymous and live a normal life now despite constant media requests for interviews and statements.

The details underlying Plaintiff's sexual abuse are highly personal, intimate and humiliating to Plaintiff. Jane Doe has suffered drastically due to the Defendants' actions. Keeping her identity protected from public disclosure in this already high-profile matter is imperative. Indeed, public disclosure of her name in this litigation will expose some of the most intimate and humiliating moments of Plaintiff's life, furthering her ongoing psychological harm and injuring her family, including young children.

Additionally, there is no public interest in revealing the identity of one of Epstein's many victims; to the contrary, allowing Plaintiff to proceed by pseudonym fosters the public interest in having victims come forward. Further, as other victims have already stated, revealing Plaintiff's

1

identity could interfere with the Government's ongoing investigation of Epstein's associates.

For the foregoing reasons and those that follow, Plaintiff Jane Doe respectfully requests that this Court permit her to proceed in this case under a pseudonym.

## II. <u>ARGUMENT</u>

The Federal Rules of Civil Procedure do not explicitly authorize, nor absolutely prohibit, the use of fictitious names by plaintiffs or other parties. In *EW v. New York Blook Ctr.,* 213 F.R.D. 108 (2d Cir. 2003), the Second Circuit declared, "[a] plaintiff is entitled to proceed under a pseudonym where revealing the plaintiff's name subjects him or her to the risk of public disapproval, harassment, or bodily harm."

In *Does I Thru XXIII v. Advanced Textile Corp*. 214 FR.3d 1058 (9th Cir. 2000), the Ninth Circuit held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1067. The Second Circuit has endorsed this balancing of interests when determining whether a plaintiff may act under a pseudonym. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 189 (2d Cir. 2008). The Second Circuit has gathered a non-exhaustive list of factors to consider when determining the need for anonymity. This list of factors includes:

"(1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the …party seeking proceed anonymously…; (3) whether identification presents other harms and the likely severity of those harms…(4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure; (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, …; (7) whether the plaintiffs identity has thus far been kept confidential, ; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity…" *Id.* at 190 (internal citations removed).

New York state has made clear its intentions to protect the identities of survivors of sexual assault. The Eastern District of New York recognized, "[w]ith regard to the second factor, courts

2

have granted anonymity to protect against disclosure of a wide range of issues involving matters of the utmost intimacy, including sexual assault. Indeed, many states in this country, including New York, have enacted laws to protect the anonymity of sexual assault victims." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted). Specifically, N.Y. Educ. Law § 6448 states:

> Pursuant to subdivision (i) of rule three thousand sixteen of the civil practice law and rules, in any proceeding brought against an institution which seeks to vacate or modify a finding that a student was responsible for violating an institutions rules regarding a violation covered by this article, the name and identifying biographical information of any student shall be presumptively confidential and shall not be included in the pleadings and other papers from such proceeding absent a waiver or cause shown as determined by the court. Such witnesses shall be identified only as numbered witnesses. If such a name or identifying biographical information appears in a pleading or paper filed in such a proceeding, the court, absent such a waiver or cause shown, shall direct the clerk of the court to redact such name and identifying biographical information and so advise the parties.

Additionally, N.Y. Civ. Rights Law § 50-b states:

> The identity of any victim of a sex offense, as defined in article one hundred thirty or section 255.25, 255.26 or 255.27 of the penal law, or of an offense involving the alleged transmission of the human immunodeficiency virus, shall be confidential. No report, paper, picture, photograph, court file or other documents, in the custody or possession of any public officer or employee, which identifies such a victim shall be made available for public inspection. No such public officer or employee shall disclose any portion of any police report, court file, or other document, which tends to identify such a victim except as provided in subdivision two of this section.

Further, "[u]pon approving New York's rape shield law, then Governor Mario Cuomo stated, 'sexual assault victims have unfortunately had to endure a terrible invasion of their physical privacy. They have a right to expect that this violation will not be compounded by a further invasion of their privacy.'" *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted).

### A. <u>GOOD CAUSE EXISTS FOR PLAINTIFF TO PROCEED USING A PSEUDONYM</u>

Here, all of the relevant factors strongly weigh in favor of granting Plaintiff's motion to file this case using a pseudonym. Indeed, for similar reasons to those discussed below, numerous courts have permitted Epstein's victims to proceed under pseudonyms in prior cases. *See* Order, *Doe v. Epstein*, No. 08-cv-80119 (S.D. Fla. Aug. 7, 2009), ECF No. 253 (consolidating 11 Doe

cases against Epstein and every plaintiff to proceed anonymously in the style of the case); *see also* Hr'g Tr., *United States v. Epstein*, No. 19-cr-490 (S.D.N.Y. Aug. 27, 2019), ECF No. 53 (allowing eight of Epstein's victims to present testimony under protective pseudonyms after Epstein's death in connection with criminal case); Joint Rule 26(f) Report, *Jane Doe 43 v. Epstein et al.*, No. 17-cv-616 (S.D.N.Y. Apr. 5, 2017), ECF No. 28 at 4 (Rule 26 Report noting that "[d]ue to the nature of the claim, the Plaintiff has proceeded anonymously through a pseudonym"); Order, *Jane Doe No. 103 v. Epstein*, No. 10-cv-80309 (S.D. Fla. Mar. 9, 2010), ECF No. 5 (granting motion to proceed anonymously). These courts have recognized that, throughout their litigation again Epstein, these women "will be required to disclose highly sensitive and intimate information," and disclosure of their real names "will cause . . . much additional embarrassment, humiliation, and psychological trauma," as well as "adverse professional and economic consequences." See Order, *Doe v. Epstein*, No. 08-cv-80893 (S.D. Fla. Oct. 6, 2008), ECF No. 15 at 2-3.

### 1. **This Case Involves Details of a Highly Sensitive and Personal Nature**

Jane Doe filed her complaint using a pseudonym in order to protect her identity so as to mitigate damage done to her and her name as a result of the incidents alleged in her complaint. The details surrounding her sexual abuse are highly sensitive and of a personal nature. There was a fundamental privacy interest that was violated when Jane Doe was sexually assaulted and, as stated by New York's Governor Cuomo, exposure of Jane Doe's true identity would only compound that violation. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006) (internal citations omitted).

Indeed, courts have recognized that "sexual assault victims are a paradigmatic example of those entitled to a grant of anonymity." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 195 (E.D.N.Y. 2006); see also *Doe v. Skyline Automobiles Inc.,* 375 F. Supp. 3d 401, 405 (S.D.N.Y. 2019) (finding allegations of sexual assault and ongoing sexual harassment were "highly sensitive and of an extremely personal nature"); *Doe v. Colgate Univ.*, No. 15-cv-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016); *Doe v. Greiner*, 662 F. Supp. 2d 355, 363 n.8 (S.D.N.Y. 2009) (noting that "the identity of a minor who was the victim of a sex assault" is among the "exceptional circumstances" justifying anonymity in court materials). For that reason alone,

permitting Plaintiff to proceed pseudonymously is warranted.

Moreover, because of the significant public attention surrounding Epstein's arrest and untimely death, all of Plaintiff's potential harms would be more likely than not intensified should her identity become public. Plaintiff has a legitimate fear that her public identification could put her job, relationships and family at risk. And even though Epstein is deceased, a number of his associates, like Maxwell, are the subjects of potential criminal investigation and civil lawsuits. Many of these same individuals have already proven that they will intimidate and attempt to silence any of his identifiable victims. See Decision and Order Remanding Def., *United States v. Epstein*, No. 19- cr-490 (S.D.N.Y. July 18, 2019), ECF No. 32 at 15, 15-18. This well-established history of retaliation justifies permitting Plaintiff to proceed pseudonymously. See, e.g., *Doe v. Solera Capital LLC*, No. 18-cv-1769, 2019 WL 1437520, at *5 (S.D.N.Y. Mar. 31, 2019) ("[C]ourts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case."); *L.H. v. Schwarzenegger*, No. 06-cv-2042, 2007 WL 662463, at *16 (E.D. Cal. Feb. 8, 2007); *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1070 (9th Cir. 2000) (noting that plaintiffs may proceed anonymously "to protect themselves from retaliation by third parties").

### 2. **Defendants Will Not Suffer Prejudice**

Allowing Jane Doe to proceed by pseudonym will not prejudice the Defendants or interfere in any way with the policy underlying Rule 10 of the Federal Rules of Civil Procedure which apprises the parties of the identity of their opponent. Moreover, courts also balance the harm to the plaintiff with the potential prejudice to the defendant. *See Sealed Plaintiff*, 537 F.3d at 189. The relevant considerations are the damage to the defendant's reputation caused by responding to anonymous allegations, difficulties in conducting discovery, and the fundamental fairness of proceeding in such a manner. *E.W. v. N.Y. Blood Ctr.*, 213 F.R.D. 108, 112 (E.D.N.Y. 2009). None of these factors weigh against allowing Plaintiff to proceed by pseudonym here.

In light of Epstein's already well-known criminal and notorious actions, this case, more is one in which "any reputational harm to defendants has already been inflicted." *Doe #1 v. Syracuse Univ.*, No. 18- cv-496, 2018 WL 7079489, at *8 (N.D.N.Y. Sep. 10, 2018). Further, Epstein's

estate and Maxwell will not be prevented from conducting discovery and reasonably defending this case. Plaintiff's counsel will provide Plaintiff's name to Defendants' counsel under conditions that will reasonably protect the safety of Plaintiff, her family, and potential witnesses. Where a defendant's counsel is made aware of plaintiff's identity, there is no "prejudice to [defendant's] ability to conduct discovery or try the matter if plaintiff were to proceed under a pseudonym." *See E.W.,* 213 F.R.D. at 112; *see also Kolko*, 242 F.R.D. at 198 (finding that where defendants know plaintiff's identity, "defendants will not be hampered or inconvenienced merely by plaintiff's anonymity in court papers").

### 3. **Public Policy Supports Keeping Plaintiff's Name Protected**

Here, there is no public interest served by revealing the identity of Plaintiff Jane Doe who is one of Epstein's many victims. To the contrary, the public interest would be best served by permitting Plaintiff to seek justice under a protective pseudonym. As discussed above, New York State has a strong public policy interest in protecting the privacy interests of victims of sexual abuse, as demonstrated by Section 50-b of the Civil Rights Law, which protects sex-abuse survivors from undesired identification in a range of public administrative contexts, including certain court proceedings. See N.Y. Civil Rights Law § 50-b (McKinney 2019) (shielding sex-abuse victims from identification in, among other things, any "police report, court file, or other document").

Moreover, in addition to the public's general interest in protecting the well-being of victims, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *See Kolko*, 242 F.R.D. at 195-96. In consideration of that strong public policy, federal courts have permitted victims of sexual assault to proceed anonymously in similar cases.

### 4. **Plaintiff Jane Doe Has Preserved Her Confidentiality To Date**

Plaintiff has worked diligently to protect her identity. Indeed, despite numerous and ongoing attempts to interview her by the media and journalists, she has never spoken to the press or publicly identified herself in any way associated with her allegations. In the related criminal case, federal prosecutors have carefully protected her identity. These efforts weigh in favor of her

petition to proceed by pseudonym in her civil action. *See, e.g., Solera Capital*, 2019 WL 1437520, at *7 (finding that "the fact that Doe's anonymity to the public has been preserved to date" counsels in favor of proceeding pseudonymously).

## III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff's motion and allow her to file her complaint using a pseudonym.

Respectfully submitted,

Dated: January 16, 2020

_____
Kevin Boyle (admission pending)
Robert Glassman (admission pending)
Nathan Werksman (admission pending)

PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
boyle@psblaw.com
glassman@psblaw.com
werksman@psblaw.com

/s/ Benedict P. Morelli_____
Benedict P. Morelli
David T. Sirotkin
Sara A. Mahoney

MORELLI LAW FIRM PLLC
777 Third Avenue, 31st Floor
New York, NY 10017
Telephone: (212) 751-9800
Facsimile: (212) 751-0046
bmorelli@morellilaw.com
dsirotkin@morellilaw.com
smahoney@morellilaw.com

*Attorneys for Plaintiff*