Troutman Sanders LLP
875 Third Avenue
New York, New York 10022

**troutman sanders**

troutman.com

**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

March 27, 2020

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

*[Handwritten note: Defendants may proceed with their motion without a pre-motion conference. So ordered. /s/ J.G. Koeltl U.S.D.J. 3/27/20]*

Re:   *Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as co-executors of the Estate of Jeffrey E. Epstein, and Ghislaine Maxwell*, Case No. 1:20-cv-00484 (JGK) (DCF)

Dear Judge Koeltl:

We represent Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein (together, the "Co-Executors"), in the above-referenced action. We write pursuant to Your Honor's Individual Practices § 2(B) to request a pre-motion conference in anticipation of filing a motion, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss the time-barred claims and punitive damages claim in Plaintiff Jane Doe's ("Plaintiff") Complaint (Doc. 9). The bases for our anticipated motion are as follows.

### A. Plaintiff's claims based on alleged torts that occurred outside of New York and those that occurred when she was an adult, regardless of location, are time-barred.

Many of Plaintiff's claims are time-barred. Plaintiff alleges that Jeffrey E. Epstein, now deceased, sexually abused her starting in 1994, when she was 14, and until sometime in 1999, when Plaintiff was an adult, in Florida, New York and New Mexico. (Compl. ¶¶ 17-19, 21, 22, 24.) Plaintiff alleges she was 16 in 1996 (*id.* at ¶ 20); so she turned 18 in 1998. Plaintiff asserts causes of action for sexual assault, sexual battery, intentional infliction of emotional distress and false imprisonment and seeks punitive damages. (*Id.* at ¶¶ 33-58, 60.)

Plaintiff's claims based on alleged torts occurring outside New York expired long ago, including torts that occurred while she was a minor, as follows: (Florida) for torts occurring while she was a minor, the later of within 7 years after she reached age of majority (*i.e.*, by sometime in 2005), within 4 years after she left the dependency of Mr. Epstein (*i.e.*, sometime in 2003 at the latest),[1] or within 4 years from the time she discovered both the injury and the causal relationship

---

[1] Plaintiff alleges she "escaped" from Mr. Epstein in 1999, when she moved to California. (Compl. ¶ 24.) Therefore, Plaintiff could not have depended on him after that time.

Hon. John G. Koeltl
March 27, 2020
Page 2



---

between the injury and the abuse (*i.e.*, by sometime in 2003 at the latest)[2] (*See* Fla. Stat. § 95.11(7)); and, within 4 years after Plaintiff reached age of majority (*i.e.*, by sometime in 2002) (*See* Fla. Stat. § 95.11 (3)(O)); (New Mexico) for torts occurring while she was a minor, the later of the "first instant" of Plaintiff's 24th birthday (*i.e.*, sometime in 2004) or 3 years from the date that Plaintiff first disclosed her childhood sexual abuse to a licensed medical or mental health care provider in the context of receiving health care (plaintiff makes no allegations in this regard) (*See* N.M. Stat. § 37-1-30); and three years after Plaintiff reached age of majority (*i.e.*, sometime in 2001) (*See* N.M. Stat. § 37-1-8).

Plaintiff's claims that are based on torts that allegedly occurred after she became an adult, even if they took place in New York, are also time-barred. Under New York law, excluding alleged torts subject to the New York Child Victims Act ("CVA"),[3] if any, Plaintiff's causes of action sounding in battery must be commenced within one year of accrual (*see* CPLR § 215(3)); or, if Plaintiff's claims sound in personal injury, within three years (*see* CPLR § 214(5)). Therefore, under New York law, Plaintiff's claims arising from her alleged sexual abuse occurring in New York when she was no longer a minor expired in 2002 at the latest.

Although Plaintiff suggests all of her claims are timely pursuant to the CVA (*see, e.g.*, Compl. ¶ 37), she also alleges Mr. Epstein abused her in various locations and until 1999, when she was over 18 (*id.* at ¶¶ 19, 22, 24). The Court is not required to reconcile Plaintiff's contradictory allegations. *See Whitley v. Bowden*, No. 17-CV-3564 (KMK), 2018 WL 2170313, at *11 (S.D.N.Y. May 9, 2018) ("'a court is neither obligated to reconcile nor accept the contradictory allegations in the pleadings as true in deciding a motion to dismiss.'" (citation omitted)).

Therefore, Plaintiff's claims based on torts occurring in New York after she reached majority, as well as her claims based on torts occurring in Florida and New Mexico – regardless of whether she was a minor at the time – must be dismissed.

### B. Each of the jurisdictions where the torts allegedly occurred bars recovery of punitive damages against a deceased tortfeasor's estate.

Judges in this District regularly dismiss and strike punitive damages claims at the pleadings stage. *See, e.g., The Cookware Co. (USA), LLC v. Austin*, No. 15 Civ. 5796, 2016 U.S. Dist. LEXIS 177691, at *17 (S.D.N.Y. Dec. 8, 2016) (Batts, J.) (granting motion to dismiss claim for punitive damages without leave to replead because allegations regarding defendant's bad-faith conduct were conclusory and did not rise to the required level of malice); *SJB v. N.Y.C. Dep't*

---

[2] Plaintiff's does not allege belated discovery of her injuries. To the contrary, she alleges she has experienced pain and suffering daily. (*See, e.g.*, Compl. ¶¶ 25, 36, 42.) Plaintiff further claims she "was aware of" Mr. Epstein's alleged false imprisonment of her. (*Id.* at ¶ 54.)

[3] The Child Victims Act created a one-year window period in which civil claims alleging damages "suffered as a result of conduct which would constitute a sexual offense as defined in article one hundred thirty of the penal law *committed against a child less than eighteen years of age*" may be filed despite the statute of limitations having already run. CPLR § 214-g (emphasis added).

41917125v2

Hon. John G. Koeltl
March 27, 2020
Page 3



---

of Educ., No. 03 Civ. 6653, 2004 U.S. Dist. LEXIS 13227, at *25-26 (S.D.N.Y. July 14, 2004) (Buchwald, J.) (granting motion to dismiss statutorily unavailable punitive damages claims); *Kunica v. St. Jean Fin.*, 97 Civ. 3804, 1998 U.S. Dist. LEXIS 11867, at *26 (S.D.N.Y. July 29, 1998) (Sweet, J.) (granting motion to dismiss claim for punitive damages because, even if conduct alleged in complaint was true, it did not rise to the level necessary to award punitive damages). *See also In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 544 (S.D.N.Y. 2012) (granting motion to strike sections of complaint asserting punitive damages); *Nash v. Coram Healthcare Corp.*, No. 96 Civ. 0298 (LMM), 1996 U.S. Dist. LEXIS 9101, at *15 (S.D.N.Y. June 27, 1996) ("The motion to strike the punitive damages prayer from the Complaint is Granted."). "[T]he technical name given to a motion challenging a pleading is of little importance … as prejudice to the nonmoving party hardly can result from treating a motion that has been inaccurately denominated a motion to strike as a motion to dismiss the complaint." *See* C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.).

Moreover, it is black-letter law that the place of a tort (here, Florida, New Mexico and New York) generally applies to the issue of punitive damages. When determining what state's law applies, courts look to the choice of law rules of the forum state. *Simons v. Marriott Corp.*, 92 Civ. 3762 (SWK), 1993 U.S. Dist. LEXIS 14365, at *15 (S.D.N.Y. Oct. 12, 1993). Under New York law, "[b]ecause punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'" *Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272, *7 (S.D.N.Y. May 7, 2015) (quoting *Deutsch v. Novartis Pharms. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010); *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006, 2003 U.S. Dist. LEXIS 6390, at *1 (S.D.N.Y. Apr. 16, 2003)). *See also AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*, 661 F. App'x 2, 5 (2d Cir. 2016) ("[I]t is the place of the allegedly wrongful conduct that generally has superior 'interests in protecting the reasonable expectations of the parties who relied on the laws of that place to govern their primary conduct and in the admonitory effect that applying its law will have on similar conduct in the future.'").

Here, Plaintiff's claim for punitive damages must be dismissed as a matter of law because none of the jurisdictions where the alleged torts against her occurred permits punitive damages against the personal representatives of a decedent tortfeasor's estate. *See Poindexter v. Zacharzewski*, 18-civ-14155, 2018 U.S. Dist. LEXIS 189861, at *6 (Nov. 5, 2018 S.D. Fla.) ("Florida law prohibits recovery of punitive damages from the estate of a wrongdoer who is deceased."); *Jaramillo v. Providence Wash. Ins. Co.*, 117 N.M. 337, 346 (N.M. 1994) ("punishment and deterrence are not accomplished by enabling recovery of punitive damages from the estate of deceased tortfeasors."); NY EPTL § 11-3.2 (a)(1) ("For any injury, an action may be brought or continued against the personal representative of the decedent, *but punitive damages shall not be awarded nor penalties adjudged in any such action brought to recover damages for personal injury.*" (emphasis added)). That is also the law in most U.S. jurisdictions, as reflected in the Restatement (Second) of Torts. *See Restat. (Second) Of Torts* § 908 cmt. a ("Punitive damages are not awarded against the representatives of a deceased tortfeasor.").

41917125v2

**Hon. John G. Koeltl**
March 27, 2020
Page 4



Respectfully submitted,

*/s/ Bennet J. Moskowitz*

Bennet J. Moskowitz

41917125v2