# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

*Plaintiff*,

v.

DARREN K. INDYKE and RICHARD D. KAHN, in
their capacities as executors of the ESTATE OF
JEFFREY E. EPSTEIN, GHISLAINE MAXWELL,
an individual,

*Defendants.*

Case No. 1:20-cv-00484-JGK-DCF

# THE CO-EXECUTORS' REPLY IN SUPPORT OF THEIR
# MOTION TO DISMISS PLAINTIFF'S COMPLAINT

TROUTMAN SANDERS LLP
875 Third Avenue
New York, New York 10022
Tel: 212-704-6000
Fax: 212-704-6288

*Attorneys for Defendants Darren K. Indyke*
*and Richard D. Kahn, in their capacities as*
*co-executors of the Estate of Jeffrey E. Epstein*

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................. 1

ARGUMENT ............................................................................................................... 2

      A.    The Court should dismiss Plaintiff's claims, which she admits are time-barred. ............................................................................................................ 2

      B.    As Judge Engelmayer recently found, the Co-Executors' motion to dismiss punitive damages is procedurally proper. ............................................ 2

      C.    As Judge Engelmayer recently held, New York law applies to the issue of punitive damages where, as here, the torts occurred there. ................... 4

      D.    As Judge Engelmayer recdently held, punitive damages are also unavailable under USVI law. ............................................................... 7

CONCLUSION............................................................................................................ 10

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*,
661 F. App'x 2 (2d Cir. 2016) .......................................................................................6, 7

*Banks v. Int'l Rental & Leasing Corp.*,
55 V.I. 967 (2011)...................................................................................................8, 9, 10

*Blisset v. Eisensmidt*,
940 F. Supp. 499 (N.D.N.Y. 1996)...........................................................................5

*Booth v. Bowen*,
Civ. No. 2006-217 (CVG), 2008 WL 220067 (D.V.I. Jan. 10, 2008) ......................8

*Brady v. Port Auth.*,
Nos. 87 CV 2702 (NG)(CLP), 93 CV 1679 (NG)(CLP), 95 CV 0442
(NG)(CLP), 1998 U.S. Dist. LEXIS 16548, at *9 (E.D.N.Y. Oct. 15, 1998)..........4

*Brandy v. Flamboyant Inv. Co., Ltd.*,
24 V.I. 249 (V.I. Terr. Ct. 1989)..............................................................................9

*Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*,
No. 07 Civ. 7998 (HB), 2008 U.S. Dist. LEXIS 28999 (S.D.N.Y. Apr. 10,
2008) ..........................................................................................................................3

*Davis v. Christian*,
46 V.I. 557 (D.V.I. App. Div. 2005)........................................................................9

*Deutsch v. Novartis Pharms. Corp.*,
723 F. Supp. 2d 521 (E.D.N.Y. 2010) .....................................................................6

*Gov't of Virgin Islands v. Connor*,
60 V.I. 597 (2014)....................................................................................................8

*Guidi v. Inter-Continental Hotels Corp.*,
No. 95-CV-9006, 2003 U.S. Dist. LEXIS 6390 (S.D.N.Y. Apr. 16, 2003)..............6

*Hamilton v. Dowson Holding Co.*,
51 V.I. 619 (D.V.I. 2009)..........................................................................................8

*Isaac v. Crichlow*,
63 V.I. 38, 2015 V.I. LEXIS 15 (V.I. Super. Ct. 2015)...........................................9

*Jane Doe 15 v. Darren K. Indyke and Richard D. Kahn et al.*,
    No. 19-cv-10653 (PAE) (DCF), ECF No. 39 (S.D.N.Y. April 30, 2020) ................2, 3, 4, 6, 7

*Crabtree ex rel. Kemp v. Estate of Crabtree*,
    837 N.E.2d 135 (Ind. 2005) ........................................................................................10

*Licci ex rel. Licci v. Lebanese Can. Bank, SAL*,
    739 F.3d 45 (2d Cir. 2014) (per curiam)....................................................................6

*Mary Doe v. Darren K. Indyke and Richard D. Kahn et al.*,
    No. 19-cv-10758 (PAE) (DCF), ECF No. 38
    (S.D.N.Y April 28, 2020)..................................................1, 2, 3, 4, 5, 6, 7, 8, 9, 10

*Matthew v. Herman*,
    56 V.I. 674 (2012)........................................................................................................8

*In re Merrill Lynch Auction Rate Sec. Litig.*,
    851 F. Supp. 2d 512 (S.D.N.Y. 2012)......................................................................3, 4

*Nash v. Coram Healthcare Corp.*,
    No. 96 Civ. 0298 (LMM), 1996 U.S. Dist. LEXIS 9101 (S.D.N.Y. June 27,
    1996) ...........................................................................................................................3

*Nat'l Jewish Democratic Council v. Adelson*,
    No. 18 Civ. 8787 (JPO), 2019 U.S. Dist. LEXIS 168675 (S.D.N.Y. Sept. 30,
    2019) ...........................................................................................................................7

*Pappas v. Hotel on the Cay Time-Sharing Ass'n*,
    69 V.I. 3 (U.S.V.I. Super. Ct. 2015) ...........................................................................9

*Powell v. Chi-Co's Distrib.*,
    No. ST-13-TOR-14, 2014 V.I. LEXIS 21 (U.S.V.I. Super. Ct. Apr. 3, 2014) ...........9

*St. Thomas House, Inc. v. Barrows*,
    15 V.I. 435 (V.I. Terr. Ct. 1979)..................................................................................9

*Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*,
    No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272 (S.D.N.Y. May 7, 2015)........6

*Stenberg v. Carhart*,
    530 U.S. 914, 120 S. Ct. 2597 (2000)......................................................................10

*Thomas v. Rijos*,
    780 F. Supp. 2d 376 (D.V.I. 2011) .............................................................................9

**Statutes**

E.P.T.L. § 11-3.2(a)(1).............................................................................................................4, 5

New York Child Victims Act ...................................................................................4, 7

**Other Authorities**

C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.) ...............................3

Alec A. Beech, *Adding Insult to Death: Why Punitive Damages Should Not Be Imposed Against a Deceased Tortfeasor's Estate in Ohio*, 49 Akron L. Rev. 553 (2016) ...................................................................................................8

Federal Rule of Civil Procedure 12(b)(6) and 12(f) ......................................................4

2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015) ...................................8

Restatement (Second) of Torts (1965) ..........................................................................9

Restatement (Second) of Torts § 908 ........................................................................8, 9

Restatement (Second) of Torts § 908(2) .......................................................................9

Timothy R. Robicheaux and Brian H. Bornstein, *Punished, Dead Or Alive: Empirical Perspectives on Awarding Punitive Damages Against Deceased Defendants* ...........................................................................................9

The Co-Executors[1] submit this reply memorandum of law in further support of their motion to dismiss Counts I-IV of Plaintiff Jane Doe's Complaint to the extent they are time-barred, Count V in its entirety, and Plaintiff's demand for punitive damages (ECF No. 36).

## PRELIMINARY STATEMENT

In her opposition brief, Plaintiff concedes much of the Co-Executors' motion to dismiss. Plaintiff agrees that Counts I-IV of her Complaint (ECF No. 9) are only timely to the extent they arise from alleged conduct that occurred in New York when Plaintiff was minor.  (Plf.'s Opp. Br. ("Opp. Br."), ECF. No. 39, at p. 1.)  To the extent her Complaint could be read to bring causes of action for conduct that occurred either (a) outside of New York or (b) after the Plaintiff became an adult, whether in New York or elsewhere, Plaintiff admits those claims are time-barred.  (*Id.*) Plaintiff also acknowledges that Count V for false imprisonment must be dismissed as untimely; and she therefore withdraws it.  (*Id.*)  Accordingly, these claims should be dismissed by order of the Court.

The only remaining issue is whether Plaintiff's claim for punitive damages against a deceased alleged tortfeasor's estate—something which is precluded by New York statute—should be allowed to proceed.  On April 28 and April 30, 2020, the Hon. Paul A. Engelmayer correctly ruled that the answer is "no," dismissing claims for punitive damages in two other actions against the Co-Executors in which plaintiffs raise claims similar to those asserted by Plaintiff in this action. *See Mary Doe v. Darren K. Indyke and Richard D. Kahn et al.*, No. 19-cv-10758 (PAE) (DCF),

---

[1] Capitalized terms not defined herein have the meanings ascribed to them in the Co-Executors' moving brief (ECF No. 37).

Opinion & Order ECF No. 38 (S.D.N.Y April 28, 2020); *Jane Doe 15 v. Darren K. Indyke and Richard D. Kahn et al.*, No. 19-cv-10653 (PAE) (DCF), ECF No. 39 (S.D.N.Y. April 30, 2020).[2]

In doing so, Judge Engelmayer rejected every single argument raised by Plaintiff in this action, finding that: (1) a motion to dismiss or strike punitive damages is procedurally proper, regardless of its title; (2) New York law applies to a claim for punitive damages under circumstances also present in this action, including that the alleged torts took place entirely in New York; (3) New York law bars claims for punitive damages against a deceased tortfeasor's estate; and (4) even if USVI law applied, which it does not, the result is the same. *See generally id.* The Court should dismiss Plaintiff's punitive damages claims in this action on the same grounds as those applied by Judge Engelmayer.

## ARGUMENT

### A.    The Court should dismiss Plaintiff's claims, which she admits are time-barred.

Plaintiff concedes that Counts I-IV of her Complaint (ECF No. 9) are only timely to the extent they arise from conduct that occurred in New York State when she was minor.  (Opp. at 1, ECF. No. 39.)  Plaintiff also concedes that Count V (False Imprisonment) of her Complaint is completely time-barred; and she represents she is withdrawing it.  (*Id.*)  Therefore, the Court should dismiss Plaintiff's claims to the extent they arise from conduct that occurred outside New York or when Plaintiff was an adult, as well as Plaintiff's false imprisonment cause of action in its entirety.

### B.    As Judge Engelmayer recently found, the Co-Executors' motion to dismiss punitive damages is procedurally proper.

As Judge Engelmayer recently found in two other actions against the Co-Executors, in which the plaintiffs assert claims similar to those Plaintiff raises in this action, Plaintiff's argument

---

[2] Copies of the Opinions & Orders entered in *Mary Doe* and *Jane Doe 15* are attached as Exhibits A and B to the Declaration of Bennet J. Moskowitz submitted herewith.

that the Co-Executors' motion is procedurally improper is misplaced and should be rejected. "[T]he technical name given to a motion challenging a pleading is of little importance inasmuch as prejudice to the nonmoving party can hardly result from treating a motion that has been inaccurately denominated as a motion to strike as a motion to dismiss the complaint." *See* C. Wright & A. Miller, 5C Fed. Prac. & Proc. Civ. § 1380 (3d ed.). Regardless of whether the Co-Executors' motion would be more properly styled as a motion to strike, the Court should dismiss Plaintiff's punitive damages claims at this time. *See e.g.*, *Mary Doe*, No. 19-cv-10758, ECF No. 38 (granting motion to dismiss punitive damages against the Co-Executors); *Jane Doe 15*, No. 19-cv-10653, ECF No. 39 (same); *see also In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d 512, 544 (S.D.N.Y. 2012) (granting defendant's motion to strike sections of first amended complaint asserting punitive damages); *Nash v. Coram Healthcare Corp.*, No. 96 Civ. 0298 (LMM), 1996 U.S. Dist. LEXIS 9101, at *15 (S.D.N.Y. June 27, 1996) ("The motion to strike the punitive damages prayer from the Complaint is granted."); *Cerveceria Modelo, S.A. de C.V. v. USPA Accessories LLC*, No. 07 Civ. 7998 (HB), 2008 U.S. Dist. LEXIS 28999, at *21-22 (S.D.N.Y. Apr. 10, 2008) ("Because Defendant has failed to allege that Plaintiff's conduct was egregious and directed at the public generally, its claim for punitive damages cannot proceed."); *see also Brady v. Port Auth.*, Nos. 87 CV 2702 (NG)(CLP), 93 CV 1679 (NG)(CLP), 95 CV 0442 (NG)(CLP), 1998 U.S. Dist. LEXIS 16548, at *9 (E.D.N.Y. Oct. 15, 1998) (granting Port Authority's motion to strike plaintiff's claims for punitive damages).

As Judge Engelmayer found, "where punitive damages have been unavailable as a matter of law, courts have not hesitated to dismiss prayers for such damages at the threshold." *Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 7; *see also Jane Doe 15*, No. 19-cv-10653, ECF No. 39. Judge Engelmayer also found that "ample authority permits striking prayers for punitive damages

where such relief is unavailable as a matter of law." *Id.* at 8 (citing *In re Merrill Lynch Auction Rate Sec. Litig.*, 851 F. Supp. 2d at 544).

Discarding the "conceptual debate" between motions filed under Federal Rule of Civil Procedure 12(b)(6) and 12(f), Judge Engelmayer further concluded that the Court could in any event dismiss claims for punitive damages *sua sponte* under Rule 12(f). *Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 9 (S.D.N.Y. April 28, 2020). Judge Engelmayer further explained:

> Here, there is practical wisdom in treating defendant's motion as one to strike, if doing so is necessary to enable the Court to resolve at the jump the viability of Doe's prayer for punitive damages. With numerous personal injury actions pending against the Epstein estate as a result of the recent enactment of the New York Child Victims Act, there is value in clarifying—for the parties and settlors—the damages available in actions where the law permits a sure answer on this point.

*Id.*

The same "practical wisdom" applies here. Like the factually similar cases *Mary Doe* and *Jane Doe 15*, punitive damages are not available in this case as a matter of law pursuant to E.P.T.L. § 11-3.2(a)(1). As in those cases, clarifying the damages available to Plaintiff in this action would further serve to facilitate potential resolution of this and many other cases pending against the Estate. Accordingly, the Court should grant the Co-Executors' motion to dismiss Plaintiff's claims for punitive damages, however styled.

### C.    As Judge Engelmayer recently held, New York law applies to the issue of punitive damages where, as here, the torts occurred there.

Plaintiff's next argument claims New York's choice-of-law analysis would find that USVI law applies to her demand for punitive damages. She is incorrect for the same well-founded reasoning that Judge Engelmayer applied when dismissing *Mary Doe's* claim for punitive damages against the Co-Executors.

As a threshold matter, Plaintiff ignores *Blisset v. Eisensmidt*, 940 F. Supp. 499, 457 (N.D.N.Y. 1996). *Blisset* establishes Plaintiff may not have the Court simultaneously apply the

first sentence of E.P.T.L. § 11-3.2(a)(1)—the portion of the statute permitting her to bring this action against the Estate—but disregard the very next sentence precluding punitive damages. *See Blisset*, 940 F. Supp. at 457 ("[I]t would be an anomalous situation indeed if plaintiff were allowed to proceed with this section 1983 action against the estate of Casey because of section 11-3.2(a)(1), while at the same time he was allowed to recover relief in the form of punitive damages, which clearly is beyond the scope of relief which that statute authorizes."). To quote Judge Engelmayer's findings, it would be "problematic for [Plaintiff] to cherrypick within that provision, invoking the part that authorizes a personal injury suit against an executor while disclaiming the balance, which delimits the recovery available in such a suit." *Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 12 (citing *Blisset*, 940 F. Supp. at 457).

Moreover, even if the reasoning in *Blisset* did not apply (it does), Plaintiff cites no authority justifying a departure from black-letter law holding the law of the place of the tort—here, New York[3]—governs punitive damages. The Second Circuit has expressly acknowledged the strong interest New York has with respect to unlawful behavior within its borders, holding that where, as here, alleged misconduct takes place in New York, New York law applies to the issue of damages:

> If conflicting conduct-regulating laws are at issue, the law of the jurisdiction where the tort occurred will generally apply because that jurisdiction has the greatest interest in regulating behavior within its borders. *Cooney*, 81 N.Y.2d at 72. In *Licci ex rel. Licci v. Lebanese Can. Bank, SAL*, 739 F.3d 45 (2d Cir. 2014) (per curiam), we observed that, under New York law, when the jurisdictions of the conduct and injury are distinct, "it is the place of the allegedly wrongful conduct that generally has superior 'interests in protecting the reasonable expectations of the parties who relied on the laws of that place to govern their primary conduct and in the admonitory effect that applying its law will have on similar conduct in the future.'" *Id*. at 50-51 (quoting *Schultz*, 65 N.Y.2d at 198) (alterations omitted). Here, the allegedly wrongful conduct … took place in New York…. We therefore conclude that New York's rules … apply.

---

[3] Plaintiff's Opposition brief concedes that her claims only apply to torts that allegedly occurred in New York. (Opp. at n.1.).

*AHW Inv. P'ship, MFS, Inc. v. Citigroup Inc.*, 661 F. App'x 2, 5 (2d Cir. 2016); *see also Starr Indem. & Liab. Co. v. Am. Claims Mgmt.*, No. 14-cv-0463-JMF, 2015 U.S. Dist. LEXIS 60272, at *7 (S.D.N.Y. May 7, 2015) ("Because punitive damages are conduct-regulating, 'the law of the jurisdiction where the tort occurred will generally apply.'") (quoting *Deutsch v. Novartis Pharms. Corp.*, 723 F. Supp. 2d 521, 524 (E.D.N.Y. 2010); *Guidi v. Inter-Continental Hotels Corp.*, No. 95-CV-9006, 2003 U.S. Dist. LEXIS 6390, at *1 (S.D.N.Y. Apr. 16, 2003)).

Plaintiff argues—just like the plaintiffs in *Mary Doe* and *Jane Doe 15* unsuccessfully argued—that the USVI's interests in the availability of punitive damages supersedes New York merely because Mr. Epstein's will is being probated in the USVI and he beneficially owned real property there, and (Plaintiff claims based on pure speculation) because applying New York law would "reward" him by "shielding him from punishment." (Opp. Br. at 3-4.) However, per the well-established legal authority cited above and Plaintiff's own allegations (*id.* at 7), Plaintiff is wrong—New York has a far stronger connection to this action than the USVI. Here, as in *Mary Doe*, Plaintiff alleges the acts giving rise to her claims occurred entirely in New York. (*Id.* at n.1.) Further, just like the plaintiffs in *Mary Doe* (and *Jane Doe 15*, for that matter), Plaintiff chose to sue the Estate in New York, bringing claims that are only timely under New York law. *See Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 12 ("New York's interest is also reinforced by the fact that Doe's suit is timely only by virtue of the state's recent enactment of the New York Child Victims Act, which temporarily revived time-barred suits."). Therefore, and consistent with Judge Engelmayer's Opinions & Orders and well-established New York law, New York unquestionably has the prevailing interest in this lawsuit. *See AHW Inv. P'ship, MFS, Inc.*, 661 F. App'x at 5.

By contrast, the USVI has no interest in applying its laws on punitive damages (which in any event are the same as New York, as further discussed below) to alleged torts that took place

in New York.  The sole connection of this matter to the USVI is that the Decedent's Estate is being probated there—***over twenty years after*** the alleged torts occurred.  This presents a connection much weaker than the one deemed "tenuous" in *Adelson*, on which Plaintiff heavily relies.  *See Nat'l Jewish Democratic Council v. Adelson*, No. 18 Civ. 8787 (JPO), 2019 U.S. Dist. LEXIS 168675, (S.D.N.Y. Sept. 30, 2019).  Even under the framework of *Adelson*, New York, not the USVI, has the greater interest in applying its laws and policies concerning Plaintiff's improper claim for punitive damages.  Moreover, and as Judge Engelmayer found, *Adelson* is inapposite where, as here, the lawsuit "does not build on a prior litigation in, or [is not] based on the law of, the USVI."  *See Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 14.

### D.    As Judge Engelmayer recently held, punitive damages are also unavailable under USVI law.

In any event, and as Judge Engelmayer ruled, the choice of law debate here is "academic." *Mary Doe*, No. 19-cv-10758, ECF No. 38, at 14.  "That is because, while the USVI does not have a statute on point and USVI courts have not squarely resolved the issue, it is likely that USVI common law would not permit an award of punitive damages against an estate." *Id*.

Plaintiff completely misapplies the *Banks* analysis, which USVI courts use to determine common law.  *See Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (2011).  As set forth in *Mary Doe*, a proper *Banks* analysis demonstrates that USVI courts would not allow punitive damages against a deceased tortfeasor's estate.  *See Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 14.

A *Banks* analysis entails consideration of "three non-dispositive factors": (1) whether any USVI court has previously adopted a particular rule; (2) the position taken by a majority of courts of other jurisdictions; and (3) most importantly, which rule represents the soundest rule for the

USVI.  *Gov't of Virgin Islands v. Connor*, 60 V.I. 597, 600 (2014); *see also Matthew v. Herman*, 56 V.I. 674, 680 (2012); *Banks v. Int'l Rental & Leasing Corp.*, 55 V.I. 967, 979 (2011).

As for the first factor, "USVI courts have repeatedly cited the Restatement (Second) of Torts § 908 favorably."  *Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 14-15; *see also Hamilton v. Dowson Holding Co.*, 51 V.I. 619, 628 (D.V.I. 2009); *Booth v. Bowen*, Civ. No. 2006-217 (CVG), 2008 WL 220067, at \*5 (D.V.I. Jan. 10, 2008)).  "Twice, albeit in dicta, [USVI courts] have expressly quoted the language in comment (a) to § 908 that bars an award of punitive damages against the estate of a decedent tortfeasor."  *Id.*  In contrast, Plaintiff fails to set forth any authority in favor of its argument that USVI courts would take any other position.  Accordingly, the first *Banks* factor favors the Co-Executors.

With respect to the second *Banks* factor, Plaintiff admits this factor favors the Co-Executors, stating: "it is true that barring punitive damages against an estate is the majority view." (Opp. at 7).  *See also* 2 Linda L. Schlueter, *Punitive Damages* § 20.4 (7th ed. 2015) ("[A] majority of jurisdictions will not award punitive damages against a deceased tortfeasor's estate.") (citing Alec A. Beech, *Adding Insult to Death: Why Punitive Damages Should Not Be Imposed Against a Deceased Tortfeasor's Estate in Ohio*, 49 Akron L. Rev. 553 (2016)); Timothy R. Robicheaux and Brian H. Bornstein, *Punished, Dead Or Alive: Empirical Perspectives on Awarding Punitive Damages Against Deceased Defendants*, 16 Psych. Pub. Pol. and L. 393, 398 (2010) ("The Restatement (Second) of Torts (1965) is one authority stating that punitive damages should not follow the death of a wrongdoer, and the majority of courts considering the issue have provided rulings consistent with this position.").

Unable to argue otherwise, Plaintiff asks the Court to disregard this result merely because the USVI has not passed a statute to this effect.  (Opp. at 8.)  However, Judge Engelmayer was

correct when he found that "this distinction … does not appear germane to the *Banks* inquiry." *See Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 14.

The third *Banks* factor also favors the Co-Executors.  USVI courts have already found that § 908 of the Restatement is "the soundest rule for the Virgin Islands with respect to the imposition of an award of punitive damages."  *Pappas v. Hotel on the Cay Time-Sharing Ass'n*, 69 V.I. 3, 15 n.8 (U.S.V.I. Super. Ct. 2015) (citing *Davis v. Christian*, 46 V.I. 557 (D.V.I. App. Div. 2005); *Isaac v. Crichlow*, 63 V.I. 38, 2015 V.I. LEXIS 15 (V.I. Super. Ct. 2015); *St. Thomas House, Inc. v. Barrows*, 15 V.I. 435 (V.I. Terr. Ct. 1979); *Brandy v. Flamboyant Inv. Co., Ltd.*, 24 V.I. 249 (V.I. Terr. Ct. 1989); *Thomas v. Rijos*, 780 F. Supp. 2d 376, 380 (D.V.I. 2011)); *see also Powell v. Chi-Co's Distrib.*, No. ST-13-TOR-14, 2014 V.I. LEXIS 21, at *5 n.13 (U.S.V.I. Super. Ct. Apr. 3, 2014) ("Applying a *Banks* analysis, the Court finds that Restatement (Second) of Torts § 908(2) reflects the common law of this jurisdiction.").

Plaintiff's remaining arguments fail for all of the same reasons applied by Judge Engelmayer in *Mary Doe*.  First, Plaintiff argues that, because the Attorney General of the USVI seeks punitive damages against the Estate in an unrelated, civil racketeering lawsuit, punitive damages are allowed under USVI law.  "But the decision by a government lawyer to attempt to obtain such damages in a high-profile case involving allegations of extreme conduct . . . do not speak to the question that the third *Banks* factor assays: which rule of law best durably servers the USVI's interests."  *Mary Doe*, No. 19-cv-10758, ECF No. 38, slip op. at 16.  Even where an attorney general purports to interpret a law—and here the USVI Attorney General did no such thing—the Supreme Court has warned against accepting such interpretation as authoritative.  *See Stenberg v. Carhart*, 530 U.S. 914, 940, 120 S. Ct. 2597, 2614 (2000) ("[O]ur precedent warns against accepting as 'authoritative' an Attorney General's interpretation of state law.").

Finally, Plaintiff argues that the circumstances of Mr. Epstein's death—which are pure speculation in any event—should dictate the "soundest rule for the USVI." (Opp. at 5-7.) However, Plaintiff cites no law to support this position aside from a misleading quotation in dicta from *Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135 (Ind. 2005). Yet, in *Crabtree*, the Indiana Supreme Court ***declined*** to create a new rule permitting punitive damages where "a tortfeasor seems to have considered his own death as an escape from punitive damages," and instead joined the majority of jurisdictions in holding that "Indiana law does not permit recovery of punitive damages from the estate of a deceased tortfeasor." *Crabtree ex rel. Kemp v. Estate of Crabtree*, 837 N.E.2d 135, 139 (Ind. 2005).

In conclusion, every *Banks* factor favors the Co-Executors. The courts of the USVI would not allow Plaintiff to seek punitive damages against a deceased tortfeasor's estate, and the Court should not permit Plaintiff to do so here.

## CONCLUSION

For the reasons stated above and in their moving brief (ECF No. 37), the Co-Executors respectfully request that the Court grant their motion to dismiss, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
　　　May 11, 2020

By: */s/ Bennet J. Moskowitz*
　Bennet J. Moskowitz
　TROUTMAN SANDERS LLP
　875 Third Avenue
　New York, New York 10022

　*Attorney for the Co-Executors*