UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>       Plaintiff,<br><br>    v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, GHISLAINE MAXWELL, an individual,<br><br>       Defendants. | Case No. 1:20-cv-00484-JGK |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**

**MOTION TO APPROVE ALTERNATE SERVICE**

**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 4(e)(1)**

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard
Los Angeles, California 90025
Tel: 310-477-1700
Fax: 310-477-1699

*Attorneys for Plaintiff*
*Jane Doe*

**TABLE OF CONTENTS**

Page

1. INTRODUCTION ..................................................................................................................3

2. LEGAL ARGUMENT ............................................................................................................5

    a. *Federal Rule of Civil Procedure 4(e)(1) permits service in this case pursuant to New York Civil Practice Law and Rules § 308* ......................................5

    b. *Rule 4(e)(1) of Federal Rule of Civil Procedure provides that service upon a party may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Accordingly, Defendant Maxwell may be served pursuant to New York C.P.L.R. §308, which provides several methods by which service upon a natural person may be effectuated under §§ 308(1), (2) & (4).* ...................................................................5

    c. *Where service is "impracticable," CPLR §308(5) permits alternate service as long as it is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."* ..............................................................5

    d. *Plaintiff's exhaustive and unsuccessful attempts demonstrate service on Maxwell is impracticable.* ......................................................................................6

    e. *Plaintiff's emailing the Complaint and summons to Maxwell's attorneys is reasonably calculated to apprise Maxwell of the pendency of this action.* ................7

3. CONCLUSION ......................................................................................................................8

## **TABLE OF AUTHORITIES**

**Page**

**FEDERAL CASES**

*Dobkin v. Chapman*
  236 N.E.2d 451, 455 (N.Y. 1968) ............................................................................................. 6

*Farmer v. Indyke, et al.*
  1:19-cv-10475-LGS-DCF (S.D.N.Y.) ............................................................................. 5, 7, 8

*Giuffre v. Maxwell*
  15-cv-7433-LAP (S.D.N.Y.) ......................................................................................... 3, 5, 7

*Jane Doe 43 v. Epstein, et al.*
  17 Civ. 00616-JGK (S.D.N.Y.) ..................................................................................................... 4

*Ransome v. Epstein*
  No. 17-CV-616 (JGK) (S.D.N.Y. Jan. 30, 2018) ......................................................... passim

**STATE CASES**

*Rampersad v. Deutsche Bank Secs., Inc.*
  No. 02 Civ. 7311 (LTS), 2003 WL21073951 ....................................................................... 7

*S.E.C. v. HGI, Inc.*
  No. 99 Civ. 3866 (DLC), 1999 WL 1021087 .................................................................. 5, 6

**FEDERAL STATUTES**

*New York Civil Practice Law and Rules §308* ......................................................................... 5, 6, 7

*Rule 4(e)(1) of Federal Rule of Civil Procedure* .......................................................................... 5, 8

Plaintiff Jane Doe, by and through her undersigned attorneys, respectfully submits this memorandum of law in support of her motion to approve alternate service upon Defendant Ghislaine Maxwell.

1.  **INTRODUCTION**

Plaintiff was sexually abused for years by Jeffrey Epstein. Maxwell helped him commit that abuse. Compl. ¶¶ 1-2. Maxwell was with Epstein the first time he met Plaintiff and played an active role in grooming her for abuse. Compl. ¶¶ 13, 15. Once the abuse began, Maxwell regularly facilitated it, pressuring Plaintiff to acquiesce to Epstein's desires and being frequently present when Epstein abused Plaintiff. Compl. ¶¶ 16, 23. Since Epstein's death on August 10, 2019, Compl. ¶27, Maxwell has been in hiding. Numerous media outlets have reported on her unknown whereabouts, including The Sun, Vanity Fair, BBC, CNN, CNBC, and Page Six.[1] At the same time, her counsel is actively litigating in this Court to keep shielded from public view thousands of pages of court records that would expose her involvement and participation in Epstein's heinous crimes. *Giuffre v. Maxwell*, 15-cv-7433-LAP (S.D.N.Y.).

On January 22, 2020, Plaintiff filed a complaint against Ghislaine Maxwell and the co-executors of Epstein's estate, alleging years of child sexual abuse in New York at the hands of Maxwell and Epstein. Compl. ¶¶ 1-2. Plaintiff has attempted to locate and personally serve Maxwell to no avail. First, Plaintiff's counsel has conducted extensive public records searches and located various addresses for Maxwell both in New York and in Florida. Service of process was

---

[1] *See, e.g.*, https://www.vanityfair.com/news/2019/11/hunt-for-jeffrey-epstein-alleged-enabler-ghislaine-maxwell; https://www.bbc.com/news/world-us-canada-50927651; https://edition.cnn.com/2019/12/08/uk/who-is-ghislaine-maxwell-jeffrey-epstein-intl-gbr/index.html; https://www.cnbc.com/2019/08/14/ghislaine-maxwell-location-unknown-jeffrey-epstein-accusers-eye-her.html; https://pagesix.com/2020/01/11/ghislaine-maxwell-flies-under-the-radar-while-lawyering-up-for-epstein-lawsuit/.

attempted at five (5) such locations with no success.  Declaration of Robert Glassman ("Glassman Decl."), ¶3, Ex 1.  Second, Plaintiff's counsel also sent an email attaching a copy of the summons and Complaint to the several publicly known email address associated with Maxwell, including gmax@ellmax.com[2].  Glassman Decl., ¶4, Ex. 2. That email was not returned as undelivered, but counsel did not receive a response.  Glassman Decl., ¶4.  Third, and lastly, on April 2, 2020, Plaintiff sent a letter to Maxwell's attorney Laura A. Menninger at Haddon Morgan, attaching a copy of the summons and Complaint and asking her to accept service of Maxwell's behalf.  Glassman Decl., ¶5, Ex 3.  On April 13, 2020, Ms. Menninger replied she was not authorized to accept service on Maxwell's behalf.  Glassman Decl., ¶6, Ex 4.

Even before Epstein's 2019 arrest and death, locating and serving Maxwell was impracticable. In 2017, Sarah Ransome, a victim suing Maxwell in yet another matter related to Maxwell's participation in Epstein's sex trafficking scheme, attempted to serve Maxwell in a number of ways, including by providing Maxwell's attorneys at Haddon Morgan a copy of the summons and complaint, emailing a copy of the summons and complaint to gmax@ellmax.com, and attempting to effectuate service at three locations associated with Maxwell in New York and New Jersey. *Jane Doe 43 v. Epstein, et al.*, 17 Civ. 00616-JGK (S.D.N.Y.), ECF No. 97 at 2–3. Despite those attempts, Ransome was unable to personally serve Maxwell and filed a motion asking the court to approve alternative service. *Id.*  On January 30, 2018, this Court held that Ransome had demonstrated that serving Maxwell was impracticable under New York law and that providing copies of the summons and complaint to Haddon Morgan, Maxwell's attorneys in

---

[2] Additionally, emails including copies of the summons and the Complaint were sent to the following email addresses associated with Maxwell yet received no reply:

hello@theterramarproject.org; gmaxwell@theterramarproject.org;

maxwellg@theterramarproject.org; ghislaine@theterramarproject.org;

gmax@theterramarproject.org; maxwell@theterramarproject.org;

ghislaine.maxwell@theterramarproject.org.

*Giuffre v. Maxwell*, was reasonably calculated to provide Maxwell with notice of the lawsuit given that they were presumably in contact with Maxwell. *Ransome v. Epstein*, No. 17-CV-616 (JGK), 2018 WL 637421, at *1 (S.D.N.Y. Jan. 30, 2018); Glassman Decl., ¶8, Ex 5.

In *Farmer v. Indyke, et al.*, 1:19-cv-10475-LGS-DCF (S.D.N.Y.), which is related to this case, the Plaintiff also faced the impracticability of serving Defendant Maxwell.  In that case, Plaintiff attempted service to no avail by sending Maxwell's attorneys at Haddon Morgan with the complaint and summons in addition to emailing the complaint and summons to Maxwell's publicly available email address (gmax@ellmax.com).  *See Farmer v. Indyke, et al.*, 1:19-cv-10475-LGS (S.D.N.Y.), ECF No. 19 at 6.  On February 12, 2020, the court found Farmer had adequately showed personal service of Maxwell to be impracticable and that those attempts taken by Farmer were "reasonably calculated to place Maxwell on notice of this suit and to constitute sufficient service under the circumstances."  *Id.* at ECF No. 27; Glassman Decl., ¶9.

  2. **LEGAL ARGUMENT**

    a. *Federal Rule of Civil Procedure 4(e)(1) permits service in this case pursuant to New York Civil Practice Law and Rules § 308*

    b. *Rule 4(e)(1) of Federal Rule of Civil Procedure provides that service upon a party may be effected by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."  Accordingly, Defendant Maxwell may be served pursuant to New York C.P.L.R. §308, which provides several methods by which service upon a natural person may be effectuated under §§ 308(1), (2) & (4).*

    c. *Where service is "impracticable," CPLR §308(5) permits alternate service as long as it is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."*

If service under CPLR §§308(1), (2) & (4) is impracticable, CPLR §308(5) permits service "in such manner as the court, upon motion without notice, directs."  The determination of whether service is impracticable "depends upon the facts and circumstances of the particular case." *S.E.C. v. HGI, Inc.*, No. 99 Civ. 3866 (DLC), 1999 WL 1021087, at *1 (S.D.N.Y. Nov. 8, 1999).

3

Although the plaintiff must show impracticability of service, the burden is low—there is no requirement of "proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Id.*

Giving notice under a substitute system is permissible provided that it is "reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *See S.E.C. v. Tome*, 833 F.2d 1086, 1093 (2d Cir. 1987).

This Court in the *Ransome v. Epstein* case—a case in which, like this one, Maxwell is a defendant represented by Haddon Morgan—ruled that Plaintiff's attempts at service—including 1) attempting service on various addresses associated with Maxwell, 2) emailing the complaint and summons to various email addresses associated with Maxwell, and 3) emailing the complaint and summons to Maxwell's counsel at Haddon Morgan—were "reasonably calculated, under the circumstances, to apprise [her] of the pendency of the action and afford [her] an opportunity to present [he]r objections." *Ransome*, 2018 WL 637421, at *1. As a result, this Court deemed service of the summons and complaint to be complete as to defendant Maxwell. *Id.*

This Court is not alone in approving alternate methods of service. New York courts consistently approve alternative methods of service where regular service has been deemed "impracticable." For example, in *Dobkin v. Chapman*, 236 N.E.2d 451, 455 (N.Y. 1968), the New York Court of Appeals held that, where a plaintiff could not accomplish the methods of service set forth in CPLR §308, a court is "given the discretion to fashion other means adapted to the particular facts of the case before it" pursuant to §308(5) (referred to in *Dobkin* as §308(4), the predecessor to §308(5)). Moreover, the Court of Appeals held that a Court's discretion to fashion such methods of service "must be broad" if the statute is to be "meaningful." *Id.*

      d.    *Plaintiff's exhaustive and unsuccessful attempts demonstrate service on Maxwell is impracticable.*

Plaintiff has demonstrated that personally serving Maxwell is impracticable by making numerous diligent attempts to effectuate service—to no avail. <u>First</u>, Plaintiff attempted service on five (5) different addresses associated with Maxwell both in New York and Florida. <u>Second</u>,

Plaintiff "has made numerous efforts to obtain information about [Maxwell's] current residence and general contact information to effectuate personal service but has been unable to locate Maxwell" including conducting extensive online searches. *See Ransome*, 2018 WL 637421, at *1; *see also Rampersad v. Deutsche Bank Secs., Inc.*, No. 02 Civ. 7311 (LTS), 2003 WL21073951, at *1 (S.D.N.Y. May 9, 2003) (authorizing alternative service under §308(5) when Plaintiff was unable to determine defendant's residence or place of business after "extensive Internet searches" and inquires with defendant's former clients); *HGI*, 1999 WL 1021087, at *1 (service by publication in USA Today authorized because defendant's whereabouts were unknown, efforts to locate his home or business address by searching computer databases failed, and there existed no record that he designated an agent for service).

Third, in addition to trying to locate contact information for Maxwell, who is purposely evading service, Plaintiff has tried alternate avenues to serve Maxwell, including (1) sending the Complaint and summons to her current lawyers at Haddon Morgan, who are actively litigating on Maxwell's behalf in two other cases and are most certainly in regular contact with her, and (2) emailing the Complaint and summons to Maxwell's publicly available email addresses. Maxwell's attorney declined to accept service on Maxwell's behalf, and Plaintiff received no response to the emails sent to Maxwell. As a result, personal service under these circumstances is impracticable.

      e. ***Plaintiff's emailing the Complaint and summons to Maxwell's attorneys is reasonably calculated to apprise Maxwell of the pendency of this action.***

With her service of the Complaint and summons on Maxwell's counsel, Plaintiff has also demonstrated that the steps she has already taken to serve Maxwell are "reasonably calculated, under the circumstances, to apprise [the] interested part[y] of the pendency of the action." *See Tome*, 833 F.2d at 1093. Haddon Morgan is actively litigating on Maxwell's behalf in multiple cases in the Southern District of New York. In the *Giuffre v. Maxwell* case, Haddon Morgan appeared in court for Maxwell as recently as January 16, 2020 and participated in a joint filing on April 30, 2020. *See Giuffre v. Maxwell*, 1:15-cv-7433-LAP (S.D.N.Y), ECF No. 1016 (ordering counsel to appear at January 16, 2020 conference) and ECF No. 1052 (a joint letter addressed to the court regarding unsealing decided motions). In the *Farmer v. Indyke* case, Haddon Morgan

filed a notice of appearance on behalf of Maxwell on March 4, 2020.  *See Farmer v. Indyke*, 1:19-cv-10475-LGS (S.D.N.Y.), ECF No. 32.  Importantly, this Court in *Ransome v. Epstein* deemed service to be complete as to defendant Maxwell when Plaintiff emailed complaint and summons to Maxwell's attorneys at Haddon Morgan.  *See Ransome*, 2018 WL 637421, at *2.

There is no doubt that Maxwell has had actual notice and knowledge of the claims asserted in Plaintiff's Complaint or that Haddon Morgan can easily—and likely already has—notified her of those claims.  Maxwell must not be permitted to use selectively the justice system—litigating actively where it suits her and evading service where it does not.  Maxwell must face the allegations against her.  Therefore, the Court should deem the service methods attempted to be sufficient as the Court did in 2016 in *Ransome v. Epstein*.

3. **CONCLUSION**

For all of the foregoing reasons, the Court should grant Plaintiff's Motion to Approve Alternative Service Pursuant to Rule 4(e)(1) of Federal Rule of Civil Procedure upon Defendant Ghislaine Maxwell and find that the service efforts made by Plaintiff's counsel as described herein are sufficient to apprise Maxwell of this action.

Respectfully submitted,

Dated: May 27, 2020

_____
Robert Glassman, Esq.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone:  (310) 477-1700
Facsimile: (310) 477-1699
boyle@psblaw.com
glassman@psblaw.com
werksman@psblaw.com

*Attorneys for Plaintiff*

6

## **CERTIFICATE OF COMPLIANCE**

I, Robert S. Glassman, hereby certify that Plaintiff's Memorandum of Law In Support of Plaintiff's Motion to Approve Alternate Service Pursuant to Federal Rule of Civil Procedure 4(e)(1) contains 1,915 words and complies with the formatting rules set forth in the *Individual Practices of Judge John G. Koeltl*.

Respectfully submitted,

Dated:  May 27, 2020                                                  _____
                                                                                      Robert Glassman, Esq.

                                                                                      PANISH SHEA & BOYLE LLP
                                                                                      11111 Santa Monica Blvd., Suite 700
                                                                                      Los Angeles, CA 90025
                                                                                      Telephone:  (310) 477-1700
                                                                                      Facsimile: (310) 477-1699
                                                                                      boyle@psblaw.com
                                                                                      glassman@psblaw.com
                                                                                      werksman@psblaw.com

                                                                                      *Attorneys for Plaintiff*