UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>               Plaintiff,<br><br>      v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, GHISLAINE MAXWELL, an individual,<br><br>               Defendants. | Case No. 1:20-cv-00484-JGK |

**DECLARATION OF ROBERT S. GLASSMAN**

ROBERT GLASSMAN, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury that the following is true and correct:

1.      I am an attorney at the law firm Panish, Shea & Boyle LLP and am admitted before this Court. I represent Plaintiff Jane Doe in this matter.

2.      I respectfully submit this Declaration in support of Plaintiff's Motion to Approve Alternate Service Pursuant to Federal Rule of Civil Procedure 4(e)(l).

3.      Attached hereto as **Exhibit 1** are true and correct copies of declarations provided by process servers documenting five (5) unsuccessful attempts at service on Maxwell at addresses associated with her in both Florida and New York: 116 E. 65th Street, New York, NY 10065; 457 Madison Avenue, 4th Floor, New York, NY 10022; 1000 Venetian Way, APT 801, Miami Beach, FL 33139; 358 El Brillo Way, Palm Beach, FL 33480; 20 E 66th ST, New York, NY 10065. My office conducted extensive Internet searches on Maxwell's whereabouts to find the addresses at which service was attempted.

4.      Attached hereto as **Exhibit 2** is a true and correct copy of an email that my office

sent to gmax@ellmax.com on April 24, 2020 which attached a copy of the Complaint in this matter (ECF No. 9) and the summons as to Ghislaine Maxwell (ECF No. 17). We did not receive a response to that email, nor did we receive any indication that the email had not been delivered. We also sent the same email to several other email addresses associated with Maxwell (namely, hello@theterramarproject.org; gmaxwell@theterramarproject.org; maxwellg@theterramarproject.org; ghislaine@theterramarproject.org; gmax@theterramarproject.org; maxwell@theterramarproject.org; ghislaine.maxwell@theterramarproject.org), but received no response.

5.       Attached hereto as **Exhibit 3** is a true and correct copy of the April 2, 2020 letter that my office sent to Maxwell 's attorney Laura A. Menninger of Haddon, Morgan and Foreman, P.C.  Enclosed in the letter is a copy of the Complaint in this matter (ECF No. 9) and the summons as to Ghislaine Maxwell (ECF No. 17).

6.       Attached hereto as **Exhibit 4** is a true and correct copy of a letter from Maxwell's attorney Laura A. Menninger dated April 13, 2020 in which she indicated she is not authorized to accept service on behalf of Maxwell.

7.       Despite these enormous efforts, we have been unable to effectuate service on Maxwell.

8.       Attached hereto as **Exhibit 5** is a true and correct copy of the order issued by this Court in *Ransome v. Epstein*, 2018 WL 637421, at *1 (S.D.N.Y. Jan. 30, 2018), in which the Court found service upon Maxwell to be impracticable and approved Plaintiff serving the complaint and summons on Maxwell's attorneys as Haddon Morgan as an appropriate mode of alternative service.

9.       In the *Farmer v. Indyke, et al.*, 1:19-cv-10475-LGS-DCF (S.D.N.Y.), which is related to this case, the court granted alternate service in a text-only order issued on February 12, 2020 which appears as ECF No. 27 as follows: "ORDER granting 18 Motion to Approve Alternate Service on Defendant Ghislaine Maxwell ("Maxwell"). Plaintiff's motion is unopposed, and, based on her representations regarding her inability to locate a current address for Maxwell despite diligent efforts, the Court finds that Plaintiff has adequately demonstrated that personal service

would be impracticable. See Ransome v. Epstein, No. 17cv616 (JGK), 2018 WL 637421, at *1 (S.D.N.Y. Jan. 30, 2018). This Court further finds that Plaintiff's provision of a copy of the Summons and Complaint by email to Maxwell's counsel of record in another action before the Court (Giuffre v. Maxwell, 15cv7433 (LAP)(S.D.N.Y.)), as well as to an email address publicly associated with Maxwell (see Plaintiff's Memorandum (Dkt. 19), at 3), was reasonably calculated to place Maxwell on notice of this suit and to constitute sufficient service under the circumstances. No later than 2/14/20, Plaintiff is directed to serve Maxwell with a copy of this Text Order by the same means (i.e., by email to Maxwell's counsel of record in the Giuffre case and to the email address publicly associated with Maxwell), and to file proof of such service on the Docket of this action. Maxwell may then have until 3/6/20 to move, answer, or otherwise respond to the Complaint. (HEREBY ORDERED by Magistrate Judge Debra Freeman)(Text Only Order) (Freeman, Debra) (Entered: 02/12/2020)."

Respectfully submitted,

Dated: May 27, 2020                        _____
      Los Angeles, California                        Robert Glassman

# EXHIBIT 1

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*<br>Robert S Glassman,Esq  SBN:  Bar No.269816<br>**PANISH SHEA & BOYLE LLP**<br>11111 Santa Monica Blvd Suite 700 GLORIA CELL# 213-444-8132 Los Angeles, CA 90025 | *FOR COURT USE ONLY* |
|---|---|
| TELEPHONE NO.: **(310) 477-1700**        FAX NO.: **(310) 477-1699**<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |

| UNITED STATED DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| STREET ADDRESS: **40 FOLEY SQUARE ROOM 435** | |
| CITY AND ZIP CODE: **NEW YORK, NY 10007** | REFERENCE NUMBER: |
| HEARING DATE: | **DOE/INDYKE** |

| Plaintiff(s): **JANE DOE**<br>Defendant(s): **DARREN K. INDYKE, et al.** | |
|---|---|

| **DECLARATION OF DILIGENCE** | CASE NUMBER<br>**1:20-cv-00484-JG** |
|---|---|

I received the within assignment for filing and/or service on  April 24, 2020 and that after due and diligent effort I have not been able to serve said person.I attempted service on this servee on the following dates and times:

　　Servee:  **Ghislaine Maxwell**

　　Documents:  **COMPLAINT FOR DAMAGES;SUMMONS IN A CIVIL ACTION;**

　　Address:  **457 Madison Avenue 4th Floor**
　　　　　　**New York, NY 10022**

As enumerated below:

**4/24/2020 -- 7:40 PM**　　457 Madison Avenue, 4th Floor
**Business**　　　　　　　　New York, NY 10022
Bad address. This is a multi dwelling apartment complex under the name of Lotte New York. Spoke with Jerry Parker, Security Supervisor for the building who informed me that the whole building is empty at this time due to the corona virus. No one is currently residing here. No further information provided nor guard would confirm nor deny if subject resides here.

County:
Registration No.:
**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

I declare under penalty of perjury under the laws of the United States of America that I am over the age of 18, not a party to this action and that the foregoing is true and correct.  This declaration was executed on 4/27/2020.

Signature:_____
　　　　　　　　Michael S. Levey

**DECLARATION OF DILIGENCE**

Order#: LA51503/DilFormat.mdl

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
Robert S Glassman,Esq  SBN:  Bar No.269816
**PANISH SHEA & BOYLE LLP**
11111 Santa Monica Blvd Suite 700 GLORIA CELL# 213-444-8132  Los Angeles, CA 90025

TELEPHONE NO.: **(310) 477-1700**                    FAX NO.: **(310) 477-1699**
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:

FOR COURT USE ONLY

**UNITED STATED DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**

STREET ADDRESS: **40 FOLEY SQUARE ROOM 435**

CITY AND ZIP CODE: **NEW YORK, NY 10007**

HEARING DATE:

REFERENCE NUMBER:
**DOE/INDYKE**

Plaintiff(s):  **JANE DOE**
Defendant(s):  **DARREN K. INDYKE, et al.**

**DECLARATION OF DILIGENCE**

CASE NUMBER:
**1:20-cv-00484-JG**

I received the within assignment for filing and/or service on  April 24, 2020 and that after due and diligent effort I have not been able to serve said person.I attempted service on this servee on the following dates and times:

Servee:  **Ghislaine Maxwell**

Documents:  **COMPLAINT FOR DAMAGES;SUMMONS IN A CIVIL ACTION;**

Address:  **457 Madison Avenue 4th Floor**
**New York, NY 10022**

As enumerated below:

**4/24/2020 -- 7:17 PM**          116 E. 65th Street
**Home**                          New York, NY 10065
Bad address. This is a 4/5 story brown stone building. Doors locked. No one seen or heard inside the buliding. All shades are drawn shut, there is not a single light on in any of the floors nor on in any of the units. The whole bulidiing is dark. There a 2019 construction permit posted on the door from the city of New York for work to be performed there. Could not establish contact with anyone at this address.

**4/24/2020 -- 7:29 PM**          20 E 66TH ST
**Home**                          New York, NY 10065
Bad address. This is a multi dwelling apartment complex. No names listed on the directory. Spoke witth buildiing superintendant by the name of Cesar Abreu, who stated that subject, Ghislaine Maxwell is not known to him, nor is she a tenant according to his list of tenants. No further information provided.



County:
Registration No.:
**Nationwide Legal, LLC**
**1609 James M Wood Blvd.**
**Los Angeles, CA 90015**

I declare under penalty of perjury under the laws of the United States of America that I am over the age of 18, not a party to this action and that the foregoing is true and correct. This declaration was executed on 4/27/2020.

Signature:_____
                          Michael S. Levey

**DECLARATION OF DILIGENCE**

Order#: LA51503/DllFormat.mdl

## AFFIDAVIT OF NON-SERVICE

### UNITED STATES DISTRICT COURT
District of New York

Index Number: 1:20-CV-00484                                    Date Filed: 1/28/2020

Plaintiff:
**JANE DOE**

vs.

Defendants:
**DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of the
ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual**

For:
Kevin Boyle, Esquire
PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd.
Suite 700
Los Angeles, CA 90025

Received by U Got Served, LLC on the 24th day of April, 2020 at 12:17 pm to be served on **GHISLAINE MAXWELL, 358 EL BRILLO WAY, PALM BEACH, FL 33480.**

I, Sandra Harris, being duly sworn, depose and say that on the **25th day of April, 2020** at **9:58 am, I:**

**NON-SERVED** the **SUMMONS IN A CIVIL ACTION AND COMPLAINT FOR DAMAGES, DEMAND FOR JURY TRIAL** for the reason that I failed to find **GHISLAINE MAXWELL** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
4/24/2020  3:11 pm  Service was attempted at 358 EL BRILLO WAY, PALM BEACH, FL 33480; the property has a gate with a call box;  no one answered. I was unable to gain access to the property. The windows of the property have shutters.
4/25/2020  9:58 am  Attempted service at 358 EL BRILLO WAY, PALM BEACH, FL  33480; The home caretaker came to the house while I was parked on front of the property.  He stated that  the Defendant does not live at this address.  He has been living here for the last  3 years.   I also spoke with the maintenance man at the house across the street;  He stated that he has not seen the Defendant at the property.

# AFFIDAVIT OF NON-SERVICE For 1:20-CV-00484

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the Judicial Circuit in which the process was served. Pursuant to F.S. 95.525 "Under penalties of perjury", I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct" **Notary not required as per FS 92.525.**



VICTOR R. GARCIA
MY COMMISSION # GG 968335
EXPIRES: March 11, 2024
Bonded Thru Notary Public Underwriters

State of _Florida_    County of _Palm Beach_

Sworn and Subscribed before me on this _28_ day
of _April_
_____,20_20_. By

Personally known____ or Produce identification _x_
Type of identification
produced _Driver license_

NOTARY PUBLIC
NAME _Victor Garcia_

My Commission Expires
_March 11, 2024_

_Sandra Harris_

**Sandra Harris**
**#1682**

**U Got Served, LLC**
**1279 W. Palmetto Park Road**
**Unit 273938**
**Boca Raton, FL 33427**
**(561) 361-7111**

Our Job Serial Number: AOA-2020000803
Ref: Kevin Boyle, Esquire

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

## AFFIDAVIT OF NON-SERVICE

### UNITED STATES DISTRICT COURT
District of New York

Date Filed: 1/28/2020

Index Number: 1:20-CV-00484

Plaintiff:
**JANE DOE**

vs.

Defendants:
**DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of the
ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual**

For:
Kevin Boyle, Esquire
PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd.
Suite 700
Los Angeles, CA 90025

Received by U Got Served, LLC on the 24th day of April, 2020 at 12:17 pm to be served on **GHISLAINE MAXWELL, 1000 VENETIAN WAY, APT 801, MIAMI BEACH, FL 33139**.

I, Natasha Caplan, being duly sworn, depose and say that on the **24th day of April, 2020** at **8:00 pm, I:**

**NON-SERVED** the **SUMMONS IN A CIVIL ACTION AND COMPLAINT FOR DAMAGES, DEMAND FOR JURY TRIAL** for the reason that I failed to find **GHISLAINE MAXWELL** or any information to allow further search. Read the comments below for further details.

**Additional Information pertaining to this Service:**
4/24/2020  8:00 pm  Service was attempted at 1000 VENETIAN WAY, APT 801, MIAMI BEACH, FL 33139;  I knocked on the door and no one answered. I heard music and noise inside the apartment. I spoke with the security guard;  he did not know who was GHISLAINE MAXWELL. I showed him a picture of her and he stated that he has not seen her.   I also spoke with the employees at the front desk who stated that they have not seen her.  They also did not recognize her from the picture. She is not listed as a resident.  The Keffler Family is listed a living at that unit.

## AFFIDAVIT OF NON-SERVICE For 1:20-CV-00484

I certify that I am over the age of 18, have no interest in the above action, and I am a Certified Process Server, in good standing, in the Judicial Circuit in which the process was served. Pursuant to F.S. 95.525 "Under penalties of perjury", I declare that I have read the foregoing Return of Service and that the facts stated in it are true and correct" **Notary not required as per FS 92.525**.

State of ___Florida___ County of
__Miami Dade___
Sworn and Subscribed before me on this _28_ day
of
__April__,2020. By
__Natasha A. Caplan__
Personally known___ or Produce identification ☒
Type of identification
produced_____

NOTARY PUBLIC
NAME_Stephanie Nin___

My Commission Expires
__2/6/2023__

Stephanie Nin
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG299147
Expires 2/6/2023

**Natasha Caplan**
CPS #2327

**U Got Served, LLC**
**1279 W. Palmetto Park Road**
**Unit 273938**
**Boca Raton, FL 33427**
**(561) 361-7111**

Our Job Serial Number: AOA-2020000802
Ref: Kevin Boyle, Esquire

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

AO 440 (Rev. 06/12) Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)*   GHISLAINE MAXWELL

was received by me on *(date)*   4/24/2020                    .

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

X  I returned the summons unexecuted – I attempted service on 4/24/2020 at 8:00 p.m. at 1000 VENETIAN WAY, APT 801, MIAMI BEACH, FL 33139; I knocked on the door and no one answered.  I heard music and noise inside the apartment. I spoke with the security guard; he did not know who was GHISLAINE MAXWELL. I showed him a picture of her and he stated that he has not seen her.   I also spoke with the employees at the front desk who stated that they have not seen her.  They also did not recognize her from the picture. She is not listed as a resident.  The Keffler Family is listed a living at that unit.

☐ Other *(specify):*



My fees are $_____ for travel and $_____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date:  4/28/20

                                        _____
                                                *Server's signature*

                                        *NATASHA CAPLAN, CPS #2327*
                                                *Printed name and title*

                                        *U Got Served, LLC, 1279 W. Palmetto Park Rd.,*
                                        *#273938, Boca Raton, Fl 33427*
                                                *Server's address*

# EXHIBIT 2

**Keilah Betts**

| | |
|---|---|
| **From:** | Keilah Betts |
| **Sent:** | Friday, April 24, 2020 8:49 AM |
| **To:** | 'gmax@ellmax.com' |
| **Cc:** | Robert Glassman; Nathan Werksman; Claudia Lomeli |
| **Subject:** | DOE, Jane v. The Estate of Jeffrey Epstein et al.: |
| **Attachments:** | SUMMONS.pdf; COMPLAINT.pdf |

Ms. Maxwell,

Please be advised that this office represents a victim of Jeffrey Epstein, Jane Doe, who filed a lawsuit against you on January 22, 2020 in the Southern District of New York (Docket No. 20-cv-00484). I am attaching Jane Doe's summons and complaint to this email. We sent these documents to your attorney already and requested that she accept service on your behalf. Your attorney refused to accept service. Please confirm receipt of this email.

Thank you,

Keilah Betts
Panish Shea & Boyle LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
Tel: (310) 477-1700
Fax: (310) 477-1699
Email: betts@psblaw.com
Web: www.psblaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law. Please be advised, however, that Panish Shea & Boyle LLP and its lawyers do not represent you until you have signed a retainer agreement with the firm. Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

# EXHIBIT 3



**PANISH SHEA & BOYLE** LLP

April 2, 2020

<u>**VIA U.S. MAIL, FACSIMILE & EMAIL**</u>

Laura A. Menninger
Haddon, Morgan and Foreman, P.C
150 East 10th Avenue
Denver, Colorado 80203
Fax: (303) 832-2628
Email: lmenninger@hmflaw.com

  **Re:**   *Jane Doe v. Darren Indyke, et al., 20-cv-00484 (JGK) (DCF)*

Dear Ms. Menninger:

  Please be advised that we represent a woman identified as plaintiff Jane Doe in the above-referenced litigation filed in the Southern District of New York. It is our understanding that you represent Ghislaine Maxwell in a related action entitled *Farmer v. Darren Indyke, et al.* (19-cv-10475-LGS-DCF) and appeared as counsel of record for Ms. Maxwell in that action on March 4, 2020. Ms. Maxwell has also been named a defendant in our case.

  Pursuant to the Court's order in *Ransome v. Epstein, et al.,* 17-cv-616 (JGK), ECF No. 107, and the Court's order in *Farmer*, ECF No. 27, the delivery of this letter and its attachments (including plaintiff's complaint and summons) to you and your law firm, as counsel of record for defendant Maxwell, shall constitute service of the complaint and summons as to defendant Ghislaine Maxwell.

  Considering the well-documented impracticability of other methods of service on defendant Maxwell and the fact that you and your firm are actively representing Ms. Maxwell in other pending related litigation before the same court, this method of service is reasonably calculated to provide defendant Maxwell with notice of this lawsuit and an opportunity to respond.

  Accordingly, we are requesting that you agree to appear on behalf of Ms. Maxwell and respond to the complaint within twenty-one (21) days in lieu of us seeking another court order granting permission to effectuate service on Ms. Maxwell by alternative service pursuant to FRCP 4(e)(1). If Ms. Maxwell chooses not to appear, we may pursue any and all available remedies, including the entry of a default judgment. Please do not hesitate to contact me should you wish to discuss any of the foregoing.

**PANISH
SHEA &
BOYLE**
LLP

Laura A. Menninger
Haddon, Morgan and Foreman, P.C.
April 2, 2020
Page 2

Very truly yours,

PANISH SHEA & BOYLE

Robert S. Glassman

Encls.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| JANE DOE, <br><br> *Plaintiff(s)* <br><br> v. <br><br> DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, et al. <br><br> *Defendant(s)* | ) <br> ) <br> ) <br> ) <br> ) <br> )     Civil Action No.  1:20-cv-00484 <br> ) <br> ) <br> ) <br> ) <br> ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Ghislaine Maxwell

116 East 65th Street,
New York, NY 10065

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Kevin R. Boyle
Robert S. Glassman
Panish Shea & Boyle LLP
11111 Santa Monica, Blvd., Suite 700
Los Angeles, CA 90025

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  01/28/2020

/s/ D. Howie

*Signature of Clerk or Deputy Clerk*

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .


I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

        Plaintiff,

      v.

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of the
ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

        Defendants.

Case No.  1:20-cv-00484

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

Plaintiff Jane Doe ("Doe" or "Plaintiff") alleges as follows:

## INTRODUCTION

1.      This case arises out of years of sexual abuse and exploitation of a young girl by notorious pedophile and convicted sex offender Jeffrey Epstein ("Epstein"). It all started in 1994 when 13-year-old Jane Doe met Epstein and Defendant Ghislaine Maxwell ("Maxwell") at a summer camp in Michigan. Jane Doe was their first known victim and was subsequently abused by Epstein and Maxwell for years as a young girl, suffering unimaginable physical and psychological trauma and distress. Despite that, Jane Doe has persevered and survived to tell her story, to hold her perpetrators accountable and to seek justice for the atrocities committed against her.

2.      Throughout his life, Epstein systematically perpetrated acts of molestation, exploitation, assault and rape on hundreds of young girls. Epstein's system of abuse was facilitated in large part by his co-conspirator and accomplice, Maxwell, who helped supply him with a steady stream of young and vulnerable girls—many of whom were fatherless, like Jane Doe, and came from struggling families.

3.      This system, which took years to develop, all started with them exploiting and abusing Jane Doe who they used as a guinea pig to refine their criminal enterprise and widen their network of additional sexual abuse victims.

## THE PARTIES

4.      Plaintiff Jane Doe is a citizen of the State of California.  At all times relevant to this suit, Doe was a minor child living in Florida and New York and who was sexually abused while she was a minor by Defendants in New York.

5.      Defendant Ghislaine Maxwell is domiciled in the State of New York.

6.      Defendant Darren K. Indyke is sued in his capacity as an appointed executor of the Estate of Jeffrey E. Epstein.

7.      Defendant Richard D. Kahn is sued in his capacity as an appointed executor of the Estate of Jeffrey E. Epstein.

## JURISDICTION AND VENUE

8.      Plaintiff is domiciled in California.

9.      Jeffrey Epstein was a citizen of the United States domiciled in the U.S. Virgin Islands at the time of his death. As the legal representatives of the Estate of Jeffrey E. Epstein, Darren K. Indyke and Richard D. Kahn are deemed citizens of the U.S. Virgin Islands.  The matter in controversy exceeds the sum of $75,000, and therefore jurisdiction in this Court is proper.  28 U.S.C. § 1332(c)(2).

10.     Ghislaine Maxwell is domiciled in New York.

11.     A substantial part of the events giving rise to these causes of action occurred in the Southern District of New York, thus venue in this district is proper.  28 U.S.C. § 1391(b)(2).

## JURY DEMAND

12.     Plaintiff hereby demands a trial by jury on all of her claims in this action.

## FACTUAL ALLEGATIONS

### Epstein and Maxwell's Abuse of Doe

13.     In the summer of 1994, Jane Doe met Jeffrey Epstein and Ghislaine Maxwell at Interlochen Arts Camp in Michigan when she was only 13-years-old.  Doe was there as a student

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

2

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

1   in the voice program.  Doe was sitting alone on a bench between classes when Epstein and

2   Maxwell approached her.  Epstein bragged to her about being a patron of the arts and giving

3   scholarships to talented young artists like Doe.  Epstein and Maxwell probed her at length about

4   her background, family situation and where she lived.  As Doe got up to leave, Epstein requested

5   her mother's phone number back in Florida.  She was alarmed by his request, but also feared that

6   she could not refuse the older man's request so she complied and provided him with the phone

7   number.

8          14.     Several weeks later, once Doe had returned from Michigan to Florida, Epstein

9   called Doe's home.  Epstein first spoke with Doe's mother about how he mentors young kids and

10  provides scholarships for the arts. He requested to speak to Doe and invited her and her mother to

11  his mansion in Palm Beach.  He sent a driver across town to pick them up.

12         15.     Over the course of the next several months, Epstein and Maxwell attempted to

13  groom and mentor 13-year-old Jan Doe.  Epstein gave himself the name of Doe's "godfather"

14  while Maxwell acted like an older sister to her.  They took her to movies, went shopping with her

15  and lounged around Epstein's estate with her.  Epstein and Maxwell then started to make sexual

16  references when they were with her.  For instance, Maxwell told Doe that having sex with ex-

17  boyfriends was easy because once you slept with them "*they've been grandfathered in and you*

18  *could go back and fuck them whenever you wanted.*"  Epstein also started to slowly display his

19  pedophilic ways when shopping with Doe and Maxwell.  Instead of Doe picking out clothes she

20  wanted to wear, Epstein insisted that she pick out and wear little children's cotton underwear.

21  Also, after nearly every visit with Epstein and Maxwell, Epstein sent Doe home with two or three

22  one-hundred-dollar bills to give her mother since "*she's having a hard time and struggling as a*

23  *widow.*"

24         16.     While these visits made Doe extremely uncomfortable, Epstein and Maxwell made

25  her feel she could not refuse them.  During this time, Epstein started to pay for voice lessons for

26  Doe and insisted that Doe could not advance her career in any way without him.  When Doe

27  expressed hesitation about spending time with Epstein and Maxwell or acquiescing to their

28  desires, Epstein and Maxwell would threaten Doe, and scold her for being "*ungrateful*".

Case 1:20-cv-00484-GK   Document 43-2   Filed 02/22/20   Page 102 of 10

17.     During one of Doe's encounters with Epstein, he took her to Mar-a-Lago where he introduced her to its owner, Donald J. Trump.  Introducing 14-year-old Doe to Donald J. Trump, Epstein elbowed Trump playfully asking him, referring to Doe, "*This is a good one, right*?" Trump smiled and nodded in agreement. They both chuckled and Doe felt uncomfortable, but, at the time, was too young to understand why.

18.     Towards the end of 1994, Epstein invited Doe into his pool house, where he grabbed her, put her on his lap and started masturbating.  Epstein told her that was what to expect from photographers who were soon going to be take modeling pictures of her.  However, when Doe was ultimately photographed by these professional photographers, they did no such thing.

19.     Over the next few years, the sexual abuse escalated.  On a regular basis, Epstein would digitally penetrate Doe, force Doe to perform sexual acts on him and apply vibrators on different parts of Doe's body.  The abuse occurred at Epstein's home in Palm Beach, Florida, Epstein's townhouse on 9 East 71st Street in New York City, and Epstein's ranch in New Mexico. When travelling to these places, Doe often flew with Epstein and Maxwell in Epstein's private jet.

20.     In 1996, when Doe was 16-years-old, Epstein moved Doe to New York City.  At first, Epstein put Doe up in his apartment on 65th Street and 2nd Avenue.  After a few months, Epstein co-signed the lease for Doe and Doe's mother for an apartment.  Additionally, Epstein paid her tuition at a private high school in Manhattan as well.

21.     Once Epstein had secured Doe in New York and made her and her family completely dependent on him financially (including, for the roof over their heads), Epstein's abuse of Doe continued to escalate.

22.     In 1997, while at Epstein's townhouse on 9 East 71st Street in the City of New York, Epstein asked 17-year-old Doe if she had a boyfriend.  Doe replied that she did not.  Epstein responded that when she did have a boyfriend she would want the sex to be "*good*" and that she should "*get it over with already*," meaning lose her virginity.  Despite Doe's resistance, Epstein then pushed Doe down onto her stomach and raped her.  From that point forward for several years in New York, Epstein raped Doe on multiple occasions.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

COMPLAINT FOR DAMAGES

23. During Doe's time in New York, Maxwell also regularly facilitated Epstein's abuse of Doe and was frequently present when it occurred.

24. In 1999, Doe moved to Los Angeles to start a career. Upon moving to Los Angeles and being physically away from Epstein and Maxwell, Doe finally felt like she could escape Epstein's abuse and stopped returning his frequent calls where he would threaten and berate her for not appreciating him.

25. Despite Doe's physical escape from Epstein and Maxwell, the years of abuse and exploitation perpetrated against her by them cause her immeasurable pain and suffering every day.

**Epstein's Death and Will**

26. In July 2019, Epstein was indicted by the Unites States Attorney's Office for the Southern District of New York.

27. On August 10, 2019, Epstein was found dead in his jail cell at the Metropolitan Correctional Center, where he was being held pending trial. Upon information and belief, New York City's medical examiner concluded Epstein died by suicide.

28. On August 15, 2019, Epstein's last will and testament (the "Will") was filed in the Probate Division of the Superior Court of the Virgin Islands.

29. The Will indicated that it was executed by Epstein on August 8, 2019 at the Metropolitan Correctional Center. The Will was accompanied by affidavits from Darren K. Indyke and Richard D. Kahn attesting to their "Oath of Willingness to Serve as Executor and Appointment of Local Counsel." Mr. Indyke and Mr. Kahn also filed a Petition for Probate and for Letters Testamentary in the Superior Court of the Virgin Islands.

30. The Will's first article directs Epstein's executors "to pay from my estate all expenses of my last illness, my funeral and burial expenses, the administration expenses of my estate and all of my debts duly proven and allowed against my estate." The Will further directs that "after the payments and distributions provided in Article FIRST," Epstein "give[s] all of my property, real and personal, wherever situated…to the then acting Trustees of The 1953 Trust."

COMPLAINT FOR DAMAGES

31.     On August 26, 2019, Defendant Darren K. Indyke filed a Certificate of Trust with the Superior Court for the Virgin Islands, confirming that he and Defendant Richard D. Kahn are the two Trustees of The 1953 Trust.

32.     On September 6, 2019, Magistrate Judge Carolyn P. Hermon-Percell of the Superior Court of the Virgin Islands ordered that Epstein's will be admitted to probate and authorized Mr. Indyke and Mr. Kahn to administer the estate.

## FIRST CAUSE OF ACTION

### (Sexual Assault)

33.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

34.     On numerous occasions over several years, Epstein, with Maxwell's assistance, made violent sexual demands on Plaintiff while placing his hands on her body in a position of dominance and control and while touching Plaintiff in violent and invasive ways.

35.     These demands, often made when young Plaintiff was alone with Epstein or with only Epstein and Maxwell, were intended to frighten Plaintiff into submitting to his sexual demands and placed Plaintiff in apprehension of harm.

36.     This conduct caused Plaintiff serious and persistent harm and contributed to injuries that Plaintiff continues to suffer.

37.     This cause of action is timely under the Child Victims Act, N.Y. C.P.L.R. § 214-g (McKinney 2019), because it arises out of conduct perpetrated against Plaintiff when she was under the age of 18 that constitutes a sexual offense as defined in Article One Hundred Thirty of the New York Penal Law ("Article 130"). *See* N.Y. P.L. § 130.52; N.Y. P.L. § 130.55.

## SECOND CAUSE OF ACTION

### (Sexual Battery)

38.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

39.     On numerous occasions over several years, Epstein raped Doe.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

COMPLAINT FOR DAMAGES

40.     On numerous occasions over several years, Epstein digitally penetrated Doe with his fingers, tongue and foreign objects.

41.     On numerous occasions over several years, Epstein made otherwise unwanted, unlawful, harmful, and offensive physical contact with Plaintiff's body.

42.     This conduct caused Plaintiff serious and persistent harm and contributed to injuries that Plaintiff continues to suffer.

43.     This cause of action is timely under the Child Victims Act, N.Y. C.P.L.R. § 214-g (McKinney 2019), because it arises out of conduct perpetrated against Plaintiff when she was under the age of 18 that constitutes a sexual offense as defined in Article One Hundred Thirty of the New York Penal Law ("Article 130"). *See* N.Y. P.L. § 130.52; N.Y. P.L. § 130.55.

## THIRD CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

44.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

45.     Epstein and Maxwell's campaign of sexual abuse against a teenaged Plaintiff was extreme and outrageous conduct that shocks the conscience.

46.     Epstein and Maxwell's serial sexual assaults, committed during the course of a methodical plan of recruitment, enticement, and attack, inflicted severe pain and anguish upon Plaintiff.

47.     Epstein and Maxwell directed this conduct at Plaintiff and knew that it would cause severe and lasting emotional distress. Indeed, the conduct caused Plaintiff severe and lasting emotional distress and serious injuries to her mental health.

48.     This cause of action is timely under the Child Victims Act, N.Y. C.P.L.R. § 214-g (McKinney 2019), because it arises out of conduct perpetrated against Plaintiff when she was under the age of 18 that constitutes a sexual offense as defined in Article One Hundred Thirty of the New York Penal Law ("Article 130"). *See* N.Y. P.L. § 130.52; N.Y. P.L. § 130.55.

## FOURTH CAUSE OF ACTION

### (Negligent Infliction of Emotional Distress)

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

49.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

50.     Epstein and Maxwell coaxed Plaintiff, then a teenaged girl, into Epstein's home for a period of several years. They worked hard to groom her.  Once under their supervision and influence, Epstein and Maxwell proceeded methodically to sexually abuse Plaintiff.

51.     Epstein and Maxwell's conduct was extreme and outrageous, breached a duty owed directly to Plaintiff, endangered her physical safety, and caused severe and lasting emotional distress and serious injuries to Plaintiff's mental health.

52.     This cause of action is timely under the Child Victims Act, N.Y. C.P.L.R. § 214-g (McKinney 2019), because it arises out of conduct perpetrated against Plaintiff when she was under the age of 18 that constitutes a sexual offense as defined in Article One Hundred Thirty of the New York Penal Law ("Article 130"). *See* N.Y. P.L. § 130.52; N.Y. P.L. § 130.55.

## FIFTH CAUSE OF ACTION

### (False Imprisonment)

53.     Plaintiff incorporates by reference all preceding paragraphs and re-alleges them as if set forth fully herein.

54.     Defendants, in perpetrating the above-described non-consensual sexual assaults, did, by use of threat and/or physical force, willfully and intentionally confine, detain, imprison and/or restrain Plaintiff without lawful authority to do so, against her will, and without her consent.

55.     Plaintiff was aware of, and suffered the extreme effects of, the Defendants' unlawful confinement.

56.     As a consequence of Defendants' false imprisonment of Plaintiff, she sustained conscious pain and suffering, Plaintiff's health was impaired, Plaintiff suffered great mental distress, shock, fright and humiliation, and Plaintiff's reputation and character were injured.

57.     As a consequence of the conduct of Defendants, Plaintiff has incurred severe psychological trauma and damage, has suffered great humiliation, loss of esteem, mental anguish and suffering.

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

58.     This cause of action is timely under the Child Victims Act, N.Y. C.P.L.R. § 214-g (McKinney 2019), because it arises out of conduct perpetrated against Plaintiff when she was under the age of 18 that constitutes a sexual offense as defined in Article One Hundred Thirty of the New York Penal Law ("Article 130"). *See* N.Y. P.L. § 130.52; N.Y. P.L. § 130.55.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Jane Doe prays for this Court to:

59.     Issue a judgment declaring that Defendant ESTATE OF JEFFREY E. EPSTEIN by and through its executors, DARREN K. INDYKE and RICHARD D. KAHN, as legal representatives of the Estate of Jeffrey E. Epstein, and Defendant GHISLAINE MAXWELL are liable for the violations of law alleged in this case;

60.     Award actual, compensatory, statutory, consequential and punitive damages;

61.     Award pre-judgment and post-judgment interest at the highest rate allowed by law; and

62.     Grant such further relief as this Court may deem just and proper.

Respectfully submitted,

Dated:   January 16, 2020   _____

Kevin Boyle (admission pending)
Robert Glassman (admission pending)
Nathan Werksman (admission pending)

PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone:  (310) 477-1700
Facsimile: (310) 477-1699
boyle@psblaw.com
glassman@psblaw.com
werksman@psblaw.com

/s/ Benedict P. Morelli
Benedict P. Morelli
David T. Sirotkin
Sara A. Mahoney

MORELLI LAW FIRM PLLC

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

9

777 Third Avenue, 31st Floor
New York, NY 10017
Telephone: (212) 751-9800
Facsimile: (212) 751-0046
bmorelli@morellilaw.com
dsirotkin@morellilaw.com
smahoney@morellilaw.com

*Attorneys for Plaintiff*

PANISH SHEA & BOYLE LLP
11111 Santa Monica Boulevard, Suite 700
Los Angeles, California 90025
310.477.1700 phone • 310.477.1699 fax

# EXHIBIT 4



**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364 FX 303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

April 13, 2020

<u>**Via Email**</u>

Robert S. Glassman
Panish, Shea & Boyle LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025

   Re: 20-CV-00484 (JGK-DCF), *Jane Doe v. Darren K. Indyke*, *et al.,*

Dear Mr. Glassman:

   I am not authorized to accept service of any complaint on behalf of Ghislaine Maxwell.

   Your statement that your letter to me "shall constitute service of the complaint and summons as to defendant Ghislaine Maxwell" is an incorrect statement of the law. I am unaware of any authority for you to use decisions in other cases with other parties under other circumstances to support your own *sua sponte* service of a Complaint under Rule 4. If you have such authority, please share it with me. It also appears that you have undertaken no efforts to serve Ms. Maxwell consistent with the Rules.

   Your threat to seek "default judgment" when you have failed to follow the Rules or the applicable authority in New York is not well-founded in law. Please refrain in the future from making such threats.

Sincerely,

Laura A. Menninger

# EXHIBIT 5

Case 1:20-cv-00484-JGK-DCF    Document 43-2    Filed 05/27/20    Page 32 of 33

Ransome v. Epstein, Not Reported in Fed. Supp. (2018)

2018 WL 637421

2018 WL 637421
Only the Westlaw citation is currently available.
United States District Court, S.D. New York.

Sarah RANSOME, Plaintiff,
v.
Jeffrey EPSTEIN, et al., Defendants.

17-cv-616 (JGK)
|
Signed 01/30/2018

**Attorneys and Law Firms**

Justin Y.K. Chu, Michael Campion Miller, Steptoe &
Johnson, LLP, Alexander Seton Lorenzo, Alston & Bird, LLP,
New York, NY, Laura A. Menninger, Haddon, Morgan and
Foreman, P.C., Denver, CO, John E. Stephenson, Jr., Alston
& Bird LLP, Atlanta, GA, for Defendants.

## MEMORANDUM OPINION AND ORDER

John G. Koeltl, United States District Judge

 **\*1** The plaintiff, Sarah Ransome [1], has moved the Court
to approve alternative service on the defendant Ghislaine
Maxwell and to find that service has been effected. The
plaintiff asserts that, despite diligent measures, she has been
unable to serve Maxwell personally. The plaintiff argues,
however, that she has taken reasonable measures to provide
Maxwell with notice of the pending lawsuit and requests that
this service should be deemed sufficient. Non-party Haddon
Morgan & Foreman, P.C. ("Haddon Morgan"), Maxwell's
counsel in another litigation pending in this Court, has refused
to accept service on behalf of Maxwell and has objected to
becoming a general agent of process for Maxwell, but has
taken no position on the plaintiff's application to deem service
effected through the email efforts that the plaintiff has already
made. Neither Maxwell nor any representative of Maxwell
has otherwise opposed the current motion.

Federal Rule of Civil Procedure 4(e)(1) permits a plaintiff
to serve a defendant by following the procedures set forth
by state law in the state where the district court is located.
New York Civil Practice Law and Rules Section 308 sets
forth available methods of service. Where service under
§§ 308(1), (2), or (4)—which generally provide variants of
personal service—is impracticable, § 308(5) provides that the

Court may approve alternative service methods. See, e.g.,
Rampersad v. Deutsche Bank Sec., Inc., No. 02-cv-7311(LTS)
(AJP), 2003 WL 21073951, at \*1 (S.D.N.Y. May 9, 2003).
Service under § 308(5) requires a showing of impracticability
of the other methods of service, but does not require a showing
of due diligence. Id.

The plaintiff has taken various steps in an effort to serve
Maxwell personally—all to no avail. The plaintiff retained
a private investigation firm to attempt to determine where
Maxwell resides, and that firm attempted service at three
physical addresses potentially associated with Maxwell. The
plaintiff also emailed the summons and complaint to several
email addresses that are publicly associated with Maxwell,
only one of which has been returned as undelivered. The
plaintiff has also provided a copy of the summons and
complaint to Haddon Morgan who currently represents
Maxwell in another litigation pending in this district.

Under these circumstances, the plaintiff has demonstrated
impracticability, because she has made numerous efforts to
obtain information about the defendant's current residence
and general contact information to effectuate personal service
but has been unable to locate Maxwell. See, e.g., S.E.C. v.
Nnebe, No. 01-cv-5247 (KMW), 2003 WL 402377, at \*3
(S.D.N.Y. Feb. 21, 2003) (collecting cases). Accordingly, the
Court finds that the plaintiff has demonstrated that service
on Maxwell is impracticable and thus grants the motion for
alternative service.

 **\*2** Further, the steps already taken by the plaintiff to serve
Maxwell are "reasonably calculated, under the circumstances,
to apprise [her] of the pendency of the action and afford [her]
an opportunity to present [he]r objections," and the Court
therefore deems service of the summons and complaint to be
complete as to defendant Maxwell. See, e.g., Bozza v. Love,
No. 15-CV-3271 (LGS), 2015 WL 4039849, at \*2 (S.D.N.Y.
July 1, 2015) (holding that service upon the defendant's
counsel in an unrelated matter was sufficient); Rampersad,
2003 WL 21073951, at \*1.

Finally, Haddon Morgan's objection to becoming a general
agent of process for Maxwell is unfounded. The Court's
ruling that service by email and personal delivery to Haddon
Morgan has been reasonably calculated to provide Maxwell
with notice of this lawsuit and an opportunity to respond does
not turn Haddon Morgan into a general agent for Maxwell.
Indeed, this order does not even require Haddon Morgan to
accept service on behalf of Maxwell, but rather finds that

2018 WL 637421

service on Haddon Morgan is likely to provide notice of the lawsuit to Maxwell, given that Haddon Morgan is presumably in contact with Maxwell with regards to their representation of her in the other pending matter. See Bozza, 2015 WL 4039849, at *2.

Accordingly, the motion for alternative service is granted. The Clerk of Court is directed to close the motion pending at Docket Number 97. Defendant Maxwell's time to move or answer is twenty-one days from the date of this order.

If Maxwell chooses not to appear, the plaintiff may pursue whatever remedies are available, including the entry of a default judgment.

**SO ORDERED.**

**All Citations**

Not Reported in Fed. Supp., 2018 WL 637421

Footnotes

1    The Clerk of Court is directed to amend the case caption to name Sarah Ransome as the plaintiff. See Docket No. 96.

---

**End of Document**

© 2020 Thomson Reuters. No claim to original U.S. Government Works.