**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

JANE DOE,

Plaintiff,

v.

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of
the ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

     Defendants.

-------------------------------------------------------X

       **20-cv-00484-JGK**

     Defendant Ghislaine Maxwell, by and through her attorneys Haddon, Morgan &

Foreman, P.C., submits the following Answer to Plaintiff's Complaint.

## Introduction

     A. The United States Attorney's Office for the Southern District of New York on June

29, 2020 caused a meritless indictment to be issued against Ms. Maxwell.

     B. Counsel for Ms. Maxwell has formed an opinion that responding to the allegations in

this Complaint "could provide a link in the chain of evidence necessary to prosecute" Ms.

Maxwell.  *See Hoffman v. United States,* 341 U.S. 479, 486-89 (1951); *In re Gorsoan Ltd*., 435

F.Supp.3d 589, 605-06 (S.D.N.Y. 2020).

     C. Under these circumstances, on the advice of counsel, Ms. Maxwell will answer the

Complaint's allegations to the extent that she can without waiving the right against self-

incrimination under the United States and New York constitutions and otherwise will invoke the

right.

D. Ms. Maxwell's denials of factual allegations shall be interpreted the same as pleading not guilty to the various counts in any criminal indictment.

## Allegations

1.  Ms. Maxwell denies the factual allegations contained in Paragraph 1.

2.  Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 2.  To the extent allegations contained in Paragraph 2 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

3.  Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 3.  To the extent allegations contained in Paragraph 3 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

4.  Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 4.  To the extent allegations contained in Paragraph 4 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

5.  Ms. Maxwell denies the factual allegation pertaining to her in Paragraph 5.

6.  Ms. Maxwell is without sufficient information to admit or deny the allegations contained in Paragraph 6 and therefore denies the same.

7.  Ms. Maxwell is without sufficient information to admit or deny the allegations contained in Paragraph 7 and therefore denies the same.

8.  Ms. Maxwell is without sufficient information to admit or deny the allegations contained in Paragraph 8 and therefore denies the same.

9.  Ms. Maxwell is without sufficient information to admit or deny the allegations contained in Paragraph 9 and therefore denies the same.

10.  Ms. Maxwell denies the factual allegation pertaining to her in Paragraph 10.

11.    Ms. Maxwell denies the factual allegations and legal conclusions contained in Paragraph 11.

12.    Paragraph 12 contains a legal assertion to which no response is required.

13.    Ms. Maxwell denies the factual allegation pertaining to her contained in Paragraph 13.  To the extent allegations contained in Paragraph 13 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

14.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 14.

15.    Ms. Maxwell denies the factual allegation pertaining to her contained in Paragraph 15.  To the extent allegations contained in Paragraph 15 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

16.    Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 16.  To the extent allegations contained in Paragraph 16 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

17.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 17 and therefore denies the same.

18.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 and therefore denies the same.

19.    Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 19.  To the extent allegations contained in Paragraph 19 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

20.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 and therefore denies the same.

21.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 and therefore denies the same.

22.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 and therefore denies the same.

23.    Ms. Maxwell denies the factual allegations contained in Paragraph 23.

24.    Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 24. To the extent allegations contained in Paragraph 24 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

25.    Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 24. To the extent allegations contained in Paragraph 25 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

26.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 and therefore denies the same.

27.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 and therefore denies the same.

28.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 and therefore denies the same.

29.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 and therefore denies the same.

30.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 and therefore denies the same.

31.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 and therefore denies the same.

32.   Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 and therefore denies the same.

33.   Paragraph 33 does not require a response.

34.   Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 34.  To the extent allegations contained in Paragraph 34 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

35.   Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 35.  To the extent allegations contained in Paragraph 35 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

36.   Ms. Maxwell denies the factual allegations pertaining to her contained in Paragraph 36.  To the extent allegations contained in Paragraph 36 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

37.   Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her contained in Paragraph 37.  To the extent allegations and legal conclusions contained in Paragraph 37 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

38.   Paragraph 38 does not require a response.

39.   Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 and therefore denies the same.

40.   Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 and therefore denies the same.

41.   Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 and therefore denies the same.

42.    Ms. Maxwell is without knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 and therefore denies the same.

43.    Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her contained in Paragraph 43.  To the extent allegations and legal conclusions contained in Paragraph 43 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

44.    Paragraph 44 does not require a response.

45.    Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 45. To the extent allegations contained in Paragraph 45 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

46.    Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 46. To the extent allegations contained in Paragraph 46 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

47.    Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 47. To the extent allegations contained in Paragraph 47 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

48.    Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 48. To the extent allegations and legal conclusions contained in Paragraph 48 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

49.    Paragraph 49 does not require a response.

50.   Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 50. To the extent allegations contained in Paragraph 50 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

51.   Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 51. To the extent allegations contained in Paragraph 51 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

52.   Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 52. To the extent allegations contained in Paragraph 52 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

53.   Paragraph 53 does not require a response.

54.   Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 54. To the extent allegations contained in Paragraph 54 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

55.   Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 55. To the extent allegations contained in Paragraph 55 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

56.   Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 56. To the extent allegations contained in Paragraph 56 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

57.    Ms. Maxwell denies the factual allegations pertaining to her in Paragraph 57. To the extent allegations contained in Paragraph 57 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

58.    Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 58. To the extent allegations contained in Paragraph 58 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

59.    Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 59. To the extent allegations contained in Paragraph 59 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

60.    Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 60. To the extent allegations contained in Paragraph 60 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

61.    Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 61. To the extent allegations contained in Paragraph 61 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

62.    Ms. Maxwell denies the factual allegations and legal conclusions pertaining to her in Paragraph 62. To the extent allegations contained in Paragraph 62 do not pertain to Ms. Maxwell, she is without sufficient information to admit or deny the allegations and therefore denies the same.

*************************

63.   To the extent not inconsistent with Ms. Maxwell's invocation of the rights against self-incrimination, Ms. Maxwell denies every averment not expressly admitted.

64.   Ms. Maxwell reserves the right to amend the foregoing answers in the event that the threat to her liberty is lifted.

## AFFIRMATIVE DEFENSES

To the extent not inconsistent with Ms. Maxwell's invocation of the rights against self-incrimination, she asserts the following affirmative defenses.

1.   The Court lacks personal jurisdiction over Ms. Maxwell.

2.   The case is improperly venued in the Southern District of New York.

3.   Insufficient process has been afforded to Ms. Maxwell.

4.   Insufficient service of process has been afforded to Ms. Maxwell.

5.   The Complaint fails to state a claim upon which relief could be granted.

6.   Plaintiff's claims are barred by the statute of limitations.

7.   Plaintiff failed to take reasonable, necessary, appropriate and feasible steps to mitigate her alleged damages, and to the extent of such failure to mitigate, she should be barred from recovering some or all of the alleged damages she seeks.

8.   Plaintiff's damages, if any, are the proximate result of intervening causes, pre-existing medical and mental conditions of Plaintiff, and/or causes that occurred without the knowledge or participation of Ms. Maxwell and for which Ms. Maxwell is not responsible.

9.   Plaintiff's damages, if any, were the result of her own conduct or the conduct of others and were not proximately caused by any action of Ms. Maxwell.

10.   Plaintiff voluntarily or negligently assumed a known risk.

11.   Plaintiff consented to the alleged conduct.

12.   N.Y.C.P.L.R. § 214-g, N.Y.P.L. § 130.52 and N.Y.P.L. § 130.55 are unconstitutional as applied to Ms. Maxwell.

13.   Plaintiff's claims are barred, in whole or in part, by the affirmative defenses of waiver, estoppel, laches, and unclean hands.

## JURY DEMAND

Ghislaine Maxwell demands that this matter be heard by a jury on all matters so triable.

WHEREFORE, Defendant Ghislaine Maxwell demands judgment as follows:

A.   That Plaintiff take nothing by way of her Complaint;

B.   That the Complaint be dismissed *with prejudice;*

C.   That Judgment be entered in favor of Defendant Ghislaine Maxwell and against Plaintiff;

D.   That Defendant Ghislaine Maxwell be awarded her costs and fees in this action, including reasonable attorneys' fees and pre- and post-judgment interest; and

E.   All other such relief as this Court deems just and proper.

Dated:  July 9, 2020.

Respectfully submitted,

*s/ Laura A. Menninger*

Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:        303.832.2628
lmenninger@hmflaw.com

*Attorney for Ghislaine Maxwell*

**CERTIFICATE OF SERVICE**

I certify that on July 9, 2020, I served the accompanying *Answer* on the following counsel of record:

Kevin Boyle
Robert Glassman
Panish, Shea & Boyle
11111 Santa Monica Blvd., Ste 700
Los Angeles, CA 90025
boyle@psblaw.com
glassman@psblaw.com

Bennet J. Moskowitz
Charles L. Glover
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
bennet.moskowitz@troutman.com
charles.glover@troutman.com

Molly S. DiRago
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
molly.dirago@troutman.com

*s/ Nicole Simmons*