

July 15, 2020

**VIA ECF**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

>  Re: *Doe v. Indyke, et al.,* **1:20-cv-000484-JGK-DCF**
>  **Request for Informal Discovery Conference**

Dear Judge Freeman:

    We are writing on behalf of our client, plaintiff Jane Doe, in the above-referenced litigation.  This case arises out of years of child rape, sexual abuse and exploitation of Jane Doe by Jeffrey Epstein and his accomplice Ghislaine Maxwell.  Jane Doe was their first known victim and was subsequently abused by Mr. Epstein and Ms. Maxwell for years as a young girl, suffering unimaginable physical and psychological trauma and distress.

    Pursuant to Local Civil Rule 37.2, Jane Doe hereby requests an informal conference with the Court for a pre-motion discovery conference.  The need for this conference has, unfortunately, arisen as a result of defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein ("the Epstein Estate") engaging in obstructionist litigation tactics intended to stonewall and deprive Jane Doe of plainly relevant discovery.  Indeed, even though Jane Doe served the Epstein Estate with written discovery requests and interrogatories nearly three months ago, she has not received a single substantive response nor a single page of evidence from the Epstein Estate to date.  It is clear that absent court intervention, the Epstein Estate will not comply with its basic discovery obligations.  For these reasons and those that follow, we request the Court's guidance and assistance prior to the filing of a formal motion.

    After a lengthy phone call on June 30 between counsel that lasted over an hour and a half discussing each other's initial discovery responses, we agreed that Jane Doe would provide supplemental responses to the Epstein Estate on July 7 and that the Epstein Estate would provide responsive documents to our requests on July 13.  On July 7, she did just that and provided supplemental responses which included over 190 pages of documents that the Epstein Estate requested.  The Epstein Estate, however, failed to provide a single page of evidence to us on the July 13 deadline despite assurances from its counsel that it would and that it had already

**PANISH SHEA & BOYLE LLP**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

July 15, 2020
Page 2

identified documents within the possession, custody and control of the Estate containing Jane Doe's name and information.  And as of the time of writing this letter, the Epstein Estate has not offered any explanation whatsoever as to why the documents were not produced or when we can even except to receive them, if at all.

The information Jane Doe seeks from the Epstein Estate is clearly relevant and material to her case.  For instance, the Estate was asked to identify and describe all interactions the co-executors Darren Indyke and Richard Kahn (and Jeffrey Epstein himself) had with Jane Doe.  ***Rather than provide a straightforward response, the Estate feigned confusion about the word "interactions" saying that it is vague and ambiguous and failed to provide any substantive response***.  The Epstein Estate also asserted the same boilerplate objections and response to nearly each of the 30 document requests sent to the Estate stating, in essence, that it would not provide documents unless we: (1) agreed to keep those documents confidential (without any showing whatsoever how or why the documents would be, in fact, confidential), (2) agreed on an undefined "ESI protocol" and (3) agreed to "mutually agreeable search parameters."  The Epstein Estate then concluded each response by stating that it "will meet and confer with counsel for Plaintiff about the search as soon as practicable."  The Epstein Estate cannot, and should not, get away with constructing baseless legal barriers, firewalls and conditions all designed to deprive Plaintiff from obtaining basic information.  This is especially true given that, as discussed above, counsel for the Epstein Estate already represented to us that documents within the Estate's possession pertaining to Jane Doe have already been identified.

On the other hand, the Epstein Estate seeks largely irrelevant and, quite frankly, outrageous information from Jane Doe.  For instance, in one such request to Jane Doe, the Epstein Estate sought documents concerning any and all medical procedures and consultations she has ever had throughout her lifetime, including while she was a minor, ***even if such medical care had nothing at all to do with Jeffrey Epstein's abuse of her***.

The Epstein Estate also sought copies of each and every page of Jane Doe's passport, her birth certificate, documents pertaining to each and every address Jane Doe ever lived at throughout her lifetime, documents pertaining to all financial support or income Jane Doe ever received throughout her lifetime and documents pertaining to all phone numbers she has ever used throughout her lifetime.

We also request to discuss deposition scheduling with the Court.  Mainly, we previously scheduled the deposition of Darren Indyke for August 7 after clearing the date with his personal counsel and counsel for the Epstein Estate.  Then, for whatever reason, counsel for the Epstein Estate on July 14 abruptly sent an email stating that his office was going to "mark" Mr. Indyke's deposition off calendar.  Accordingly, not only is the Epstein Estate failing to provide any



Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

July 15, 2020
Page 3

information to Jane Doe in this case but now, it would appear, it is also attempting to prevent her from obtaining testimony from critical witnesses. This behavior flies in the face of fairness, professionalism and much needed justice for Plaintiff.

     Finally, we would also like to discuss scheduling a deposition of defendant Ghislaine Maxwell as soon as practicable. Given her incarcerated status, we understand there are some addition hoops we will need to jump through and would of course work with her counsel and the appropriate authorities on coordinating an in-person or virtual deposition of Ms. Maxwell that takes place at a mutually agreeable time.

                Respectfully submitted,

                PANISH SHEA & BOYLE

                /s/ Robert Glassman

                Robert Glassman