Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Mary Grace W. Metcalfe**
marygrace.metcalfe@troutman.com

July 16, 2020

**VIA ECF**

The Honorable Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

Re:   ***Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jefferey E. Epstein, and Ghislaine Maxwell***, **No. 1:20-cv-00484-JGK-DCF**

Dear Judge Freeman:

We represent Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jefferey E. Epstein (the "Co-Executors"), in the above-referenced action. We write in response to the letter counsel for Plaintiff Jane Doe, Robert Glassman, filed yesterday afternoon (Doc. 54). Mr. Glassman's letter is, as counsel for Ms. Maxwell stated in an email yesterday, "very premature." It also misrepresents what occurred.

As evidenced by the email chain submitted herewith as Exhibit A, last Friday, July 10, 2020, counsel for Co-Defendant Ghislaine Maxwell, who had only appeared in this action a day earlier, asked the parties to meet and confer, among other things, to set new dates for Mr. Indyke's deposition and all other discovery dates and deadlines set before her appearance.

Moreover, and as we promptly advised Mr. Glassman, shortly after we agreed to commence our rolling document production earlier this week, we realized that the Parties have yet to agree upon a confidentiality order, which must occur before we produce documents that refer to the Plaintiff, who filed this case anonymously, by her real name. That is for Plaintiff's benefit. The terms of the confidentiality order will also be discussed during the Parties' upcoming meet and confer call.

As indicated in the attached email chain, rather than discuss the confidentiality order or advise us that he thought we were mistaken about counsel for Ms. Maxwell's request, Mr. Glassman instead chose to immediately burden the Court by filing his letter



shortly before the parties are supposed to speak about discovery. In any event, counsel for Ms. Maxwell has since then expressly confirmed that we were correct in our understanding, stating: "That is correct. I understand that we were having a call tomorrow to discuss a number of scheduling issues, including scheduling depositions … Let me know if you all still want to have a discussion or not, **given Mr. Glassman's very premature letter to the court**." (*See* Ex. A at p. 1. (emphasis added).)

As for Mr. Glassman's contention that the Co-Executors are violating their discovery obligations, it bears mentioning that he filed his letter only after weeks of our attempts to have him remedy various discovery deficiencies in Plaintiff's discovery responses. We have sent Mr. Glassman letters detailing Plaintiff's discovery deficiencies. By contrast, Mr. Glassman has not met and conferred with us about many of the issues he raises in his letter to Your Honor. We do not intend to burden Your Honor with any of these discovery issues if they can be resolved among the parties. However, the meet-and-confer process is far from complete now that Ms. Maxwell has appeared in this action.

Based on the foregoing, Counsel for the Co-Executors requests that the Parties be given the opportunity to finalize a confidentiality order and new discovery schedule that is agreeable to Ms. Maxwell's counsel, produce those documents that are not in dispute (something that can be done promptly after entry into the confidentiality order), and finish meeting and conferring so as to narrow the remaining issues in dispute as much as possible before seeking the Court's assistance.

Respectfully submitted,

s/ Mary Grace W. Metcalfe
Mary Grace W. Metcalfe

CC: All Counsel (via ECF)