Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Mary Grace W. Metcalfe**
marygrace.metcalfe@troutman.com

August 4, 2020

**VIA ECF**

The Honorable Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jefferey E. Epstein, and Ghislaine Maxwell*, **No. 1:20-cv-00484-JGK-DCF**

Dear Judge Freeman:

    We represent Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jefferey E. Epstein (the "Co-Executors"), in the above-referenced action. We write pursuant to Your Honor's Order dated July 21, 2020 to request that, during the August 5, 2020 scheduling conference, the court address Plaintiff's failure to satisfy Rule 26(a)(1)(A)(iii).

    As a matter of context, Plaintiff served her Rule 26 initial disclosures on April 10, 2020, disclosing her alleged damages as follows:

> Plaintiff alleges damages for past and future pain and suffering, emotional distress and loss of enjoyment of life. Plaintiff also seeks punitive damages against Defendants. Further, Plaintiff seeks (to the extent permitted by law) reimbursement of attorneys' fees, expert witness fees, court costs and other recoverable expenses of litigation.

    By letter dated April 20, 2020, we explained to Plaintiff's counsel that her damages disclosure was insufficient. Specifically, and as Your Honor pointed out to counsel for a plaintiff in another action against the Co-Executors, Rule 26(a)(1)(A)(iii) "requires a 'computation,' supported by documents," including an analysis providing the underlying calculations or formulas used in arriving at the damages claimed. *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 295 (2d Cir. 2006) (quoting Rule 26). *See also Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at *6 (S.D.N.Y. Mar. 7, 2014) ("initial disclosures

August 4, 2020
Page 2



---

were wholly inadequate because they merely provided [the other party] with total dollar figures for each category of damages and were unaccompanied by any analysis whatsoever" and "failed to provide a calculation or formula through which the figures were derived"); *Doe v. Indyke et al.*, 1:19-cv-08673-KPF-DCF, Transcript of Proceeding dated June 24, 2020, at 40:17-41:13 (wherein Your Honor noted that "[t]he computation of damages that was provided on its face does not comply with the rules" and while "there may be an expert coming down the pike who may have something to say about damages, and it may be that there'll be a need to supplement as evidence comes out", "that does not excuse a computation that, to the best of the plaintiff's ability, complies with the rules at the time the disclosure is made, which means you set out the amounts that are known to you in different categories").

On April 24, 2020, Plaintiff purported to supplement her Rule 26 disclosures, stating:

> Plaintiff's damages are in excess of $25,000,000. That computation is based upon the damages caused by Decedent Jeffrey E. Epstein to Plaintiff as a result of repeated and malicious acts of sexual abuse, including rape, committed against Plaintiff. As a result of this repeated and horrific sexual abuse committed by Decedent Epstein on Plaintiff, Plaintiff has suffered significant past and future pain and suffering, emotional distress and loss of enjoyment of life.

We additionally explained to Plaintiff's counsel during a telephone call that Plaintiff's disclosures did not meet the requirements of Rule 26.

In their First Set of Interrogatories, served on April 20, 2020, the Co-Executors requested that Plaintiff "[i]dentify and describe the computation of each category of damages for which you seek recovery in this litigation."  In her response, served on June 3, 2020, Plaintiff simply copied-and-pasted her supplemental Rule 26 damages disclosure.

By letter dated June 18, 2020 and during a telephonic meet-and-confer held on June 30, 2020, we once again urged Plaintiff's counsel to comply with Rule 26(a)(1)(A)(iii).  During the meet-and-confer, we again directed Plaintiff to the text of Rule 26 and case law applying it.  Moreover, we explained that Your Honor had recently addressed this exact issue in another matter involving the Co-Executors.

On July 7, Plaintiff again purported to supplement her response to the Co-Executors' interrogatory seeking a computation of Plaintiff's alleged damages, this time by adding the following:

> Objection. Pursuant to New York Pattern Jury Instructions ("PJI") 2:280, "no precise rule can be formulated to measure pain or to compensate for it in



money damages." There is no requirement that evidence of the monetary value of such intangible things as pain and suffering be introduced into evidence. There is no exact standard for fixing the compensation to be awarded for these types of damages and no expert testimony need be introduced. Any such award should be fair in light of the evidence presented at the trial. There is also no yardstick by which to measure the dollar value of pain or injury. The jury will have to determine based on their common sense and experience that amount of money that will fairly and reasonably make Plaintiff whole or compensate her for the physical, psychological, or emotional pain and suffering that she sustained as a consequence of any intentional, negligent or reckless acts that violated her rights and safety. Indeed, it is improper for a lawyer to suggest to the jury that they may follow a particular mathematical guide or unit-of-time basis in fixing damages for pain and suffering. *Halftown v. Triple D Leasing Corp.*, 89 A.D.2d 794 (4th Dept. 1982).

New York's pattern jury instructions have no bearing on the proper scope of discovery under Rule 26(a)(1)(A)(iii). While the parties have not yet fully conferred on the majority of the issues that the Co-Executors raised in their June 18 letter, many of which we hope to resolve without the Court's intervention, the issue of Plaintiff's damages has been repeatedly discussed by counsel for several months, without resolution.[1] We therefore request that the Court address this matter at the August 5 conference.

Respectfully submitted,

s/ Mary Grace W. Metcalfe
Mary Grace W. Metcalfe

CC: All Counsel (via ECF)

---

[1] By contrast, the two issues Plaintiff's counsel prematurely raised in their letter to Your Honor dated July 15, 2020 do not warrant discussion during the coming court conference. First, Mr. Indyke's deposition has already been rescheduled, which is exactly what counsel for Defendant Ghislaine Maxwell had requested *before* Plaintiff's counsel submitted their letter. Second, the parties are still discussing a confidentiality agreement to govern document productions. As the Co-Executors had already explained to Plaintiff's counsel before they submitted their letter to Your Honor, document productions should be made following and in accordance with such confidentiality agreement, just as in the numerous other actions against the Co-Executors pending before Your Honor.

109200445v4