

**Haddon, Morgan and Foreman, P.C**
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

August 12, 2020

*VIA ECF*

Hon. Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Order of August 5, 2020 (ECF 62)
                20-cv-00484 (JGK-DCF), *Doe v. Indyke*, et al.

Dear Judge Freeman:

      On behalf of defendant Ghislaine Maxwell, I write in reference to Your Honor's Order of August 5, 2020 which directed, in part, that the "parties … confer further regarding deadlines contained in paragraphs 4 and 5, and to submit a joint letter regarding those deadlines by" today.  Respectfully, I seek one additional week to address deadlines in the Scheduling Order as well as other issues raised by Your Honor during the initial scheduling conference of August 5, 2020.

      First and foremost, I have not had the ability to meaningfully confer with my client regarding her decision whether to request a stay in this action and, if so, whether it might be a request for a partial stay only as to her or a request for the entire action to be stayed. As the Court is aware, Ms. Maxwell is currently in pretrial detention in the Metropolitan Detention Center ("MDC").  There is no ability to visit her in person there, nor to have any video conference with her.  While she is being allowed phone calls with counsel, they must be scheduled three days in advance. When one lawyer for her team is allowed a call, others are permitted to be patched through, but the calls are of limited duration and encompass a number of issues relevant to her two active civil cases, one active civil appeal and one active criminal case.  A brief review of the dockets in those other matters reveals the number of issues on which she has an absolute right to consult with counsel.  Oftentimes the calls are cut short by the MDC staff.  There is no ability to email her, for example, with draft protective orders.  Between last Wednesday and today, undersigned counsel simply has not been able to confer with her sufficiently regarding this case to answer that question, which would affect our position on the scheduling order. Counsel does have a call scheduled for this Friday, August 14, 2020, and expects to

Hon. Debra Freeman
August 12, 2020
Page 2

be able to confer with her regarding this case. Ms. Maxwell therefore respectfully requests until next Wednesday, August 19, 2020, to either agree to extended dates for the Scheduling Order or to move for a stay.

Second, to report to Your Honor, counsel for the parties engaged in a conferral call for over an hour on Monday, August 10. During that call, I conveyed to the other parties that I had been unable to sufficiently confer with my client and also that I believed our position would be at least a partial stay as to Ms. Maxwell's deposition and written discovery. When Plaintiff's counsel asked whether "initial disclosures" would be included in a written discovery stay, I said that it would, and still need to confer with my client before producing those, in the event we do not ask for a stay. He indicated he understood the challenges I am having communicating with my client and did not raise an objection to that proposed procedure on the call. I am thus taken aback by his letter to Your Honor earlier this afternoon accusing me of violating a Court order.

Third, Mr. Glassman still has not made the damages disclosure ordered by Your Honor during the August 5, 2020, call. Additionally on the call, Mr. Glassman would not state whether he has served Rule 45 subpoenas on third parties for documents nor whether he has obtained documents from third parties <u>all without notice to the parties</u>, as required <u>in advance</u> by Rule 45(a)(4). Instead, Mr. Glassman said he would not answer that question because he was unhappy that he did not have deposition dates from the Executors of the Estate. He then asked whether anyone was recording the telephone call.

It is difficult to have a meaningful conferral process with such baseless accusations and refusals to answer simple questions. Counsel is open to any relief that Your Honor thinks appropriate, including having the conferral calls with the Court on the line.

Respectfully Submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF