Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022



troutman.com

---

**Mary Grace W. Metcalfe**
marygrace.metcalfe@troutman.com

August 12, 2020

<u>**VIA ECF**</u>

The Honorable Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jefferey E. Epstein, and Ghislaine Maxwell*, **No. 1:20-cv-00484-JGK-DCF**

Dear Judge Freeman:

We represent Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jefferey E. Epstein (the "<u>Co-Executors</u>"), in the above-referenced action. We write both in response to the letter that counsel for Plaintiff Jane Doe filed this afternoon without any advance notice and pursuant to Your Honor's Order dated August 5, 2020 (the "<u>Order</u>"). Counsel for Plaintiff's letter is inaccurate and omits critical information.

Prior to Plaintiff's counsel filing their letter, counsel for the Co-Executors understood and intended that counsel for Plaintiff, the Co-Executors, and Defendant Ghislaine Maxwell would submit a joint letter pursuant to Your Honor's Order. In accordance with the directives Your Honor issued during the August 5 telephonic conference, on Monday, counsel for the parties met and conferred about a confidentiality agreement, discovery deadlines, and the possibility of a stay of this action in light of Plaintiff's intent to participate in the Epstein Victims' Compensation Program and, separately, Ms. Maxwell's pending criminal action.

Regarding the confidentiality order, the issue is straightforward: (1) Your Honor directed all parties to meet and confer to attempt to reach agreement on a proposed order; and (2) counsel for Ms. Maxwell expressly stated during the meet-and-confer that she needed more time to be able to speak to her client about the issue. Here is the relevant sequence: Several hours before the parties' meet-and-confer, Plaintiff's counsel for the first time circulated proposed edits to the draft confidentiality order which we had first circulated on July 15, 2020. During the meet-and-confer, we proposed that, in light of Your Honor's instruction during our conference call that Ms. Maxwell's counsel be involved in the discussion, it would make sense and be most efficient for the parties to discuss each other's positions after Ms. Maxwell's counsel was able to propose any



revisions or otherwise weigh in on the matter.  Regrettably, rather than simply wait for input from Ms. Maxwell, Plaintiff's counsel filed their letter today asserting that they "received no response" to their proposed edits.  While we are prepared to discuss Plaintiff's edits – and in fact advised Plaintiff's counsel that we objected to Plaintiff's removal of provisions concerning the treatment of inadvertently disclosed privileged and confidential information – it makes no sense for only three of the four parties to this action to negotiate a confidentiality order that, once entered, will govern all parties.[1]

Regarding Mr. Kahn's deposition, prior to the parties' meet-and-confer, counsel for Plaintiff stated that they wished to discuss scheduling the deposition of Mr. Kahn, in both his individual capacity and his capacity as a Co-Executor, the latter being the only capacity in which he is named as a Defendant in this lawsuit.  Accordingly, counsel who represents Mr. Kahn in his individual capacity in connection with this matter, with whom Plaintiff's counsel's colleague had previously discussed Mr. Kahn's deposition, attended the meet-and-confer.  During the call, Mr. Kahn's personal counsel asked a very simple question that counsel for Plaintiff's colleague had previously refused to answer: given Plaintiff's allegations in her Complaint that she cut ties with Mr. Epstein in 1999, and, that Mr. Kahn did not start working with Mr. Epstein until ***six years later***, why is Plaintiff's counsel pursuing a deposition of Mr. Kahn in his personal capacity.  Troublingly, Plaintiff's counsel refused to state a reason or subject matter for Mr. Kahn's deposition.  Rather, they demanded a deposition date but admitted in words or substance that they need to consider whether there was a reason to depose Mr. Kahn and "maybe we do not even need to depose him [Mr. Kahn] in his individual capacity."  Unless and until Plaintiff's counsel is willing to meet and confer in a meaningful manner about this issue, Mr. Kahn's personal counsel is left without any means to determine whether motion practice on this issue can be avoided.[2]

Most concerningly, when asked during the meet-and-confer whether Plaintiff had received documents in response to their third-party subpoenas seeking depositions and productions (which Plaintiff's counsel served without giving advance notice to Defendants, in violation of Fed. R. Civ. P. 45(a)(4)), Plaintiff's counsel refused to answer.[3]  We urge Plaintiff to immediately disclose any and all non-party discovery materials she has received to date.

The parties' discussion of a stay and the proposed scheduling order is also ongoing. During the call, Plaintiff's counsel indicated that Plaintiff would not seek a stay despite her intent to participate in the Victims' Compensation Program.  Ms. Maxwell's counsel indicated that she

---

[1] During the telephonic conference, Your Honor confirmed that document production would follow the resolution of the confidentiality agreement and that remaining concerns about the receipt of documents could be addressed thereafter.  It is unclear why Plaintiff's counsel is raising the issue now.

[2] Plaintiff is entitled to depose the parties to this action. However, and despite the statement in Plaintiff's counsel's letter that Mr. Kahn "is a defendant," he is ***not*** a defendant in his individual capacity.

[3] In addition to the other inaccuracies of the letter discussed herein, Plaintiff's counsel's claim that "the Epstein Estate has resorted to belittling Plaintiff and threatening her lawyers" is completely untrue.  We have done no such thing, and the inclusion of this claim by Plaintiff's counsel further highlights their lack of good faith in these discussions.



intended to seek a stay of discovery as to her client.  Noting that such a stay would necessarily require amending the previously proposed scheduling order (i.e., if a stay is ordered, fact discovery cannot end until after the stay is lifted), we asked Plaintiff's counsel whether they thought it appropriate to pursue discovery in a piecemeal fashion.  Plaintiff's counsel indicated that they would confer with their client and colleagues and let us know.  They have not done so.

We hope that, with a little additional time, counsel will be able to submit their positions with regard to the proposed discovery schedule in a joint letter, as Your Honor ordered.  We therefore consent to Ms. Maxwell's request made earlier today (ECF No.66) seeking an additional week to address the deadlines as directed in the Order.

Respectfully submitted,

*s/ Mary Grace W. Metcalfe*
Mary Grace W. Metcalfe

CC: All Counsel (via ECF)