UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JANE DOE,

                       Plaintiff,

-against-

DARREN K. INDYKE, et al.,

                       Defendants.

20cv00484 (JGK) (DF)

**SCHEDULING ORDER**

---

**DEBRA FREEMAN, United States Magistrate Judge:**

       This matter having been referred to this Court for general pretrial supervision; and this Court having held a case management conference on August 5, 2020 with counsel for all parties; and this Court having directed counsel to confer regarding certain discovery deadlines and to make a follow-up joint submission regarding those deadlines (*see* Dkt. 62); and this Court having no such joint submission, but having, instead, received three separate letters from counsel (Dkts. 63, 66, 67); and this Court having reviewed those submissions; it is hereby ORDERED as follows:

       1.       In light of the fact that counsel for defendant Ghislaine Maxwell ("Maxwell") has reportedly had difficulty arranging to communicate with Maxwell (who is currently in pretrial detention at the Metropolitan Detention Center) regarding certain issues in this case, and in light of the potential ramifications of Maxwell's being required to respond to discovery demands in this case while a criminal prosecution is pending against her, the request by Maxwell's counsel for an extension of time to August 19, 2020, either to participate in a joint request regarding the setting of additional discovery deadlines or to move for a stay of any or all of these proceedings, is granted. If Maxwell moves for a stay of these proceedings, in whole or in part, then, within two business days of the motion's submission, the parties should jointly propose a schedule for

opposition and reply submissions, and should also inform this Court of their views as to whether the motion should (or should not) affect any other deadlines set by this Order.

2. This Court expects to enter a protective order in this case to protect, at a minimum, the personal information of individuals who are not parties to this action, but who claim to have been victims of sexual abuse by Jeffrey E. Epstein ("Epstein"). All counsel are directed to confer in good faith regarding the terms of a protective order, and to make a joint proposal to the Court no later than August 26, 2020, regarding the same. If the parties are unable to agree to proposed terms, then they should make separate proposals by that date, explaining any areas of disagreement. Document production shall be stayed pending this Court's entry of a protective order, but the parties should be prepared to produce documents in response to any outstanding document requests (or in accordance with the parties' initial disclosure requirements) within one week of the entry of such an order.

3. Except with respect to any document production, which shall be governed by paragraph 2, above, Maxwell's obligation to make initial disclosures, pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, has not been excused. Although Maxwell apparently did not make those disclosures by the August 10, 2020 deadline previously set by this Court (*see* Dkt. 62), her time to do so shall be extended to August 26, 2020, so as to afford her counsel a fair opportunity to confer with her in advance of making those disclosures.

4. If, pursuant to Rule 26(a)(1)(A)(i), Maxwell or any party identifies as witnesses any women who claim to have been victims of Epstein, then the identities of those witnesses shall be maintained by all parties as confidential, pending the Court's entry of a protective order. The same principle shall apply to any claimed victims' identities and personal information that may be obtained in this action through any other means of discovery, such as by interrogatory

responses, deposition testimony, or subpoena; all such information shall be maintained as confidential, pending the entry of a protective order.

5.  The parties are directed to set a date for Plaintiff's requested deposition of defendant Richard D. Kahn, in his capacity as an executor of Epstein's estate.  If Plaintiff also wishes to depose Kahn in his individual capacity, then Plaintiff's counsel should inform Defendants' counsel of this, and, if the parties cannot agree as to whether this would be permissible, then they should stipulate to a schedule to place the issue before this Court for resolution, in advance of the deposition.

6.  To the extent Plaintiff has not yet amended her Rule 26(a)(1) damages computation as directed at the August 5, 2020 conference, Plaintiff is directed to do so no later than August 26, 2020.

7.  Plaintiff's counsel is directed to ensure that Defendants are given advance notice of any subpoenas served by Plaintiff on any non-parties, *see* Fed. R. Civ. P. 45(a)(4), and are further directed to ensure that Defendants are notified of the receipt of any documents in response to such subpoenas.  If Plaintiff has served any Rule 45 subpoenas and has not provided the required advance notice, or has failed to notify Defendants regarding the receipt of responsive documents, then Plaintiff's counsel is directed to furnish such notice forthwith.  If, on the other hand, Plaintiff has not, to date, served any Rule 45 subpoenas in connection with this case, then Plaintiff's counsel should clarify this point to Defendants' counsel.

Dated: New York, New York
       August 14, 2020

SO ORDERED

_____
DEBRA FREEMAN
United States Magistrate Judge

Copies to:

All counsel (via ECF)