

**Haddon, Morgan and Foreman, P.C**
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado  80203
PH  303.831.7364  FX  303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

August 19, 2020

*VIA ECF*

Hon. Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Letter Motion to Stay Proceedings
               20-cv-484 (JGK-DCF), *Jane Doe v. Darren K. Indyke*, et al.

Dear Judge Freeman:

      On behalf of defendant Ghislaine Maxwell, I write to Move to Stay proceedings in this matter until the conclusion of her pending criminal case. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (citations omitted).

      The interests of the courts, the public, the other parties and Ms. Maxwell all will best be served by a stay of this civil case. A stay will allow Ms. Maxwell to vigorously contest her criminal charges, and there is little chance that any evidence will be lost in the interim given the age of the accusations in this case. Plaintiff refuses to state whether she intends to pursue a civil remedy in the Epstein Claims Resolution Program, yet a stay also would permit her the opportunity to do so.  She is inexplicably the only of the numerous Epstein plaintiffs in this Court to not agree to such a stay.  While Plaintiff's counsel refuses to state whether his client is one of the three accusers in the currently-pending Maxwell Indictment, there exists substantial overlap in the facts and issues between this civil complaint and the Indictment.  The burden on Ms. Maxwell to proceed forward in a civil case relating to quarter-century old events while detained at the MDC cannot be overstated in light of the conditions of her detention, to include no access to email, no access to her files, no access to her records from the relevant time period, no presence in depositions, and most importantly, insufficient access to her counsel.  We respectfully request that this Court enter a stay.

Hon. Debra Freeman
August 19, 2020
Page 2

## Procedural Background

On May 13, 2020, Ms. Maxwell wrote to this Court in connection with a separate pending civil suit, requesting a stay of discovery as to her, based on the U.S. Attorney's Office's public proclamation of an "ongoing" criminal investigation into alleged Jeffrey Epstein co-conspirators and on that plaintiff's stated intent to participate in the Voluntary Claims Resolution Program in the U.S. Virgin Islands. *See Farmer v. Indyke,* 19-cv-10475-LGS-DCF, Doc. # 68 (May 13, 2020). Plaintiff Annie Farmer opposed the request; her counsel David Boies claimed that Ms. Maxwell had not provided sufficient information about the ongoing criminal investigation and had refused to answer whether she herself is a target of such investigation. *Id.* at Doc. # 72 at 2. On May 22, after oral argument, this Court granted Ms. Maxwell's request in part, ordering that she not be required to answer interrogatories or give deposition testimony absent further order of the Court. *Id.*, Doc. # 77. A short time later, on June 19, 2020, plaintiff Annie Farmer reversed course and requested a stay of the proceedings, which was granted by this Court. *Id.* at Doc. # 84, 85.

In this case, Jane Doe commenced her anonymous civil action on January 17, 2020. The Court approved alternative service on Ms. Maxwell on June 15. (Doc. # 45). On June 29, 2020, before she had the opportunity to answer, Ms. Maxwell was indicted by a grand jury. That criminal case is now pending before Judge Nathan, *United States v. Maxwell,* 20 Cr. 330 (AJN). The July 8 Superseding Indictment is attached as Exhibit A ("Indictment"). Notably, the Indictment quotes directly from Ms. Maxwell's sealed civil deposition testimony in *Giuffre v. Maxwell,* 15-cv-7433.

On July 14, Ms. Maxwell was arraigned and pled not guilty. At the detention hearing, plaintiff Annie Farmer spoke on the public record against Ms. Maxwell. Two other accusers provided their CVRA positions anonymously. Judge Nathan ordered Ms. Maxwell detained, and she currently is housed at the Metropolitan Detention Center in Brooklyn. A jury trial is scheduled to begin July 12, 2021.

The U.S. Attorney's Office has refused to identify to Ms. Maxwell, even under seal or subject to the protective order, the accusers mentioned in the Indictment until it produces 3500 material shortly before trial. *See* 20 Cr. 330 (AJN), Doc. # 40-42. When asked on July 17, Plaintiff's counsel in this case refused to state whether his client is one of the three accusers described in the Indictment.

Plaintiff's counsel has stated that his client is considering whether to participate in the Voluntary Claims Resolution Program but has not yet submitted such a claim.

**Legal Standard**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (citations omitted). Courts in this District balance the following six factors when considering whether to stay a civil matter: (1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; (3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; (4) the private interests of and burden on the defendants; (5) the interests of the courts; and (6) the public interest. *Id.* at 99.

**ARGUMENT**

Application of the six factors leads to the firm conclusion that this civil matter should be stayed.

(1) <u>Overlap of issues in the criminal and civil matters:</u> A comparison of the Indictment and the Complaint reveals the common nature of the allegations and issues in both cases. Plaintiff Jane Doe contends she met Ms. Maxwell in the summer of 1994 and that she was "groomed" by Ms. Maxwell through movie and shopping excursions. Cplt ¶¶ 13-15. The Indictment likewise alleges that Ms. Maxwell spent time building friendships with minor victims by, for example, taking minor victims to the movies or shopping," including Minor Victim 1 whom she purportedly met in 1994. Ex. A at ¶ 4(a). Jane Doe alleges that Epstein paid for her educational opportunities and was facilitated by Ms. Maxwell. Cplt. ¶ 16. The Indictment makes the same claim. Ex. A at ¶ 4(d). The allegations contained in the Indictment at ¶ 7(a) are very similar in time frame and content to those in the Complaint.[1]

Given the overlapping time frame, allegations and nature of the cases, the witnesses and evidence are highly likely to be overlapping, if not identical, in both this case and the criminal matter.

---

[1] The press recently has speculated as much. *See, e.g.,* Kate Briquelet, "Epstein Victim Claims He Showed Her Off to Trump When She Was 14," The Daily Beast (Aug. 18, 2020) (comparing Doe's allegations in the Complaint to the Indictment: "The accusations are similar to those in Maxwell's indictment. In 1994, the document says, Maxwell and Epstein 'attempted to befriend Minor Victim-1, taking her to the movies and on shopping trips' and asking the girl "about school, her classes, her family, and other aspects of her life.' They arranged for the victim to travel to New York and Florida, where she was abused by Epstein and Maxwell, prosecutors say.") (https://www.thedailybeast.com/epstein-victim-claims-he-showed-her-off-to-trump-at-mar-a-lago-when-she-was-14).

Hon. Debra Freeman
August 19, 2020
Page 4

(2)     <u>Status of the case, including whether the defendants have been indicted</u>.  "Whether the defendant has been indicted has been described as 'the most important factor' to be considered in the balance of factors. . .'" *Maldanado v. City of New York*, Case No. 17-cv-6618 (AJN), 2018 WL 2561026, at *2 (S.D.N.Y. June 1, 2018) (citations omitted). "[O]nce an indictment has been issued, 'the likelihood that a defendant may make incriminating statements is greatest,' and 'the prejudice to the plaintiffs in the civil case is reduced since the criminal case will likely be quickly resolved due to Speedy Trial Act considerations.'" *Id.* (quoting *Trs. of the Plumbers and Pipefitters Nat'l Pension Fund*, 886 F. Supp. at 1139). "The weight of authority in this Circuit indicates that courts will stay a civil proceeding when the criminal investigation has ripened into an indictment." *In re Par Pharm, Inc.,* 133 F.R.D. 12, 13 (S.D.N.Y.1990).

Ms. Maxwell has been indicted, detained, arraigned and scheduled for trial.  Should this case not be stayed, Ms. Maxwell will naturally be forced to decide whether to assert the Fifth Amendment protections afforded her by the U.S. Constitution or risk facing an adverse inference against her in this case.  She also will have to make such a choice in response to written discovery requests.  The burdens on an *indicted* defendant have led numerous courts in this Circuit and elsewhere to impose a stay on overlapping civil cases during the pendency of a criminal case.  *See, e.g., Nesbitt v. Bemer*, 18-CV-00699 (VLB), 2018 WL 5619716 (D. Conn. Oct. 30, 2018) (granting stay of federal Trafficking Victims Protection Act civil after defendant was charged in state court with patronizing a minor prostitute victim of trafficking); *Stamile v. County of Nassau*, No. CV 10–2632(SJF)(AKT), 2011 WL 1754125, at *7 (E.D.N.Y. Jan. 31, 2011) (granting stay of related civil proceedings following indictment of defendant accused of sexually touching inmates in jail).

(3)     <u>Private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay</u>.  Plaintiff has brought this civil case a full 26 years after she claims the wrongdoing occurred.  Having waited more than a quarter of century to pursue her claims, any evidence that has been lost to the passage of time is unlikely to have been in existence even at the inception of Plaintiff's case.  In other words, there is hardly much harm in waiting an additional matter of months to litigate claims as stale as those presented here.  Moreover, the Epstein Voluntary Claims Resolution Program, the basis for the stays for each of the other pending actions concerning Mr. Epstein and the one other concerning Ms. Maxwell, requires participation by, at least, March 2021.  During the pendency of the requested stay, Plaintiff will have a full opportunity to participate in that program obviating the need for this case to proceed at all.

(4)     <u>Private interests of and burden on the defendant</u>.  "A stay can protect a defendant from making a 'Hobson's choice' of choosing to be prejudiced in the civil litigation if the defendant asserts his Fifth Amendment privilege, or from being

Hon. Debra Freeman
August 19, 2020
Page 5

prejudiced in the criminal proceeding if he or she waives that privilege in the civil litigation." *Louis Vuitton,* 676 F.3d at 97. Furthermore:

> The Sixth Amendment provides that '[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial...." U.S. Const. Amend. VI. Civil discovery is intrusive and time consuming. Engaging in civil discovery, including depositions and interrogatory compliance, may inhibit [Ms. Maxwell's] ability to zealously defend this civil case while at the same time preserving [her] right to defend against the criminal charges. To the extent [s]he is forced to make the "Hobson's choice" between protecting [her] financial interests by defending [herself] in this civil action and [her] penal interests by defending [herself] in the criminal charges, his Sixth Amendment rights to a fair and speedy trial will be abridged if not denied.

*Nesbitt*, 2018 WL 5619716 at *6. Finally, the burden on Ms. Maxwell to proceed forward in a civil case while detained in the MDC without access to her files or potential witnesses, cannot be overstated. Defending against conduct that purportedly occurred decades ago requires an extraordinary degree of forensic sleuthing through one's records, memories, witnesses, and events. Her counsel cannot meet with her in person at all, and she cannot participate in any depositions. She currently has no access to email, so cannot review drafts, discovery or pleadings, without waiting for the mail, the opportunity to review and mark-up, and then mailing the pleadings back. The burden for actively litigating this civil case from custody, particularly given the restrictions imposed by the Covid-era, is extraordinary and cannot possibly result in fair proceedings in this case.

     (5)    <u>Interests of the court</u>: "As many courts in similar circumstances have noted, '[t]he Criminal Case will resolve issues of fact common to the civil case and may reduce the number of issues to be decided in subsequent proceedings in this case.'" *SEC v. Abraaj Invest. Mgmt. Ltd*., 19-CV-3244 (AJN), 2019 WL 6498282 (S.D.N.Y. Dec. 3, 2019) (collecting cases); *see also Shkreli*, 2016 WL 1122029, at *6 ("A stay of the civil action while the criminal case moves forward 'would avoid a duplication of efforts and a waste of judicial time and resources.'"); *SEC v. One or More Unknown Purchasers of Secs. of Global Indus*., Case No. 11-cv-6500, 2012 WL 5505738, at *4 (S.D.N.Y. Nov. 9, 2012) ("the Civil Case is likely to benefit to some extent from the Criminal Case no matter its outcome").

     This is the only of the numerous *Epstein* related civil cases that has not been stayed pending the Claims Program outcomes. In conferral, Plaintiff has not advanced a cogent reason for wanting to press ahead alone, while coyly indicating his client is considering participation in that same program. Duplication of this Court's efforts at the same time that Judge Nathan is overseeing the criminal trial cannot be justified by Plaintiff.

Hon. Debra Freeman
August 19, 2020
Page 6

(6) <u>Public interest</u>.  Finally, numerous courts have recognized a stay is "often necessary where liberal discovery rules will allow a litigant to undermine, or gain an unfair advantage in, a potential criminal prosecution which parallels the subject matter of the civil action." *SEC v. Downe*, Case No. 92-cv-4092, 1993 WL 22126 at *12 (S.D.N.Y. Jan. 26, 1993). Most commonly, government-intervenors request such a stay to deny criminal defendants an unfair tactical advantage by circumventing the limited discovery provided by Fed.R.Cr.P. 16.  However, there is no principled reason why the same logic should not apply to a civil plaintiff opposing a stay who might, for example, either alone or at the behest of the U.S. Attorney's Office seek to gain discovery from a civil defendant that would not be available to the government in the criminal case.  Such discovery might include testimony of the criminal defendant or non-cooperative witnesses. Nor could a protective order cure this potential circumvention: the Indictment pending against Ms. Maxwell includes direct quotes from her civil deposition testimony that is both under seal and subject to a protective order in the *Giuffre* case.  In any event, a specific showing that plaintiff or the government "is likely to engage in misconduct is not necessary to conclude that the public's interest in witness security and integrity favors a stay." *Abraaj Invest.*, 2019 WL 6498282 at *3 (quotations omitted). It should be enough that discovery in this case, and any concomitant publicity, might allow witnesses in the criminal prosecution to conform their decades-old memories to that developed in the civil case, undermining the integrity of both proceedings.

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court enter an Order staying the case until further order of the Court, and asks that the parties be directed to update the Court within 10 days of either (a) Plaintiff's successful participation in the Voluntary Claims Resolution Program or (b) the conclusion of Ms. Maxwell's criminal trial.

Respectfully Submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF