Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

August 20, 2020

**VIA ECF**

The Honorable Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:** ***Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jefferey E. Epstein, and Ghislaine Maxwell,*** **No. 1:20-cv-00484-JGK-DCF**

Dear Judge Freeman:

      We represent Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jefferey E. Epstein (the "Co-Executors"), in the above-referenced action. We write to obtain relief from Plaintiff Jane Doe's ("Plaintiff") refusal to reschedule the deposition of Darren K. Indyke, scheduled for August 26, 2020. Given recent case developments, holding the deposition next week defies the parties' obligations to promote judicial economy and avoid wasting party resources, as well as common sense.

      There are five reasons the deposition should not proceed next Wednesday. First, if the deposition occurs next week then Plaintiff will undoubtedly seek to hold another deposition at a later date, following the parties' substantial completion of document discovery. Per this Court's Order dated August 14, document production has been stayed pending the entry of a protective order. The parties are required to make a joint proposal to Your Honor regarding the protective order by August 26, the day upon which the deposition is currently scheduled. Even if the parties are able to jointly propose, and the Court approve, a mutually agreed upon protective order in the next several days (which seems unlikely given that we are still waiting on feedback from counsel for the other parties), there would not be nearly enough time for the parties to complete their document productions, let alone to review each other's productions in preparation for the deposition. Regrettably, Plaintiff's counsel has repeatedly refused to confirm that she will not seek to further depose Mr. Indyke following the parties' document productions.

The parties' document productions should be completed before the deposition proceeds. This will necessarily happen in short order: the Court's Order requires the parties to complete their document productions within one week of entry of the protective order. Doc. 68 at ⁋ 2.

Second, for the same reasons that this Court stayed document production pending entry of a protective order, it makes no sense to have any depositions proceed until the ground rules regarding confidentiality, including with respect to deposition testimony and exhibits, are set.

Third, having the deposition next week would be unduly prejudicial to the Co-Executors as the result of Plaintiff's prior failures to provide proper notice of non-party discovery. Yesterday, counsel for Plaintiff confirmed for the first time that she has in fact received various documents from subpoenaed witnesses, stating in an email:

> Although responsive documents were not produced by these witnesses pursuant to the subpoenas, we have recently obtained documentary evidence from these witnesses through their counsel. Indeed, we received what we expect to be the last of the evidence yesterday. In light of the Court's 8/14 Order regarding the current stay of document production in this case, we will produce such materials to you once we are permitted to do so by the Court.

However, the fact remains that we do not know the universe of so-called documentary evidence that Plaintiff received, when she received it, or from whom. The deposition of Mr. Indyke should not proceed while Plaintiff is improperly in sole possession of discovery. The Co-Executors have a fundamental right to review discovery materials that may form the basis for Plaintiff's deposition questions.

Fourth, Plaintiff has failed to provide topics about which she will depose Mr. Indyke in his capacity as Co-Executor of Mr. Epstein's Estate. (See Fed. R. Civ. P. 30(b)(6) ("In its notice or subpoena, a party may name as the deponent a public or private corporation, a partnership, an association, a governmental agency, *or other entity* and *must describe with reasonable particularity the matters for examination." (emphasis added*)).[1] We raised this straightforward, uncontroversial issue multiple times, including by email on August 4, 6, 14, 17, and 19; Plaintiff's counsel never responded. During the parties' meet-and-confer telephone call on August 10, counsel for Plaintiff said he would confer with his

[1] The Committee Notes to the 2007 amendment of Fed. R. Civ. P. 30(b)(6) provide: ""[O]ther entity" is added to the list of organizations that may be named as deponent. The purpose is to ensure that the deposition process can be used to reach information known or reasonably available to an organization *no matter what abstract fictive concept is used to describe the organization*. Nothing is gained by wrangling over the place to fit into current rule language such entities as limited liability companies, limited partnerships, business trusts, more exotic common-law creations, or forms developed in other countries." (emphasis added). Mr. Indyke is being deposed as the fiduciary of an estate, not solely in his individual capacity.

Robert Glassman, Esq.
August 20, 2020
Page 3



colleagues and then provide us with a response. Despite this representation and our follow-up inquiries, Plaintiff counsel has still not confirmed whether he will be providing a list of topics for Mr. Indyke in his capacity as Co-Executor, much less actually provided one. If Plaintiff's counsel does not provide such a list, we will be forced to seek relief from this Court and the deposition should not proceed until that issue is resolved. Even if Plaintiff provides such a list today, we will not have sufficient time between now and next Wednesday to consider it, meet and confer with Plaintiff regarding any issues, and, if necessary, raise such issues with the Court.

<u>Fifth</u>, yesterday evening Defendant Ghislaine Maxwell moved to stay this lawsuit in light of her ongoing criminal matter, which is currently scheduled for trial next summer. There is no reason that discovery should proceed in a piecemeal fashion, either while the motion for a stay is pending or during the stay itself.

When we raised these issues with Plaintiff's counsel, we did not receive a substantive response to our concerns. Rather, Plaintiff's counsel stated they "would still like to proceed with [the deposition] on 8/26 since that date has already been cleared by the parties and has been on calendar for some time now" and "would still like to proceed with Mr. Indyke's deposition next week even if [the Co-Executors] still haven't given [Plaintiff] documents before then". Despite our requests, no further explanation for Plaintiff's position has been provided.

We have not received an answer to our repeated requests for a time to meet-and-confer today by phone about these and other pressing issues related to Plaintiff's discovery deficiencies, which are not as time-sensitive and thus we do not raise at this time. However, given the rapidly approaching deposition date and the issues listed above, we are left with no choice but to seek the intervention of the Court. We therefore respectfully request that the Court order Plaintiff to reschedule Mr. Indyke's deposition for a mutually agreeable date after resolution of Ms. Maxwell's motion to stay, Plaintiff's disclosure of deposition topics, entry of a protective order, and the parties' substantial completion of their document productions.

Very truly yours,


Bennet J. Moskowitz


cc:   Laura Menninger, Esq.

109600945v2