

August 20, 2020

**VIA ECF**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *Doe v. Indyke, et al.,* **1:20-cv-000484-JGK-DCF**

Dear Judge Freeman:

We are writing on behalf of our client, plaintiff Jane Doe, in the above-referenced litigation. Earlier today, counsel for the Jeffrey Epstein Estate submitted a letter to the Court seeking to cancel the deposition of Darren Indyke scheduled for next week on Wednesday, August 26, 2020. This is a date that Mr. Indyke's own counsel selected last month that was agreed upon by the parties. Now, however, the Epstein Estate attorneys are raising a myriad of excuses to avoid producing Mr. Indyke for his properly noticed deposition.

Since Mr. Indyke is being deposed in both his personal capacity and as a co-executor of the Epstein Estate, we expect him to offer extremely relevant testimony concerning the allegations set forth in Plaintiff's complaint. Indeed, we have reason to believe he has firsthand knowledge of Jeffrey Epstein's relationship with Plaintiff while she was a minor and even acted on Jeffrey Epstein's behalf to communicate with Plaintiff on several occasions. His testimony is vital to Plaintiff's case and the Epstein Estate should not be allowed to prevent his deposition from going forward.

And despite counsel for the Epstein Estate representing to this Court that Plaintiff has not agreed to only take one deposition of Mr. Indyke, that is untrue. As stated in our emails to counsel for the Epstein Estate[1], we understand that Mr. Indyke is only being produced one time for his deposition. And even though the Epstein Estate has still failed to provide Plaintiff with a single document or piece of evidence in this case despite sending requests for them over 4

---

[1] We have attached the full and complete email string concerning this issue for the Court's review and consideration.



Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

August 20, 2020
Page 2

months ago, Plaintiff still intends on proceeding with the deposition next week with or without the documents.

        Respectfully submitted,

        PANISH SHEA & BOYLE

        /s/ Robert Glassman

        Robert Glassman

**Robert Glassman**

| | |
|---|---|
| **From:** | Robert Glassman |
| **Sent:** | Thursday, August 20, 2020 9:38 AM |
| **To:** | 'Moskowitz, Bennet J.' |
| **Cc:** | Metcalfe, Mary Grace; Nathan Werksman; Laura Menninger; Weiner, Daniel H.; Kevin Boyle; Andrew Tomback |
| **Subject:** | RE: Jane Doe, 1:20-cv-00484-JGK-DCF |

Hi Bennet, as I stated on Tuesday, we would still like to proceed with Mr. Indyke's deposition next week even if you still haven't given us documents before then. I am sorry if you did not understand that the first time I said it. In that regard, please confirm you received the Zoom link we circulated earlier this week for his deposition.

I'm not sure you correctly stated the chronology of events concerning your proposed confidentiality order and NDA. I provided you with my edits to it on August 10—ten days ago. Up until last night, we did not hear from you whether you had issues with or were satisfied with them. As Judge Freeman stated, the PO should protect the identity of other alleged Epstein/Maxwell minor victims. Other than that, I can't think of any other subject matter that ought to be legitimately protected that already isn't in this case. Regarding carving out Mr. Epstein from paragraph 4(a-b), it is my understanding that one does not have a right to privacy after death. If I'm wrong about that, I am happy to take a look at your authorities to the contrary.

Regarding the documents I told you about earlier this week, as I said then, because of the current stay of document production in this case, we will produce such materials to you once we are permitted to do so by the Court. But since you asked about them, please also answer for us the same questions you asked me last night about the documents you've been withholding from us. Specifically:

How did you obtain them?
Who did you obtain them from?
What comprises the documents you have and when did you receive them?
Why haven't you produced the materials you have to us upon your receipt of them?

Regarding Mr. Kahn's deposition, we've been requesting dates for his deposition for several weeks now. To date, however, you have not provided any to us. With respect to Mr. Kahn testifying in his personal capacity, we would like to know to what extent he knew about Mr. Epstein and Ms. Maxwell's criminal enterprise. We would like to know if Mr. Epstein had ever told him that he sexually abused and raped my client and other minor victims. I trust you would agree that even if Mr. Kahn started working for Mr. Epstein after Mr. Epstein stopped abusing my client that doesn't mean Mr. Kahn wouldn't or doesn't know anything about it. Right?

Regarding the damages computation, we supplemented our response to your interrogatory which was what you wanted us to do in your letter to the Court and which was brought up with Judge Freeman at the conference. We separated out non-economic damages from punitive damages which is what Judge Freeman ordered and we specified what plaintiff's damages are to the Estate of Epstein and Maxwell. Judge Freeman said that if the past and future numbers are the same, we wouldn't need to separate them out. Here, the past and future numbers are the same. If, however, you want us to copy and paste the same response in a Rule 26 disclosure for you too, let me know and we would be happy to do that as well.

Lastly, but perhaps most pressing, since Ms. Maxwell moved for a complete stay of this case in its entirety, then per the Court's Order, " within two business days of the motion's submission, the parties should jointly propose a schedule for opposition and reply submissions, and should also inform this Court of their views as to whether the motion should (or should not) affect any other deadlines set by this Order." Accordingly, we need to file a proposed briefing schedule by end of day tomorrow addressing the Maxwell request for stay. I propose that we have until Thursday,

August 27 to file oppositions and replies by Friday, Sept. 4.  I also think the motion should not affect any other deadlines set by the Order.  Bennet/Mary Grace/Laura, please let me know your respective positions on this so we can file the joint proposed briefing schedule.  Thanks.

**Robert Glassman, Esq.**
**Panish Shea & Boyle LLP**
11111 Santa Monica Boulevard, Suite 700
Los Angeles, CA 90025
Tel: (310) 477-1700
Fax: (310) 477-1699
Email: glassman@psblaw.com
Web: www.psblaw.com

CONFIDENTIALITY NOTICE:
This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that Panish Shea & Boyle LLP and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

**From:** Moskowitz, Bennet J. [mailto:Bennet.Moskowitz@troutman.com]
**Sent:** Wednesday, August 19, 2020 7:03 PM
**To:** Robert Glassman <glassman@psblaw.com>
**Cc:** Metcalfe, Mary Grace <MaryGrace.Metcalfe@troutman.com>; Nathan Werksman <werksman@psblaw.com>; Laura Menninger <lmenninger@hmflaw.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Kevin Boyle <Boyle@psblaw.com>; Andrew Tomback <ATomback@mclaughlinstern.com>
**Subject:** RE: Jane Doe, 1:20-cv-00484-JGK-DCF


Robert,

As an initial matter, please clarify your position: if you are able to take Mr. Indyke's deposition next week, which would be over our objections (as explained below), are you committing to forgoing a further deposition of him following the parties' document productions?  This is a yes or no question; and we need to know the answer today so we can advise the Court.

With regard to the confidentiality agreement, we are not the hold up.  Rather, we were waiting for input from you and Ms. Maxwell, who has now moved for a stay of the lawsuit.

As you know, we circulated our draft confidentiality agreement on July 15 but only received your edits on August 10, a few hours before our meet-and-confer call. As counsel for Ms. Maxwell noted during the call, this short turnaround time had not allowed her to discuss your edits with her client.  While we all acknowledged during our meet and confer that the confidentiality agreement should not be finalized without Ms. Maxwell's input, we did in fact raise several objections to your edits to which you still have not yet responded.  In particular, we raised concerns that you had completely removed paragraphs 19-24, which provide standard claw-back provisions.  We noted the importance of such a provision and asked you during the call for an

2

explanation of your edits.  We still have not received an answer.  We are similarly concerned by your edits to paragraph 4, particularly your carving Mr. Epstein out of 4(a-b) and the deletion of 4(d-f) in their entirety.  Please explain these changes as well.  As noted during the call, you have proposed substantial and unusual edits, but once we understand the basis for your edits, we will be able to respond more fully.

Your account of the "documentary evidence" you received from the witnesses you subpoenaed raises many questions.  If, as you state, the "documentary evidence" was "not produced by these witnesses pursuant to the subpoenas," how did you obtain it?  Are these witnesses the only individuals from whom you have obtained "evidence"?  What comprises this "documentary evidence" and from which of the witnesses was it received and when?  What is the basis for your expectation that "the last of the evidence" was produced to you this week?  Why didn't you produce the materials to us upon receipt?

The fact remains that we do not know the universe of materials that has been produced to your client, when it was produced, or by whom.  Nor have we had the opportunity to examine or review all of the "documentary evidence."  As a result, you have unduly prejudiced our clients by depriving us of the opportunity to fully prepare them for their depositions.  Combined with the lack of a finalized confidentiality agreement and your continued refusal to answer our questions regarding the topics to be covered by Mr. Indyke in his deposition as a Co-Executor, we are not in a position to proceed with Mr. Indyke's deposition next week.  Nor does it make any sense for the deposition to proceed pending the resolution of Ms. Maxwell's motion to stay this lawsuit, which she filed earlier this evening.

Please let us know today whether you will agree to reschedule Mr. Indyke's deposition.  If not, please indicate whether you have any basis for refusing beyond the argument that the "date has already been cleared by the parties and has been on calendar for some time now."

With regard to the deposition of Richard Kahn, please provide us with your basis for seeking his deposition in his capacity as an individual.  As noted, Mr. Kahn did not work with Mr. Epstein until, per your own Complaint, six years after the Plaintiff ceased her interaction with Mr. Epstein.  We therefore need some guidance about what evidence Mr. Kahn could offer in his personal capacity.  Per the Court's Order, if we "cannot agree as to whether this would be permissible," we will need to set a briefing schedule to address the scope of his deposition.  Additionally, as we requested, please let us know when your client is available for her deposition.

With regard to the damages disclosure and as raised in Mary Grace's email on Friday, to which you still have yet to respond, the document you served on August 13 was styled as a supplemental response to the Co-Executors' Interrogatories, not a damages disclosure pursuant to Rule 26(a)(1).  That document did not separate out the computation of damages as required by the Court during our conference on August 5.  There is no breakdown of the damages according to the type of harm alleged, whether the harm in question is past or future, from which of the Defendants these damages are being sought, or the calculations used to arrive at any of these numbers.  Nor are there any supporting documents, including medical records or actuarial tables, supporting your calculations.  Please explain your failure to comply with the Court's instructions and remedy the deficiencies in accordance with the Court's recent Order.

Similarly, as raised by Mary Grace on Friday and previously discussed in our deficiency letters and during our meet-and-confer call in June, we have yet to receive verifications from Plaintiff for any of her responses and supplemental responses to the Co-Executors' interrogatories.  Please provide those immediately.

We have repeatedly tried to resolve our concerns by emails, which you have either ignored or addressed only in part.  We have also asked for your availability to meet and confer, without receiving any proposed times.  In addition to providing us with your position today regarding Mr. Indyke's deposition, please let us know when you are available to meet-and-confer tomorrow morning on the outstanding issues identified in this email, Mary Grace's communications from last week, and our two deficiency letters.

Thank you,
Bennet

**Bennet J. Moskowitz**\*
Partner
**troutman pepper**
Direct: 212.704.6087
bennet.moskowitz@troutman.com

\*Licensed to practice law in New York and Connecticut

---

**From:** Robert Glassman <glassman@psblaw.com>
**Sent:** Tuesday, August 18, 2020 5:58 PM
**To:** Moskowitz, Bennet J. <Bennet.Moskowitz@troutman.com>
**Cc:** Metcalfe, Mary Grace <MaryGrace.Metcalfe@troutman.com>; Nathan Werksman <werksman@psblaw.com>; Laura Menninger <lmenninger@hmflaw.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>; Kevin Boyle <Boyle@psblaw.com>
**Subject:** RE: Jane Doe, 1:20-cv-00484-JGK-DCF

**EXTERNAL SENDER**

Hi Bennet,

Thanks for your email. I am in agreement with your recitation in paragraph 1 of your email concerning the Court's 8/14/20 Scheduling Order.

Regarding Mr. Indyke's deposition which is scheduled for August 26, I understand that you will not be producing him multiple times for his deposition. I also realize that we may not receive documents from you before that time. Although I will note that nothing is stopping us from finalizing your draft PO before that time. The Court gave us until August 26 to resolve the issue but we can certainly finalize it before then. Right? In this regard, I would welcome your feedback on my proposed edits so we can get the ball rolling. But even if we cannot, for whatever reason, get the documents before his deposition, we would still like to proceed with it on 8/26 since that date has already been cleared by the parties and has been on calendar for some time now. Let me know your thoughts on that.

Per the Court's 8/14 Order, please also send me some dates for Mr. Kahn's deposition. Like Mr. Indyke, we would like to depose him in both his capacity as Co-Executor and in his personal capacity. So I suppose Mr. Tomback will have to be involved in the setting of that.

Additionally, we served you with our amended damages computation on August 13 separating out the punitive damages and non-economic damages as ordered by the Court. Please let me know that you got it. Finally, per the Court's Order, please be advised that plaintiff previously served Rule 45 subpoenas for the depositions of Juan Alessi, David Rogers and Larry Visoski. Notice of such depositions were email served on you on June 30. Although responsive documents were not produced by these witnesses pursuant to the subpoenas, we have recently obtained documentary evidence from these witnesses through their counsel. Indeed, we received what we expect to be the last of the evidence yesterday. In light of the Court's 8/14 Order regarding the current stay of document production in this case, we will produce such materials to you once we are permitted to do so by the Court.

If you would like to discuss any of this further, do not hesitate to call or email me.

Robert

***Robert Glassman, Esq.***
***Panish Shea & Boyle LLP***
11111 Santa Monica Boulevard, Suite 700

4

Los Angeles, CA 90025
Tel: (310) 477-1700
Fax: (310) 477-1699
Email: glassman@psblaw.com
Web: www.psblaw.com

CONFIDENTIALITY NOTICE:

This e-mail may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply e-mail or telephone, and delete all copies of this message.

If you are a potential client, the information you disclose to us by email will be kept in strict confidence and will be protected to the full extent of the law.  Please be advised, however, that Panish Shea & Boyle LLP and its lawyers do not represent you until you have signed a retainer agreement with the firm.  Until that time, you are responsible for any statutes of limitations or other deadlines for your case or potential case.

**From:** Moskowitz, Bennet J. [mailto:Bennet.Moskowitz@troutman.com]
**Sent:** Monday, August 17, 2020 4:51 PM
**To:** Robert Glassman <glassman@psblaw.com>
**Cc:** Metcalfe, Mary Grace <MaryGrace.Metcalfe@troutman.com>; Nathan Werksman <werksman@psblaw.com>; Laura Menninger <lmenninger@hmflaw.com>; Weiner, Daniel H. <daniel.weiner@hugheshubbard.com>
**Subject:** Jane Doe, 1:20-cv-00484-JGK-DCF

Hello Robert,

Per the Court's August 14, 2020 Scheduling Order that hit the docket earlier today, document production in this action is now expressly stayed pending the Court's entry of a protective order (Doc. 68, § 2).  Moreover, by August 26 (the previously noticed date for Mr. Indyke's deposition), the parties are required to make a joint proposal to the Court regarding a protective order (*Id.*).  We trust that, absent complete agreement on such order, which regrettably seems unlikely based on prior meet-and-confers and your recent proposed edits, the Court will then need time to review the parties' respective submissions and rule on the matter.  The parties will then have one week from the entry of such an order to make their document productions (*id.*)—something which we are prepared to do, as previously discussed.  Separately, until this Wednesday, we will not know Ms. Maxwell's position on the discovery schedule or whether she plans to move for a partial or complete stay of this action (*Id.* at § 1).

You have previously indicated that you would like to receive Defendants' respective document productions before you depose them.  That is understandable.  However, we are not willing to make either of the Co-Executors available for multiple depositions.  Accordingly, we should reschedule Mr. Indyke's deposition until Defendants' documents have been produced.  We should discuss that date along with dates for your client's deposition and the deposition of Mr. Kahn, as Co-Executor.  If you still intend to depose Mr. Kahn in his personal capacity, please inform him of that and your basis for doing so -- and then he must be part of the discussion regarding the timing and sequence of depositions.

Please confirm at your earliest convenience whether you agree to reschedule Mr. Indyke's deposition.  If you decline, we will have no choice but to immediately seek the Court's assistance to:  (1) compel Plaintiff to provide deposition topics insofar as she seeks to depose Mr. Indyke in his capacity as Co-Executor; and (2) preclude Plaintiff from pressing ahead with Mr. Indyke's deposition only to later seek another deposition of him following Defendants' completion of their document productions.  If you decline, please provide us with the basis for your decision so as to expedite our raising the issue with the Court.

Best,
Bennet

**Bennet J. Moskowitz\***
**Partner**
Direct: 212.704.6087
bennet.moskowitz@troutman.com

_____

**troutman pepper**
875 Third Avenue
New York, NY 10022
troutman.com

*Licensed to practice law in New York and Connecticut

_____

**A HIGHER COMMITMENT TO CLIENT CARE**

Troutman Sanders and Pepper Hamilton have combined to become Troutman Pepper (Troutman Pepper Hamilton Sanders LLP). Troutman Pepper offers expanded capabilities and practice strengths while continuing to deliver powerful solutions to clients' legal and business issues with a higher commitment to client care.

_____

This e-mail (and any attachments) from a law firm may contain legally privileged and confidential information solely for the intended recipient. If you received this message in error, please notify the sender and delete it. Any unauthorized reading, distribution, copying, or other use of this e-mail (and attachments) is strictly prohibited. We have taken precautions to minimize the risk of transmitting computer viruses, but you should scan attachments for viruses and other malicious threats; we are not liable for any loss or damage caused by viruses.