Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

August 26, 2020

**VIA ECF**

The Honorable Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jefferey E. Epstein, and Ghislaine Maxwell*, **No. 1:20-cv-00484-JGK-DCF**

Dear Judge Freeman:

We represent Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jefferey E. Epstein (the "Co-Executors"), in the above-referenced action. We write together with counsel for Defendant Ghislaine Maxwell to request that the Court enter the attached draft Confidentiality Agreement and Protective Order ("Proposed Order").

In accordance with Your Honor's Order dated August 14, counsel for the Co-Executors, Ms. Maxwell, and Plaintiff Jane Doe ("Plaintiff"), respectively, conferred regarding the Proposed Order, exchanging multiple drafts and comments thereto. While counsel for the Parties have been able to agree on the majority of the Proposed Order's provisions, a few disagreements remain, as follows:

Paragraph 4: Plaintiff's counsel indicates that they will only agree to designate "medical, mental health and/or other health care records", "Social Security numbers, personal telephone numbers, tax returns, and credit and banking information", and the "names of alleged minor victims of sexual abuse" as confidential under the Proposed Order. However, these limitations would remove many documents from the protection of the Proposed Order, including those containing sensitive and private information such as an individual's health or private habits, education, finances, home address, or history of abuse. Such documents are routinely form the subject of protective orders and should be protected here as well, particularly given the sensitive nature of the allegations in this case and the intense media scrutiny directed at both this matter and the ongoing criminal



proceeding against Ms. Maxwell.[1]  Counsel for Ms. Maxwell and the Co-Executors accordingly request that the Court include Paragraph 4 as currently written in the final Order.

Paragraph 15: Counsel for Plaintiff has indicated that they wish to remove Paragraph 15, which provides:

> Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

Plaintiff's counsel mischaracterizes this section as providing "the unlimited ability to keep things confidential." However, this is a standard provision which allows for application of additional protections only as the need arises, subject to the agreement of the parties or the resolution of the Court.  Both counsel for Ms. Maxwell and the Co-Executors request that the Court include it in the final Order.

Paragraph 25: Plaintiff's counsel seeks to remove Subparagraph (ii) of Paragraph 25, which provides for outside counsel's retention of "one archival copy of all pleadings, motion papers, court filings made under seal, transcripts, legal memoranda, correspondence, attorney work product, written discovery responses, deposition and trial exhibits, and expert reports" following the conclusion of the case, "subject to a continuing obligation to protect information designated Confidential pursuant to this Order".  As counsel for Ms. Maxwell noted during the parties' discussion of this provision, ethical rules require the retention of such records for a prescribed length of time.  Accordingly, Counsel for Ms. Maxwell and the Co-Executors request that the Court include in the final Order express permission for them to maintain such records.

NDA: Plaintiff's counsel seeks to relax the protection of documents produced to witnesses who sign the Non-Disclosure Agreement attached as Exhibit A to the Proposed Order. Specifically, Plaintiff's counsel seeks to allow witnesses to retain copies of

---

[1] Plaintiff's counsel incorrectly maintains that, as Mr. Epstein is deceased, no protections should apply to his medical records, social security number and the like.  However, and as we explained: (i) Mr. Epstein's estate is entitled to assert the same legal protections Mr. Epstein had before he died; (ii) the Social Security Act and the Internal Revenue Code restrict disclosure of information about deceased individuals; and (iii) HIPAA privacy rules protect individually identifiable health information about a decedent for 50 years following the date of death of the individual.  While we have sound reasons to seek the ability to prevent Plaintiff's and her counsel's unfettered dissemination of such information, Plaintiff has no legitimate reason to have the unilateral ability to disclose such information as, when and where she sees fit. (While the Co-Executors in no way concede that such information is relevant to the parties' claims and defenses, it should not be preemptively excluded from coverage under the Proposed Order.)



discovery materials provided to them in the context of the litigation, after the litigation has concluded.  There is no legitimate reason a witness should retain such records, especially since these witnesses would, by signing Non-Disclosure Agreement, agree not to use documents they received for any purpose outside of the litigation.  Counsel for Ms. Maxwell and the Co-Executors request that the Court include in the final Order the provision as currently written.


Respectfully submitted,


/s/ Bennet J. Moskowitz
Bennet J. Moskowitz

cc:     All counsel of record