UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br>   v.<br><br>DARREN K. INDYKE AND RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, GHISLAINE MAXWELL, an individual,<br>        Defendants. | Index No. 1:20-cv-00484-JGK-DCF |

**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

  WHEREAS, Plaintiff Jane Doe, Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey E. Epstein, and Defendant Ghislaine Maxwell (collectively, the "Parties" and each individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and sensitive information that they may need to disclose in connection with discovery in this action;

  WHEREAS, the Parties, through counsel, agree to the following terms; and

  WHEREAS, this Court finds that good cause exists for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action;

  IT IS HEREBY ORDERED that the Parties to this action, their respective agents, employees, and attorneys, any other person in active concert or participation with any of the foregoing, and all other persons with actual notice of this Order will adhere to the following terms, upon pain of contempt:

1.      "Producing Party" shall mean the parties to this action and any third parties producing Confidential Information.

2.      "Receiving Party" shall mean the party to this action and/or any non-party receiving Confidential Information.

3.      With respect to "Discovery Material" (i.e., documents, depositions and deposition exhibits, information or tangible things of any kind produced or disclosed in the course of discovery in this action) that a Producing Party has designated as "Confidential" pursuant to this Order, no Receiving Party may disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

4.      The Producing Party may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of information whose public release would violate common law and statutory privacy interests, including without limitation, information concerning:

      (a) medical, mental health and/or other psychological conditions;

      (b) medical or psychological treatment;

      (c) other health care records;

      (d) use of controlled substances;

      (e) consensual or non-consensual sexual activity, sexual contact, or alleged sexual abuse;

      (f) education records;

      (g) email addresses, home addresses, Social Security numbers, personal telephone numbers, tax returns, and credit and banking information of any person, or similarly personally identifying information for parties and third-party witnesses;

(h) names of alleged minor victims of sexual abuse;

(i) any information subject to N.Y. Civil Rights Law §§ 50 or 51;

(j) previously non-disclosed financial information including personal financial information;

(k) non-public information that the producing person in good faith considers to be, reflect, or reveal business, marketing, financial, or regulatory information or data, or information of commercial value, including, without limitation, trade secrets, contracts with third parties, or other information required by law or agreement to be kept confidential; and

(l) any other category of information given confidential status by this Court or a Court of competent jurisdiction to include the tort of publication of private facts.

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by: (a) stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

6. A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific

pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

7. If at any time before the termination of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by notifying all Parties in writing. Thereafter, the Receiving Party will treat such designated portion(s) of the Discovery Material as Confidential. In addition, the Producing Party shall provide each Receiving Party with replacement versions of such Discovery Material that bears the "Confidential" designation within two business days of providing such notice.

8. Nothing contained in this Order will be construed: (a) as a waiver by a Party or person of its right to object to any discovery request; (b) so as to prejudice a Party's ability to seek discovery in this or any other legal proceedings; nor to a Party's ability to object to such discovery; (c) as a waiver of any privilege or protection; or (c) as a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

9. Where a Producing Party has designated Discovery Material as Confidential, the Receiving Party may disclose such information only to the following persons:

    (a) the Parties to this action;

    (b) counsel of record to the Parties, including any paralegal, clerical, or other assistant that such counsel employs and assigns to this matter;

(c) outside vendors or service providers (such as copy-service providers and document-management consultants) that counsel hire and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(d) any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, and such person's counsel, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(g) any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

(h) stenographers engaged to transcribe depositions the Parties conduct in this action; and

(i) this Court, including any appellate court, its support personnel, and court reporters.

10. Before disclosing any Confidential Discovery Material to any person referred to

in subparagraphs 9(c), 9(d), 9(f), or 9(g) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case including any and all appeals, whichever comes first.

11. For the avoidance of doubt, nothing in Paragraph 9 shall impose any limitation on the ability of a Producing Party to disclose its own Confidential Discovery Material; provided, however, that nothing in this Section precludes an argument or judicial determination that, by voluntarily disclosing its own Confidential Discovery Material outside this litigation, a Producing Party has waived confidentiality claims over such materials. A Producing Party shall not be required to obtain an executed Non-Disclosure Agreement from its own current or former employees with respect to disclosure of its own Confidential Discovery Material.

12. This Order binds the Parties and certain others to treat as Confidential any Discovery Materials so classified. The Court has not, however, made any finding regarding the confidentiality of any Discovery Materials, and retains full discretion to determine whether to afford confidential treatment to any Discovery Material designated as Confidential hereunder. All persons are placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced into evidence at trial, even if such material has previously been sealed or designated as Confidential.

13. In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the

Confidential Court Submission via the Electronic Case Filing System. The Parties shall file an unredacted copy of the Confidential Court Submission under seal with the Clerk of this Court, and the Parties shall serve this Court and opposing counsel with unredacted courtesy copies of the Confidential Court Submission. Any Party that seeks to file Confidential Discovery Material under seal must file an application and supporting declaration justifying—on a particularized basis—the sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Notwithstanding any other provision of this paragraph, if the parties stipulate that specific portions of a document are both confidential and immaterial to this lawsuit, a party may publicly file a version of the document with those confidential and immaterial portions redacted, and that party need not submit an unredacted version to the Court or file a motion to seal.

14.     Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court by motion. The Party seeking confidentiality shall bear the burden of establishing that the material at issue was properly designated as confidential. The Parties shall treat the disputed materials as Confidential pending the Court's resolution of such motion.

15.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds of the

request. If the Parties cannot reach agreement promptly, counsel for all affected Parties will address their dispute to the Court.

16. Absent an Order from a court of competent jurisdiction, Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any other purpose or in any other litigation proceeding, including in any criminal action that involves any of the parties to this action, either as witnesses, defendants or otherwise. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action. Nor shall anything contained in this Order prejudice a Party's ability to seek discovery in this and any other legal proceedings, without prejudice to any other Party's right to object to such discovery.

17. In the event that a party who has possession of Confidential Discovery Material pursuant to the terms of this Order receives a subpoena or other compulsory legal process which calls for the production of the Confidential materials, the person-in-possession shall respond that the materials are not disclosable absent an Order of the Court and shall promptly notify the Producing Party from whom they received the Confidential Discovery Material, and all other Parties, of the subpoena or other compulsory process. Such notice must be provided within 3 business days of the receipt of the subpoena or other compulsory process. Upon receiving such notice, the Producing Party or other Parties will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party or other Parties deem it appropriate to do so.

18.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all reasonable precautions to prevent the unauthorized or inadvertent disclosure of such material.

19.     If a Receiving Party receives documents or other materials that it has reason to believe are subject to a good faith claim of attorney-client privilege, work product protection, or other privilege or immunity from disclosure, the Receiving Party must refrain from examining the documents or other materials any more than is essential to ascertain whether the documents or other materials are reasonably subject to such a claim. The Receiving Party shall promptly notify the producing person in writing that the Receiving Party possesses documents or other material that appears to be privileged or otherwise protected from disclosure.

20.     If, in connection with this litigation, a producing person inadvertently discloses information that is subject to a claim of attorney-client privilege, attorney work product protection, or any other privilege or immunity from disclosure ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege, work product protection, or other privilege or immunity from discovery with respect to the Inadvertently Disclosed Information or its subject matter. In addition, a producing person may use its own document (*e.g.*, as a deposition exhibit) containing material that is subject to a claim of privilege or immunity from disclosure for the purpose of establishing the basis of such claim without waiver of any applicable privilege or immunity from disclosure, unless the producing person affirmatively uses or relies upon the specific material contained in the document that is subject to the claim of privilege or immunity from disclosure for any purpose other than establishing the basis of such claim.

21. If a producing person makes a claim of inadvertent disclosure, the Receiving Party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed, unless the Receiving Party seeks to dispute that the information is privileged or otherwise protected as set forth below. Until the dispute is resolved or ruled upon, the Receiving Party shall undertake to keep such information restricted solely for use in connection with the dispute over the privilege or protection.

22. Within five business days after the notification that such Inadvertently Disclosed Information has been returned or destroyed, the producing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

23. The Receiving Party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. Pursuant to the parties' obligations set forth herein, the motion shall not quote or paraphrase the substance of the document subject to the motion to compel beyond the description of the document contained in the privilege log entry for the document. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production in this action.

24. The Producing Party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any Producing Party or Receiving Party to request an *in camera* review of the Inadvertently Disclosed Information.

25. Unless the parties otherwise agree or a court of competent jurisdiction otherwise orders, within 60 days of the final disposition of this action—including all appeals—all Receiving Parties must either return Confidential Discovery Material—including all copies thereof—to the

Producing Party, or destroy such material—including all copies thereof. In either event, by the 60-day deadline, the Receiving Party must certify its return or destruction by submitting a written certification to the Producing Party that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding the foregoing: (i) Discovery Materials that have been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files, and the Receiving Party must take reasonable measures to ensure that unauthorized persons do not have access to Confidential information residing on the Receiving Party's computer server and back-up media; and (ii) outside counsel for the parties are permitted to retain one archival copy of all pleadings, motion papers, court filings made under seal, transcripts, legal memoranda, correspondence, attorney work product, written discovery responses, deposition and trial exhibits, and expert reports, even if such materials contain Confidential Discovery Material, subject to a continuing obligation to protect information designated Confidential pursuant to this Order.

26. This Order will survive the termination of the litigation and will continue to be binding upon each Receiving Party.

27. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

| HADDON, MORGAN & FOREMAN, P.C. | PANISH SHEA & BOYLE LLP |
|---|---|
| */s/* ----------------------------------------------------- | */s/*---------------------------------- |
| Laura A. Menninger | Robert Glassman |
| 150 E. 10th Avenue | 1 11 1 1 Santa Monica Blvd. |
| Denver, CO 80203 | Los Angeles, CA 90025 |
| (303) 831-7364 | (310) 477-1700 |
| lmenninger@hmflaw.com | glassman@psblaw.com |
| *Counsel for Defendant Ghislaine Doe Maxwell* | *Counsel for Plaintiff Jane* |
| Dated: August ___, 2020 | Dated: August ___, |

2020 TROUTMAN PEPPER LLP

*/ s /* ----------------------------------

Bennet J. Moskowitz
875 Third Avenue
New York, New York 10022
(212) 704-6000
bennet.moskowitz@troutman.com

*Counsel for Defendants Darren K. Indyke
and Richard D. Kahn, Co-Executors of
the Estate of Jeffrey E. Epstein*

Dated: August ___, 2020

SO ORDERED.

_____

Dated:
New York, New York         DEBRA FREEMAN
                           United States Magistrate Judge

<u>Exhibit A</u>
to Stipulated Confidentiality
Agreement and Protective
Order

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

                      Plaintiff,

    v.

DARREN K. INDYKE AND RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, GHISLAINE MAXWELL, an individual,

                      Defendants.

Index No. 1:20-cv-00484-JGK-DCF

## **<u>NON-DISCLOSURE AGREEMENT</u>**

I, _____ , acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Date: