Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York  10022

troutman.com



**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

August 27, 2020

**VIA ECF**

The Honorable Debra C. Freeman
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:**  ***Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jefferey E. Epstein, and Ghislaine Maxwell***, **No. 1:20-cv-00484-JGK-DCF**

Dear Judge Freeman:

    We represent Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jefferey E. Epstein (the "Co-Executors"), in the above-referenced action. We write in response to the Letter Motion to Stay Proceedings ("Motion to Stay") filed by Defendant Ghislaine Maxwell.  Doc. 69.  As explained below, the Co-Executors consent to the entry of a stay and join in the request that it apply to the entire proceeding.

    The Co-Executors agree that a complete stay of this action is appropriate under the circumstances Ms. Maxwell sets forth in her Motion to Stay.  Given (i) the readily apparent, significant overlap between the criminal case and the allegations in the Complaint that Plaintiff Jane Doe ("Plaintiff") filed in this action, (ii) the fact that Ms. Maxwell has been indicted and her trial has been scheduled, (iii) the decades that have already elapsed since the allegations in the Complaint, (iv) the challenges Ms. Maxwell has identified with regard to her participation in this action, and (v) the near certainty that the resolution of Ms. Maxwell's criminal matter will address the core issues presented in this case, the interests of the parties, the Court, and the public all weigh in favor of the entry of a stay.  *S.E.C. v. Downe*, No. 92-cv-4092-PKL, 1993 WL 22126, at *14 (S.D.N.Y. Jan. 26, 1993).

    A partial stay would unduly prejudice the Co-Executors' ability to defend against Plaintiff's very serious claims in this action, in which she seeks recovery of tens of millions of dollars in damages from Mr. Epstein's Estate.  Where, as here, one defendant is a "central figure" in a civil case, but subject to a stay of discovery because of an ongoing



criminal action, "[i]t would be unfair and prejudicial to the [remaining] defendants to require them to continue with discovery without first having an opportunity to depose [the indicted defendant] and receive any other information relating to [the indicted defendant] which might otherwise be available to them." *Downe*, 1993 WL 22126, at *14 ("Even a cursory review of the complaint reveals that [the indicted defendant] is the central figure in this action and, thus, the taking of [the indicted defendant's] deposition will be critical for the other defendants in this civil action. It in the absence of a stay.")

Here, Plaintiff's Complaint identifies Ms. Maxwell as a central figure in the alleged harm that is the subject of this dispute. In light of Mr. Epstein's death and the decades that have passed since the acts alleged in the Complaint, Ms. Maxwell's testimony will undoubtedly be crucial to the Estate's ability to develop the facts and defend against Plaintiff's claims. It would be fundamentally unfair to force the Co-Executors to continue defending this action without their having the opportunity to obtain and reference Ms. Maxwell's testimony, as well as any document production.

A partial stay would also inflict unnecessary costs on all parties, all of which could be avoided if this action is stayed for now and resumed following the resolution of Ms. Maxwell's criminal action. Because Ms. Maxwell is central to both Plaintiff's claims and the Co-Executors' defenses, it is likely that additional discovery will be necessary once her testimony is taken and documents are received from her. This will almost certainly lead to duplicated expense and effort, particularly if it is necessary to re-depose witnesses whose testimony is taken while Ms. Maxwell is unavailable. *See Am. Express Bus. Fin. Corp. v. RW Prof'l Leasing Servs. Corp.*, 225 F. Supp. 2d 263, 265–66 (E.D.N.Y. 2002) (stayed as to all defendants "because [indicted defendants] are central figures in the instant action, a partial stay as to the individual defendants could lead to duplicative depositions because the plaintiff may need to re-depose certain individuals depending on the testimony given by [indicted defendants]."); *Volmar Distributors, Inc. v. New York Post Co.*, 152 F.R.D. 36, 41–42 (S.D.N.Y. 1993) ("[indicted defendants] are the central figures in this case with the central issue …. Because of the importance of their testimony, a partial stay may lead to duplicative depositions."); *Downe*, 1993 WL 22126, at *14 ( "a partial stay would lead to duplicative depositions since, once the partial stay is lifted and [the indicted defendant] is deposed, the defendants would probably find it necessary to conduct a second deposition of individuals who were deposed prior to [the indicted defendant]'s deposition. Thus, a partial stay would likely result in additional expenses for the parties without expediting the discovery process."). Because this duplication could be avoided by staying the entire proceeding, a complete stay is appropriate in this matter. *See, e.g., Downe*, 1993 WL 22126, at *14 ("the Court, in the interest of fairness and avoidance of duplication of effort, will stay *all* discovery in this action" (emphasis in original)).

A stay here is particularly appropriate because Plaintiff will still be able to pursue the resolution of her claims through the fully independent Epstein Victims' Compensation

The Honorable Debra Freeman
August 27, 2020
Page 3



Program (the "Compensation Program").  During our telephonic conference with Your Honor on August 5, 2020, Plaintiff's counsel represented that they "do plan to at some point participate in" the Compensation Program but that they "just have not submitted anything yet."  Although staying one's civil case, if any, is not a Compensation Program requirement, excluding the lawsuits filed in the last 48 hours, Plaintiff stands alone in having failed to request that a stay be entered by this Court.[1]  Plaintiff, by participating in the Compensation Program while the stay is in place, may resolve her claims and thus obviate the need to litigate further.

None of these concerns are speculation.  Just yesterday, Ms. Maxwell served the other parties to this action with initial disclosures that indicate, among other things:

> The United States Attorney's Office has provided F.R.Crim.P. 16 discovery to Ms. Maxwell pursuant to a Protective Order that prohibits disclosure of the information to any third parties and, under the terms of the Protective Order, use of the discovery by Ms. Maxwell is restricted to her defense in United States v. Maxwell, 20 Cr. 330 (AJN). Ms. Maxwell, because of the Protective Order, cannot take any position regarding the content of the discovery and whether the discovery contains any witnesses or information relevant to any disputed facts alleged in the pleadings. Ms. Maxwell directs any interested party to government counsel of record in United States v. Maxwell, 20 Cr. 330 (AJN) for any further inquiry regarding this information.

Requiring the Co-Executors to proceed in any fashion in this matter, without their having obtained and reviewed such critical information, is untenable.  In addition, Ms. Maxwell's counsel's difficulties in communicating with their client have already required the rescheduling and extensions of deadlines.  *See* Doc. 66.  A partial stay would not resolve these issues, thereby greatly increasing the likelihood of further complications and delay.

Accordingly, for the reasons set forth above, the Co-Executors consent to the entry of a stay and join in the pending request that it apply to the entire proceeding.

---

[1] On August 13, 2020, the Hon. J. Paul Oetken entered a stipulated stay in an action against the Co-Executors which is currently assigned to Magistrate Lehrburger. *Kaufman v. Indyke, et al.* (1:20-cv-05069-JPO-RWL) at Doc. 17.  It is our understanding that all actions against the Co-Executors are to be assigned to Your Honor.  In this regard, it also bears mentioning that the two actions filed yesterday, which have been assigned to the Hon. John G. Koeltl and the Hon. Louis L. Stanton, have not yet been assigned to a Magistrate Judge.  *See Doe 1001 v. Indyke et al* (1:20-cv-06904-JGK) and *Doe 1002 v. Indyke et al* (1:20-cv-06906-LLS).  The *pro se* complaint filed today against Ms. Maxwell, which names Mr. Epstein instead of the Estate, has not been assigned at all.  *Vernon v. Maxwell, et al.* (1:20-cv-06928-UA).

**The Honorable Debra Freeman**
August 27, 2020
Page 4



___

Very truly yours,

/s/ Bennet J. Moskowitz
Bennet J. Moskowitz


cc:	All counsel of record