

August 27, 2020

**VIA ECF**

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:   *Doe v. Indyke, et al.,* **1:20-cv-000484-JGK-DCF**
            **Plaintiff's Opposition Letter to Defendant Ghislaine Maxwell's Letter Motion to Stay Proceedings**

Dear Judge Freeman:

On behalf of plaintiff Jane Doe in the above-referenced litigation, we hereby submit this opposition to defendant Ghislaine Maxwell's Motion to Stay.

**INTRODUCTION**

On August 19, 2020, defendant Maxwell wrote to this Court requesting that it stay this case until the conclusion of her pending criminal case in which she is accused of recruiting and enticing minors to travel to engage in illegal sex acts. The trial in that case is not currently scheduled to commence until July of 2021.

Defendant Maxwell's leading argument in support of her request is that she is unable to defend herself in this case while she is in jail and awaiting trial in the criminal case. Prior to filing her request to halt these proceedings, however, defendant Maxwell, through her counsel, filed her answer to Plaintiff's complaint over one month ago, participated in a case management conference with the Court on August 5 and has engaged in numerous email exchanges and phone calls with the other parties concerning setting depositions and case deadlines. Moreover, even after asking the Court to stay this case on August 19 because it would purportedly be a "burden" on her to defend this case under her current circumstances, defendant Maxwell propounded discovery on Plaintiff just two days later on August 21 seeking a wide variety of information and documents from her. Defendant Maxwell's thinly veiled argument that her criminal case is somehow preventing her from doing what she needs or wants to do in this case is undermined by the record of what has actually occurred. Rather, defendant Maxwell appears to want to gain an unfair advantage by acquiring as much information as she can about Plaintiff without having to divulge anything about herself or the bad conduct she is alleged to have committed.

PANISH
SHEA &
BOYLE LLP

Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

August 27, 2020
Page 2

      Defendant Maxwell's other main argument is that Plaintiff is somehow doing something foolish or inappropriate by not staying her case in order to "pursue a civil remedy in the Epstein Claims Resolution Program."  She argues that Plaintiff is "inexplicably the only of the numerous Epstein plaintiffs in this Court to not agree to such a stay" and that "a stay also would permit [Plaintiff] the opportunity to [participate in the Epstein victim claims program]."  Defendant Maxwell then falsely claims that "Plaintiff has not advanced a cogent reason for wanting to press ahead alone."  Not so.  Plaintiff is seeking to hold defendant Maxwell accountable for the heinous and sick sexual acts she committed against Plaintiff over the course of several years while Plaintiff was just a child.  Pausing this lawsuit for approximately one year or more, as defendant Maxwell is requesting, would in no way help Plaintiff accomplish that objective despite defendant Maxwell's self-serving arguments to the contrary.  Instead, it would simply delay long overdue justice for Plaintiff.

      Moreover, while defendant Maxwell would have this Court and the public believe that Plaintiff has to choose between pursuing her claims in this case or participating in the Epstein victim claims program, nothing could be further from the truth.  Indeed, the protocol for the claims program explicitly states that: "***Individuals who have filed a lawsuit need not agree to a stay of litigation or make any other concession in any pending litigation to be eligible to participate in the Program***."  Despite this straightforward and sensible provision in the claims program protocol, defendant Maxwell has underhandedly attempted to persuade the Court that should a stay be entered it would "permit" Plaintiff to participate in the claims program.  Plaintiff does not—and should not—have to choose between her civil lawsuit and participating in the claims program.  And the last thing Plaintiff needs is for Ghislaine Maxwell to pretend that by putting a stop to this case she would somehow benefit by being "permitted" to participate in the claims program.  Plaintiff does not need permission by defendant Maxwell or anyone else to exercise her legal rights.

      Defendant Maxwell's motion does not meet the high burden required by the law to justify an extraordinary remedy as a stay of proceedings in this case.  For the reasons set forth above and those that follow, Plaintiff respectfully requests that the Court deny defendant Maxwell's request to stay this case.  If, however, the Court is inclined to grant a stay at all, Plaintiff submits that it should be as to the entire action and not just as to discovery directed to defendant Maxwell as counsel pointed out was the case in *Farmer v. Indyke*, 19-cv-10475-LGS-DCF.  Otherwise, defendant Maxwell would be given the unfair advantage of collecting evidence from others and taking part in the questioning of witnesses at depositions while at the same time silently hiding behind a court order blocking anyone from doing the same as to her.



Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

August 27, 2020
Page 3

## **LEGAL STANDARD**

A stay of a civil case to permit conclusion of a related criminal prosecution has been characterized as an "***extraordinary remedy***." *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 98 (2d Cir. 2012) (emphasis added).  As a result, a civil defendant urging a stay pending a parallel criminal prosecution bears the burden of establishing its need. *Rex & Roberta Ling Living Tr. v. B Commc'ns Ltd.*, 346 F. Supp. 3d 389, 400 (S.D.N.Y. 2018).  "[A]bsent a showing of undue prejudice upon defendant or interference with his constitutional rights, there is no reason why plaintiff should be delayed in its efforts to diligently proceed to sustain its claim." *Id.* at 97.

When determining whether a stay should be granted or denied, a court must undergo "a particularized inquiry into the circumstances of, and the competing interests in, the case." *Louis Vuitton Malletier S.A.,* 676 F.3d at 99.  Courts in this District conduct the particularized inquiry guided by the following six factors which are balanced when considering a stay:  1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.  *Id*.  at 99.

Critically, the balancing of these factors "can do no more than act as a rough guide for the district court as it exercises its discretion." *Id.*  These factors "do little more than serve as something of a check list of factors [the appellate court] ought to consider" when reviewing a lower courts determination.  Ultimately, though, the court must rely on nothing more than its studied judgment "based on the particular facts before it and the extent to which such a stay would work a hardship, inequity, or injustice to a party, the public or the court." *Id.*

## **A STAY OF ALL PROCEEDINGS HARMS PLAINTIFF'S INTERESTS**

Defendant Maxwell argues that a stay in the litigation benefits Plaintiff.  Not so.  First, as discussed above, defendant Maxwell asserts that staying the litigation would "permit [Plaintiff] the opportunity" to participate in the Epstein victim claims program.  Defendants Maxwell's implication is obvious: if Plaintiff continues to litigate, she cannot participate in the program.  That is categorically false.  Whether or not Plaintiff participates, the program *explicitly* states that a stay of any participant's civil proceedings is <u>not</u> required in order to participate.

Defendant Maxwell also asserts that participation in the claims program will "obviat[e] the need for this case to proceed at all."  Defendant Maxwell knows, however, that participation



Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

August 27, 2020
Page 4

in the claims program is not binding and that victims of Epstein and Maxwell are free to reject any offer made in the program in favor of pursuing damages through litigation.

Lastly, defendant Maxwell callously suggests that because Plaintiff's abuse occurred 26 years ago, there is "hardly much harm" in delaying Plaintiff's "stale" claims. The fact, however, that Epstein and Maxwell started to abuse Plaintiff when she was a 14-year-old girl—26 years ago—does not negate the ongoing damaging effects that abuse has had and continue to have on Plaintiff.

Simply put, a stay would harm—not benefit—Plaintiff's interests. For too long Jeffrey Epstein and Ghislaine Maxwell skirted the consequences of their vile acts. Now, Plaintiff brings this suit, as is her right by law, to hold the Epstein Estate and defendant Maxwell to answer. Plaintiff is best served by pressing forward with her claims—not waiting even longer for justice. Sadly, defendant Maxwell's seeking a stay is consistent with her decades-long routine of resisting accountability for sexually abusing minors. As a result, her request for a stay should be denied.

### CONTINUED CIVIL LITIGATION WILL NOT BURDEN MAXWELL WHO HAS ACTIVELY PARTICIPATED IN THE CASE FROM JAIL

Next, defendant Maxwell argues the burden on the Defendant militates in favor of a stay. Defendants Maxwell states that the burden of proceeding with this litigation "cannot be overstated." However, a particularized inquiry into defendant Maxwell's complaints about the difficulty of proceeding with the civil case while incarcerated reveal a stark contradiction. Indeed, defendant Maxwell has already been actively participating in this litigation from jail for months. Here is a relevant timeline:

On July 2, 2020, Ghislaine Maxwell was arrested while hiding out in New Hampshire. On July 9, 2020, from jail, defendant Maxwell filed an answer in this case. Since then, defendant Maxwell through her counsel has actively participated in the litigation, including scheduling depositions, conferring several times with counsel for Plaintiff and the Epstein Estate, and appearing before this Court.

On August 19, 2020, from jail, defendant Maxwell filed this motion to stay proceedings. Despite complaining of the monstrous burden imposed by litigating from jail, two days later, on August 21, 2020, Maxwell served discovery requests on Plaintiff, including sixteen interrogatories and twenty-four requests for production of documents.



Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

August 27, 2020
Page 5

Clearly, defendant Maxwell wants to use her incarceration both as a shield and a sword: arguing that it is simply too much to litigate from jail, while at the same time, pressing ahead in her attempts to undermine Plaintiff's claims. Clearly, the burden on defendant Maxwell is not great.

### THE PUBLIC INTEREST IS BEST SERVED BY ALLOWING PLAINTIFF'S CLAIMS TO PROCEED

In her motion, defendant Maxwell entirely fails to address why the public interest is served by a stay. That is because the public interest is *not* served by a stay; the public is best served by allowing Plaintiff's claims against defendant Maxwell—the only actively litigated claims against her currently—to proceed in full public view.

Courts in the Second Circuit recognize that the public benefits from civil litigation not only when it advances the justifiable interests of the Plaintiff, but also when the litigation furnishes the public with information on the torts and crimes of a wrongdoer. *See Louis Vuitton Malletier S.A.*, 676 F.3d at 103 (citing *SEC v. Dresser Indus.*, 628 F.2d 1368, 1372 (D.C.Cir.1980) (en banc) (denying a stay in order to avoid the continued dissemination of false or misleading information by companies to members of the investing public). In *Louis Vuitton Malletier S.A.*, the Second Circuit upheld the denial of a criminal and civil defendant's request for a stay of the civil litigation in part because, to the public's benefit, the litigation uncovered evidence that the defendant was running a counterfeiting operation. *See id.*

For years defendant Maxwell and Jeffrey Epstein were at the center of a criminal enterprise geared towards sexually abusing minor girls and getting away with it. Plaintiff's lawsuit is the only case currently being litigated against her—all others have either been stayed or dismissed. While Plaintiff has much to gain through this litigation, so too does the public. The continuation of this last remaining civil avenue can furnish the public with critical information as to defendant Maxwell's well known criminal enterprise, how it was operated and all those involved. A stay of the civil proceedings would provide what defendant Maxwell has sought for years—concealing her heinous acts from public view.

### MAXWELL'S EXTRAORDINARY REQUEST FOR A STAY SHOULD NOT BE GRANTED SIMPLY BECAUSE SHE HAS BEEN INDICTED AND CLAIMS THERE IS OVERLAP BETWEEN THE INDICTMENT AND PLAINTIFF'S COMPLAINT

Defendant Maxwell also argues that because of her indictment and an overlap between Plaintiff's complaint and the indictment, she is entitled to a stay. However, a defendant in both a



Hon. Debra C. Freeman
Daniel Patrick Moynihan
United States Courthouse

August 27, 2020
Page 6

civil and criminal matter, like defendant Maxwell here, has "no absolute right not to be forced to choose between testifying in a civil matter and asserting [her] Fifth Amendment privilege." *Louis Vuitton Malletier S.A.*, 676 F.3d at 98 (quoting *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 326 (9th Cir.1995)). In fact, "[t]he existence of a civil defendant's Fifth Amendment right arising out of a related criminal proceeding thus does not strip the court in the civil action of its broad discretion" to move the case along. *See Louis Vuitton Malletier S.A.*, 676 F.3d at 98–99.

Defendant Maxwell has no absolute right to stay this case simply because she has been indicted. Instead, the Court must conduct its own particularized inquiry into the facts at hand when deciding whether to grant her request. As she has demonstrated throughout this litigation, during which time she has been both indicted and incarcerated, defendant Maxwell is not unduly burdened by continued litigation.

For the foregoing reasons, Plaintiff respectfully requests that the Court deny defendant Maxwell's request to stay this case.

Respectfully submitted,

PANISH SHEA & BOYLE

/s/ Robert Glassman

Robert Glassman

cc: All counsel of record