

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

September 4, 2020

***VIA ECF***

Hon. Debra Freeman
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Reply in Support of Letter Motion to Stay Proceedings
                 20-cv-484 (JGK-DCF), *Jane Doe v. Darren K. Indyke*, et al.

Dear Judge Freeman:

      On behalf of defendant Ghislaine Maxwell, I write in further support of a Motion to Stay Proceedings in this matter until the conclusion of the criminal trial in *United States v. Maxwell*, 20 Cr. 330 (AJN) ("Criminal Case").

      Plaintiff apparently concedes, by failing to respond, that (a) she is one of the three accusers mentioned in the Indictment in the Criminal Case, (b) substantial overlap, if not complete identity, therefore exists between the issues, witnesses and facts in the Criminal Case and her request for tens of millions of dollars from Ms. Maxwell in this case, (c) an indictment is legally "the most important factor" in a motion to stay parallel civil proceedings, (d) judicial economy will best be served by allowing the Criminal Case to proceed first, and (e) absent a stay, Ms. Maxwell will be forced to choose between her constitutional right to remain silent and her active and vigorous participation in defending against and refuting plaintiff's false claims in this case.

      Instead, Plaintiff argues that a stay would harm her (unspecified) interests and that litigating from inside the MDC under COVID-lockdown is "not [a] great" burden.  Both arguments are borderline frivolous.

      <u>No articulated harm to Plaintiff's interests</u>:  Despite proclaiming a stay will "harm plaintiff's interests," she fails to explain why.  *Ipse dixit* aside, Plaintiff correctly explains that she *can* participate in the Epstein claims program while simultaneously pursuing this civil action and (apparently) advancing her interests through the Criminal Case.  But she does not explain why the parties should be forced

Hon. Debra Freeman
September 4, 2020
Page 2

to expend Estate and Ms. Maxwell's resources litigating this civil case during the pendency of both the Epstein Claims Program and the criminal trial. If it is money she seeks, she can pursue it in the Claims Program during the stay or, barring successful participation, in a civil case to resume in August 2021, after Ms. Maxwell is at liberty to refute Plaintiff's claims. If it is "justice" she seeks, the Criminal Case will resolve those issues one way or the other. Plaintiff does not articulate a basis for her desire to pursue all three avenues simultaneously nor why such multiple paths are necessary to achieve her "interests." Perhaps not surprisingly, she also cites no legal authority to bolster her argument that she be permitted to do so.

Burden of Covid-lockdown in-custody litigation substantial: Plaintiff also contends that Ms. Maxwell's expressed concerns regarding the burden of litigating from detention in the MDC under Covid-restrictions are somehow overblown. As support, Plaintiff points out that that counsel on behalf of Ms. Maxwell filed an answer denying all of Plaintiff's allegations and served discovery requests on Plaintiff. Respectfully, it appears Plaintiff's counsel has not thought through, or is ignorant of, the current situation in detention in New York and the demands on a party in a civil litigation:

First, Ms. Maxwell cannot be deposed based on the current limitations put in place in the MDC by the Bureau of Prisons.

Second, Ms. Maxwell cannot participate in any other party or witness deposition.

Third, Ms. Maxwell cannot receive, review, edit or comment on pleadings, except via U.S. Mail in both directions. All such mail is taking over a week to get to her in one direction.

Fourth, Ms. Maxwell cannot go through her records, her computers, her photos, her documents, or any other file from the time period 1994-1999 to prepare her defense to Plaintiff's claims.

Fifth, even phone contact with Ms. Maxwell is limited, difficult and unpredictable. Legal calls are not always granted; many have been denied even as deadlines in the civil and criminal case are looming. On the best of days, these discretionary phone conferences must be scheduled at least three days in advance and are limited in duration, many times to 15 minutes.

Undersigned counsel has represented incarcerated individuals in other civil and criminal litigation. While it is *possible* to do so under normal conditions, the COVID ban on in-person visits, inability to bring documents into and out of the facility, and the age of the claims in this case renders the burden far more than Plaintiff apparently appreciates. That counsel for Ms. Maxwell was able to orally

Hon. Debra Freeman
September 4, 2020
Page 3

confer with her to prepare a complete denial Answer, or to draft discovery requests to Plaintiff based on her claims and damages, speaks to none of these actual, real and substantial practical difficulties to be anticipated in any future litigation in this matter.

By contrast, Plaintiff, who is not in custody and who launched her anonymous lawsuit nine months ago, inexplicably has been unable to produce during that time *any* documents corroborating her allegations. She filed a claim for $75 million (at last count), yet has failed to verify either her complaint or her interrogatory responses, has disclosed not a single treatment provider or expert who can support her supposed trauma, has not produced any documents that corroborate her alleged abuse, and has not provided a single basis for her multi-million-dollars of purported damages.  If it is so difficult for a party who is out of custody to find support for her claims or to swear to their veracity, the burden on a presumptively innocent pre-trial detainee to ferret out 26-year old documents to disprove those same claims should be obvious.

Contrary to Plaintiff's assertion, Ms. Maxwell has not suggested there is an "absolute right to stay this case simply because she has been indicted." Resp. at 6. The Second Circuit has a litany of factors, articulated in *Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 96 (2d Cir. 2012), and applied numerous times since. Plaintiff has not identified any case applying the *Louis Vuitton* factors in which an indicted civil defendant has been denied a stay when the plaintiff is actively participating in the criminal prosecution and has an alternative forum for seeking a financial remedy.  Plaintiff articulates no good basis for refusing such a stay here.

It is obvious that Plaintiff seeks to improperly exploit Ms. Maxwell's custodial status for her tactical advantage. Plaintiff knows that her best chance to capitalize on these false allegations is to keep Ms. Maxwell, and the truth, from participating. With Mr. Epstein dead and Ms. Maxwell, literally, handcuffed, the Plaintiff attempts to seize this opportunity and advance her charges with little or no opposition. Justice, here, would not be served by permitting these dubious claims to go forward unchallenged. Ms. Maxwell simply requests a brief stay so that she may defend herself.

Respectfully Submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF