

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

September 4, 2020

The Clerk of Court is directed
to file this letter on the Docket
of Case No. 20cv00484.

Dated:  09/09/2020

SO ORDERED

DEBRA FREEMAN
United States Magistrate Judge

<u>**BY EMAIL**</u>[1]

The Honorable Debra Freeman
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

Re:   *Jane Doe v. Darren K. Indyke, et al.*, 20 Civ. 484 (DCF) (JGK)

Dear Judge Freeman:

The Government respectfully submits this letter to request that the Court: (1) permit the Government to intervene in the above-referenced matter for the limited purpose of seeking a stay of the action, and (2) stay this matter in its entirety pending the resolution of the criminal prosecution against Ghislaine Maxwell in the matter of *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN).  As discussed below, the Government submits that a complete stay of this civil action will serve the public interest of preserving the integrity of the criminal prosecution against Maxwell and will conserve private, public, and judicial resources; and that those interests will outweigh any delay or disruption caused to the resolution of this civil action.

On June 29, 2020, a federal grand jury in this District returned a sealed indictment (the "Indictment") charging Ghislaine Maxwell with one count of conspiracy to entice minors to travel to engage in illegal sex acts, in violation of 18 U.S.C. § 371; one count of enticing a minor to travel to engage in illegal sex acts, in violation of 18 U.S.C. § 2422 and 2; one count of conspiracy to transport minors to participate in illegal sex acts, in violation of 18 U.S.C. § 371; one count of transporting minors to participate in illegal sex acts, in violation of 18 U.S.C. § 2423 and 2; and two counts of perjury, in violation of 18 U.S.C. § 1623.  The charges arise from a scheme to sexually abuse underage girls at Jeffrey Epstein's properties in New York, Florida, and New Mexico, between approximately 1994 and 1997.  As the Indictment details, Maxwell played a key role in Epstein's abuse of minors by helping Epstein to identify, groom, and ultimately abuse underage girls.

---

[1] While the Government understands that letters from parties are required to be filed via ECF, the Government is not a party in this matter, and the ECF system does not permit non-parties to file letters.

Over the past year, a number of plaintiffs have filed civil complaints in this District asserting claims arising from Jeffrey Epstein's sexual abuse of minor girls. Of those lawsuits, the above-captioned matter is the lone case in this District that has not yet been either resolved or stayed at this point, as far as the Government is aware. In particular, this matter appears to be the only remaining active civil case in this District in which claims against Ghislaine Maxwell have been asserted.

This Court has the inherent power to stay civil cases in the interests of justice pending the completion of criminal prosecution. *See Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936); *Kashi v. Gratsos*, 790 F.2d 1050, 1057 (2d Cir. 1986). Courts routinely grant applications to stay civil proceedings in order to protect a pending criminal case. *See, e.g.*, *Johnson v. New York City Police Dep't*, 01 Civ. 6570 (RCC) (JCF), 2003 WL 21664882, at *2 (S.D.N.Y. July 16, 2003); *Okoli v. Cty. of Nassau*, 15 Civ. 0701 (JS) (SIL), 2015 WL 8207496, at *2-3 (E.D.N.Y. Dec. 7, 2015).

The complaint in this civil action alleges that Maxwell facilitated the sexual abuse of a minor by Jeffrey Epstein in the 1990s. Those allegations will, by definition, touch on matters relating to the pending Indictment. Indeed, based on a review of the civil complaint, the Government understands that it is likely that should discovery in civil action go forward, multiple witnesses or potential witnesses at the criminal trial would be subject to deposition. Accordingly, there is a significant risk that proceeding with this civil matter would adversely affect the ongoing criminal prosecution against Maxwell. Those concerns include, among others: (i) subjecting potential trial witnesses in the criminal matter to depositions by civil litigants in advance of their testimony on similar matters in the criminal trial; (ii) subjecting the defendant to a deposition on matters for which she presently stands criminally charged in advance of her criminal trial; and (iii) the potential waste of significant judicial, government, and defense resources that would result from having both the civil and criminal proceeding move forward simultaneously given the potential of the resolution of the criminal case to impact any resolution of the civil action.

Courts generally apply a five-factor test in determining whether to stay a civil action pending the resolution of a related criminal matter, considering: (i) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation balanced against the prejudice to the plaintiffs if delayed; (ii) the private interests of and burden on the defendants; (iii) the interests of the courts; (iv) the interests of persons not parties to the civil litigation; and (v) the public interest. *SEC v. Beacon Hill Asset Mgmt. LLC*, No. 02 Civ. 8855, 2003 WL 554618, at *1 (S.D.N.Y. Feb. 27, 2003); *see also SEC v. Doody IV*, 186 F. Supp. 2d 379, 381 (S.D.N.Y. 2002). Here, the factors weigh in favor of granting a stay.

Here, while the Government appreciates the plaintiff's interest in resolving the civil suit,[2] any potential prejudice to the plaintiff is outweighed by both the public interest in the enforcement of criminal laws and the fact that resolution of the criminal process may result in a more efficient resolution of the civil suit. *See generally In re Ivan F. Boesky Sec. Litig.*, 128 F.R.D. 47, 49 (S.D.N.Y. 1989) ("the public interest in the criminal case is entitled to precedence over the civil

---

[2] As Maxwell also seeks a stay of this matter, it does not appear that granting the stay would cause any prejudice to Maxwell.

litigant"); *United States v. Hugo Key & Son, Inc.*, 672 F. Supp. 656, 685 (D.R.I. 1987) ("While a civil litigant with a private dispute has an interest in the prompt disposition of his or her claims, the public has a greater interest in the enforcement of the criminal law.").   In particular, any concern regarding the potential delay of this civil suit is outweighed by the concern that Maxwell would seek to assert her Fifth Amendment rights rather than submit to a deposition in the civil action, and that depositions of other witnesses could potentially interfere with the criminal prosecution.   *See United States v. Saad*, 229 F.R.D. 90, 91 (S.D.N.Y. 2005) (noting that invocations of the Fifth Amendment privilege can disrupt the orderly conduct of a civil case).  Moreover, given the factual overlap between the civil and criminal cases, allowing the criminal matter to be resolved in the first instance may result in a narrowing of the factual and legal issues before this Court.   *See Volmar Dist., Inc. v. New York Post Co.*, 152 F.R.D. 36, 40 (S.D.N.Y. 1993).  Accordingly, the interests of judicial economy are better served by the stay the Government seeks.

Additionally, consideration of the interests of third parties, including the public, weighs in favor of granting the stay.   In particular, the Government is not aware of any third parties that would be harmed by a stay, and, to the contrary, the public interest in the enforcement of the criminal law will be served by a stay.  Multiple third-party witnesses possess information that is potentially relevant to both this lawsuit and the criminal prosecution.[3]  Premature disclosure of the testimony of these witnesses could severely impair the criminal prosecution.  First, such witnesses may be forced to testify about any efforts to assist the criminal investigation and prosecution, and may thereby expose facts about the investigation that would otherwise not be disclosed far in advance of a criminal trial and could potentially expose witnesses and/or their families to harassment.  Moreover, permitting any discovery to proceed in this lawsuit would enable Maxwell to seek a preview of trial testimony in the criminal case, and would afford her with a broader array of discovery than she is entitled to in the criminal case.  *See Johnson*, 2003 WL 21664882, at *2 ("[T]he civil action, if not stayed, might undermine the criminal defendant's Fifth Amendment privilege against self-incrimination, expand the rights of discovery beyond the limits of the state's criminal procedure law, expose the basis of the defense to the prosecution, or otherwise prejudice the criminal case.").   Finally, the Government notes that Maxwell's access to information about the criminal matter is under the jurisdiction of the Honorable Alison J. Nathan, who has entered a protective order and has issued several rulings regarding the scope of discovery that Maxwell is

---

[3] In an August 25, 2020 opinion, Judge Nathan held that Maxwell is not entitled to know who the Government's trial witnesses are at this stage of the criminal case.  *United States v. Ghislaine Maxwell*, 20 Cr. 330 (AJN), Dkt. 49.  Consistent with that ruling, the Government is not including detailed information in this letter about who those trial witnesses might be and will not engage with Maxwell's speculation as to who those witnesses may be.   The Government respectfully submits that the Court need not make any findings on that score to resolve this motion, as a complaint concerning sexual abuse of minors by Epstein and Maxwell will inevitably implicate documents, witnesses, and other evidence that overlaps with the criminal matter, whether or not the plaintiff in this action—or the conduct she alleges—has any direct connection to the charges in the Indictment.  If it would be useful to the Court, however, the Government is prepared to provide an *ex parte* submission under seal detailing the anticipated overlap of witnesses between the criminal case and this case.

entitled to and the manner in which she may or may not use that information.  Given that Maxwell is represented by the same counsel in both the criminal and civil matter, a stay is necessary to avoid blurring the carefully drawn boundaries between the criminal case and pending civil litigation.

The Government recognizes that the plaintiff in this action has an interest in pursuing her claim against Maxwell.  To that end, the Government has considered whether a partial stay—or some other remedy short of a complete stay of this action—would address the Government's concerns.  However, after carefully considering the issues in this case and the pending criminal case, the Government respectfully submits that nothing short of a full stay of this matter would address the Government's concerns and preserve the public's substantial interest in avoiding interference with prosecution of the criminal case

Finally, the Government notes that any stay would be no longer than necessary to accommodate the interests of the criminal process.  At this time, the Government only seeks a stay until the conclusion of the criminal trial, which is scheduled to begin on July 12, 2021.

Respectfully submitted,

AUDREY STRAUSS
Acting United States Attorney


By: ____/s_____
    Maurene Comey
    Alison Moe
    Lara Pomerantz
    Assistant United States Attorneys
    Southern District of New York
    Tel: (212) 637-2324


Cc:     All counsel of record (by email)