

December 21, 2020

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

    Re:    *Doe v. Indyke, et al.,* **1:20-cv-000484-JGK-DCF**
            **Letter Motion to Dismiss Pursuant to FRCP 41(a)(2)**

Dear Judge Koeltl:

    Pursuant to FRCP 41(a)(2), plaintiff Jane Doe in the above-referenced action hereby requests that the Court dismiss this case forthwith in accordance with the terms set forth in the concurrently submitted stipulation for dismissal executed by both plaintiff Jane Doe and defendants Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey Epstein. Only defendant Ghislaine Maxwell is refusing to stipulate to the dismissal.

## Brief Background

    Following the filing of this lawsuit, plaintiff Jane Doe was consistently encouraged by the parties to stay this case so that she may participate in the Epstein Victims' Compensation Program ("the Program"). Because, however, the Program rules clearly stated that "[i]ndividuals who have filed a lawsuit need not agree to a stay of litigation or make any other concession in any pending litigation to be eligible to participate in the Program," plaintiff did not agree to such a stay. Instead, defendant Ghislaine Maxwell brought a motion to stay these proceedings which was then joined by the Epstein Estate and the U.S. Government. Magistrate Judge Freeman granted the stay.

    Since that time, plaintiff submitted a claim to the Program. The Program administrator made a monetary offer to plaintiff which plaintiff accepted. The Epstein Estate and Ghislaine Maxwell mandated that Ms. Maxwell be included in the Program settlement release (presumably because when she committed her tortious and criminal conduct against the victims she was doing so as an agent and/or employee in the scope of her agency and/or employment with Mr. Epstein). Plaintiff signed the release and sent it back to the Program administrator. The Program rules state, in part, that payment cannot be disbursed to the plaintiff until a dismissal has been entered in this action.

11111 Santa Monica Boulevard, Suite 700 • Los Angeles, California 90025 • 310.477.1700 phone • 310.477.1699 fax • www.psblaw.com



Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse

December 21, 2020
Page 2

     Now, however, after Ms. Maxwell is the one who sought to stay this case and push Plaintiff into the Program, she is now also the one who is preventing Plaintiff from dismissing this action in a timely and expedient manner pursuant to the terms of the Program.

     Despite the straightforward nature of the dismissal, counsel for Ms. Maxwell has found one excuse after another not to stipulate to the enclosed dismissal executed by the other parties. And despite Plaintiff's counsel's multiple attempts to secure Ms. Maxwell's stipulation, it has become increasingly obvious that she will inexplicably not provide it. Indeed, just today, counsel for Ms. Maxwell stated, for the very first time, that "I will be able to get back to you after I have had a chance to meaningfully discuss with my client. I do not know when that will occur but I am reasonably confident we will be able to meet the Court's January 12 deadline." Not one time did counsel for Ms. Maxwell bring this up during the meet and confer process concerning the dismissal. Nor did she raise it to Judge Freeman at a recent status conference concerning the dismissal that she is also blocking in another Epstein case entitled *Annie Farmer v. Darren K. Indyke, Richard D. Kahn, & Ghislaine Maxwell* 19-10475-LGS-DCF.

## Conclusion

     There is no good faith basis in fact or law for defendant Ghislaine Maxwell to prevent this case from being dismissed following the settlement reached among the parties. The only conceivable reason is that she is being difficult for the sake of being difficult. Ms. Maxwell has already done unimaginable harm to Plaintiff when she was a child. She should not be permitted to perpetuate that harm by not allowing Plaintiff to bring much needed closure to this chapter in her life. Plaintiff is respectfully requesting that the Court exercise its discretion and dismiss her case in accordance with the terms set forth in the partially executed stipulation for dismissal so she can satisfy the terms set forth in the Program rules, the Court can clear this case from its docket and the parties can move on.

                                                    Respectfully submitted,

                                                  PANISH SHEA & BOYLE

                                                  /s/ Robert Glassman

                                                  Robert Glassman

Encl.