

December 21, 2020

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:  *Doe v. Indyke, et al.,* **1:20-cv-000484-JGK-DCF**
**Letter Motion to Dismiss Pursuant to FRCP 41(a)(2)**

Dear Judge Koeltl:

Pursuant to FRCP 41(a)(2), plaintiff Jane Doe in the above-referenced action hereby requests that the Court dismiss this case forthwith in accordance with the terms set forth in the concurrently submitted stipulation for dismissal executed by both plaintiff Jane Doe and defendants Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey Epstein. Only defendant Ghislaine Maxwell is refusing to stipulate to the dismissal.

## Brief Background

Following the filing of this lawsuit, plaintiff Jane Doe was consistently encouraged by the parties to stay this case so that she may participate in the Epstein Victims' Compensation Program ("the Program"). Because, however, the Program rules clearly stated that "[i]ndividuals who have filed a lawsuit need not agree to a stay of litigation or make any other concession in any pending litigation to be eligible to participate in the Program," plaintiff did not agree to such a stay. Instead, defendant Ghislaine Maxwell brought a motion to stay these proceedings which was then joined by the Epstein Estate and the U.S. Government. Magistrate Judge Freeman granted the stay.

Since that time, plaintiff submitted a claim to the Program. The Program administrator made a monetary offer to plaintiff which plaintiff accepted. The Epstein Estate and Ghislaine Maxwell mandated that Ms. Maxwell be included in the Program settlement release (presumably because when she committed her tortious and criminal conduct against the victims she was doing so as an agent and/or employee in the scope of her agency and/or employment with Mr. Epstein). Plaintiff signed the release and sent it back to the Program administrator. The Program rules state, in part, that payment cannot be disbursed to the plaintiff until a dismissal has been entered in this action.



Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse

December 21, 2020
Page 2

      Now, however, after Ms. Maxwell is the one who sought to stay this case and push Plaintiff into the Program, she is now also the one who is preventing Plaintiff from dismissing this action in a timely and expedient manner pursuant to the terms of the Program.

      Despite the straightforward nature of the dismissal, counsel for Ms. Maxwell has found one excuse after another not to stipulate to the enclosed dismissal executed by the other parties. And despite Plaintiff's counsel's multiple attempts to secure Ms. Maxwell's stipulation, it has become increasingly obvious that she will inexplicably not provide it. Indeed, just today, counsel for Ms. Maxwell stated, for the very first time, that "I will be able to get back to you after I have had a chance to meaningfully discuss with my client. I do not know when that will occur but I am reasonably confident we will be able to meet the Court's January 12 deadline." Not one time did counsel for Ms. Maxwell bring this up during the meet and confer process concerning the dismissal. Nor did she raise it to Judge Freeman at a recent status conference concerning the dismissal that she is also blocking in another Epstein case entitled *Annie Farmer v. Darren K. Indyke, Richard D. Kahn, & Ghislaine Maxwell* 19-10475-LGS-DCF.

## Conclusion

      There is no good faith basis in fact or law for defendant Ghislaine Maxwell to prevent this case from being dismissed following the settlement reached among the parties. The only conceivable reason is that she is being difficult for the sake of being difficult. Ms. Maxwell has already done unimaginable harm to Plaintiff when she was a child. She should not be permitted to perpetuate that harm by not allowing Plaintiff to bring much needed closure to this chapter in her life. Plaintiff is respectfully requesting that the Court exercise its discretion and dismiss her case in accordance with the terms set forth in the partially executed stipulation for dismissal so she can satisfy the terms set forth in the Program rules, the Court can clear this case from its docket and the parties can move on.

                            Respectfully submitted,

                              PANISH SHEA & BOYLE

                              /s/ Robert Glassman

                              Robert Glassman

Encl.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>    v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, GHISLAINE MAXWELL, an individual,<br><br>      Defendants. | Case No. 1:20-cv-00484-JGK_____ |

## JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE

IT IS HEREBY STIPULATED by and between all Parties to this action, by and through their undersigned counsel of record, that the action be dismissed in its entirety, with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii).

IT IS FURTHER STIPULATED that each party shall bear its own attorney's fees and costs of suit.

IT IS FURTHER STIPULATED that nothing herein shall be construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from the Estate Of Jeffrey E. Epstein, Darren K. Indyke, in his capacity as Executor of the Estate Of Jeffrey E. Epstein, Richard D. Kahn, in his capacity as Executor of the Estate Of Jeffrey E. Epstein, or NES, LLC, a New York Limited Liability Company, or release any such claims as between the Defendants. Nor does anything herein prejudice the Estate Of Jeffrey E. Epstein, Darren K. Indyke, in his capacity as

Executor of the Estate Of Jeffrey E. Epstein, Richard D. Kahn, in his capacity as Executor of the Estate Of Jeffrey E. Epstein, or NES, LLC's rights and legal positions with respect to Ms. Maxwell's seeking of fees or costs related to this matter, all of which rights and legal positions are hereby expressly preserved.

                                        Respectfully submitted,

                                        PANISH SHEA & BOYLE LLP

Dated:  December 21, 2020          By:   /s/  Robert Glassman

                                        Robert Glassman, Esq.
                                        Panish Shea & Boyle LLP
                                        11111 Santa Monica Blvd., Suite 700
                                        Los Angeles, CA 90025
                                        Tel:  (310) 477-1700
                                        glassman@psblaw.com
                                        *Attorneys for Plaintiff*

Dated:  December 21, 2020          By: [signature]

                                        Bennet Moskowitz, Esq.
                                        Troutman Pepper Hamilton Sanders LLP
                                        875 Third Avenue
                                        New York, New York 10022
                                        Tel: (212) 704-6087
                                        bennet.moskowitz@troutman.com

                                        *Attorneys for Defendants Darren K. Indyke and Richard D. Kahn, Co-Executors of the Estate of Jeffrey Edward Epstein*

Dated: _____        By: _____

                                                    Lauran Menninger, Esq.
Haddon, Morgan & Foreman, P.C.
150 East 10th Avenue
Denver, CO 80203
Tel: (303) 831-7364
LMenninger@HMFLaw.com
*Attorneys for Defendant Ghislaine Maxwell*