

**Haddon, Morgan and Foreman,** P.C
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364   FX 303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

December 22, 2020

*VIA ECF*

Hon. John Koeltl
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    Response to Letter of Plaintiff dated December 21
               20-cv-484 (JGK-DCF), *Jane Doe v. Darren K. Indyke*, et al.

Dear Judge Koeltl:

      On behalf of defendant Ghislaine Maxwell, I write in response to plaintiff's "Letter Motion to Dismiss Pursuant to FRCP 41(a)(2)" dated December 21, 2020, wherein counsel makes a number of factually and legally inaccurate statements.

      Plaintiff previously wrote the Court on December 15, 2020, asking for a pre-motion conference regarding her intent to file a Motion to Dismiss pursuant to Rule 41(a)(2).  This Court then issued an endorsement on December 17, 2020, advising that the parties need not have such a conference if they "submit a stipulation" of dismissal.  In the absence of such a stipulation, the Court set a conference for January 12, 2021 at 3:30 p.m.  *See* Doc. # 85.

      Without waiting for that conference and without negotiating with all parties a stipulation of dismissal, plaintiff now moves *prior to the pre-motion conference* to dismiss the case.  She does not explain why she should be relieved of the rules requiring a pre-motion conference, nor her apparent disregard of the conference scheduled in January.  Rather, she files her "Letter Motion to Dismiss" by levying baseless and false attacks on Ms. Maxwell and her counsel. As explained below, the parties have yet to complete conferring on the terms of a stipulated dismissal and therefore any ruling on the Letter Motion to Dismiss is premature.

      Plaintiff asserts that "Ms. Maxwell has found one excuse after another not to stipulate to the enclosed dismissal executed by the other parties."  This is not true. Plaintiff's counsel first advised the defendants on December 11, 2020, that his client had accepted the offer from the Epstein program.  Undersigned counsel inquired

Hon. John Koeltl
December 22, 2020
Page 2

repeatedly of plaintiff whether she would be willing to provide a copy of her signed and executed release of Ms. Maxwell in exchange for a stipulation to dismiss. Plaintiff never agreed to provide such a release. Plaintiff instead filed her "Letter Motion to Dismiss" without mentioning the disputed condition. It is plaintiff's refusal to answer whether she will provide a complete unredacted version of her signed release that has caused the delay in the parties' ability to reach agreement on the terms of a stipulated dismissal. Plaintiff's counsel offered an alternative – a redacted copy of the signed release – but undersigned counsel advised that she could not accept that counteroffer without conferring with her client. Ms. Maxwell is in custody and not able to communicate at will with her counsel. Instead of waiting for that discussion, plaintiff's counsel filed the Letter. He has not explained why he could not wait a day or two for counsel to confer with her client and to then continue the negotiations regarding a stipulated dismissal. **Plaintiff, after all, waited (according to her false allegations) twenty-three years to bring this lawsuit but cannot wait 2-3 days for counsel to confer with her incarcerated client.**

If the Court is inclined to rule on the Letter Motion prior to any pre-motion conference or completion of the parties' conferral, Ms. Maxwell believes under Rule 41(a)(2) that the following "terms" are "proper" and should be included in the dismissal order:

a) Plaintiff provide a complete, unredacted version of her signed and executed release that purports to cover any and all claims against Ms. Maxwell so that she cannot bring a duplicative litigation in any forum;

b) The language included in plaintiff's proposed dismissal concerning Ms. Maxwell's rights with respect to her ongoing litigation against the Estate for indemnification be included in the Court's Order.

c) Plaintiff pay the attorneys' fees and costs incurred by Ms. Maxwell in litigating this action;

First, Ms. Maxwell requests her counsel be provided a copy of plaintiff's signed and executed release. In the event plaintiff attempts to sue her again in any forum at some unknown time in the future, Ms. Maxwell needs a signed and executed release so that she has a legally enforceable document to seek dismissal of any such claim. Plaintiff's counsel's representations in correspondence that she is releasing Ms. Maxwell are insufficient. Ms. Maxwell has had no role in negotiating the terms of the Epstein Victims' Compensation Program. She is neither a signatory to any of its terms nor contractually bound by them. Whatever plaintiff was assured by the Program in terms of confidentiality apparently did not take into account the needs of third-party beneficiaries of her agreement to release "any employees of the Estate, Mr. Epstein, or any entities owned or controlled by the Estate." Counsel is unaware

Hon. John Koeltl
December 22, 2020
Page 3

of any legal support for refusing to provide a copy of a release to the released party; plaintiff's pre-motion letter cites none.

Second, Ms. Maxwell also seeks to ensure that the dismissal is without prejudice to her ability to seek indemnification from Darren K. Indyke and Richard D. Kahn, the executors of the Estate of Jeffrey E. Epstein (the "Estate") for fees and costs incurred in defending against this action. Her request for indemnification is presently subject to pending litigation in the Superior Court of the Virgin Islands District of St. Thomas & St. John, Case Number ST-20-CV-155 (the "Indemnification Litigation"). In her proposed stipulation of dismissal under Rule 41(a)(2), plaintiff included the following language: "this action shall be dismissed with prejudice, with each party to bear its own attorneys' fees and costs." The broad language contained in plaintiff's proposed stipulation could arguably act to waive Ms. Maxwell's ability to recover fees and costs incurred during litigation of *this* case in the Indemnification Litigation. Ms. Maxwell requests that the court include a term of dismissal that expressly preserves Ms. Maxwell's rights to seek fees and costs in the Indemnification Litigation against the Estate.

Third, the grounds for an award of attorneys' fees and costs are numerous. First, plaintiff improperly brought this baseless civil suit against Ms. Maxwell, making claims that are decades old without a shred of documentary or corroborative support. Ms. Maxwell absolutely denies plaintiff's claims against her; they are false.

Further, in addition to having to file an Answer, Ms. Maxwell was forced to litigate plaintiff's failure to provide appropriate Rule 26 disclosures to support her claims or to provide verified discovery responses. *See* Doc. #s 54, 60, 66. Although Ms. Maxwell, while incarcerated, managed to provide written discovery responses and initial disclosures, plaintiff, presumably *not* in custody, apparently was never able to quantify her damages nor to verify her interrogatory responses nor justify her failures to do so. Ms. Maxwell also was forced to litigate her request to stay the proceedings. Plaintiff refused to agree, even while she stated her intent to pursue the Epstein claims program. Only after the government intervened in this case to protect against Ms. Maxwell getting any discovery herein, did Judge Freeman grant a complete stay of the proceedings.

Plaintiff falsely claims that Ms. Maxwell "push[ed] Plaintiff into the Program." This also is not true. The grounds for Ms. Maxwell's Motion to Stay depended largely on the fact that she is currently under indictment based on the same allegations as were made by plaintiff in this case. Under Second Circuit precedent, a stay of civil proceedings is appropriate during the pendency of a related indicted criminal case. *See* Doc. # 69; *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.,* 676 F.3d 83, 96 (2d Cir. 2012). Nor did Ms. Maxwell dictate the terms of the Program or its required release: Ms. Maxwell and her counsel had no role whatsoever in crafting the Epstein program.

Hon. John Koeltl
December 22, 2020
Page 4

F.R.C.P. 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper.*" (emphasis supplied). Terms and conditions are generally imposed by the district court under Rule 41(a)(2) to protect the defendant from prejudice. 9 Wright & Miller, *Federal Practice and Procedure,* § 2366 (3d ed.2008). "Courts have imposed a variety of terms and conditions, including the imposition of costs or attorneys' fees *or requirements that the plaintiff produce documents* or agree to allow discovery to be used in any subsequent action." *In re Wellbutrin XL Antitrust Litigation*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010) (emphasis supplied) (citing 9 Wright & Miller, *Federal Practice and Procedure,* § 2366).

For the foregoing reasons, Ms. Maxwell requests first that the parties be provided an opportunity to finish conferral on the terms of a potential stipulated motion to dismiss. Barring that request, Ms. Maxwell asks that the Court enter an Order dismissing the case on the three terms outlined above.

Respectfully Submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF