## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

JANE DOE,

       Plaintiff,

   v.

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of the
ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

       Defendants.

Case No. 1:20-cv-00484-JGK_____

### PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO

### DISMISS WITH PREJUDICE PURSUANT TO FRCP 41(a)(2)

## TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ................................................................................................1

II.  BRIEF BACKGROUND ......................................................................................1

III. THE COURT HAS THE AUTHORITY TO DISMISS THIS CASE ...............................2

IV.  ALTERNATIVE RELIEF ....................................................................................3

V.   DISMISSAL OF THIS ACTION DOES NOT PREJUDICE MAXWELL .......................3

VI.  CONCLUSION...................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

**<u>Page</u>**

**<u>CASES</u>**

*Colombrito v. Kelly*,
 764 F2d 122, 133-34 (2d Cir. 1985 ..................................................................................... 3

Farmer v. Indyke et al.,
 19-cv-10475-LGS-DCF ................................................................................................. 1, 4

**<u>OTHER AUTHORITIES</u>**

F.R.C.P. Rule 41(a)(2) ............................................................................................................. 1, 2, 3

## I.    INTRODUCTION

As the Court has been previously advised, this case settled following Plaintiff's acceptance of a settlement offer made by the Epstein Victims' Compensation Program ("EVCP").  Dismissal of this action with prejudice is a condition of the settlement set forth in the settlement release executed by Plaintiff.  Despite Plaintiff's best and repeated efforts to reach a stipulated dismissal of this action both before and after the December 23, 2020 status conference this Court held regarding the case dismissal, those efforts have been met with resistance by Defendant Ghislaine Maxwell and the parties have been unsuccessful in reaching a resolution. For the foregoing reasons and those that follow, Plaintiff respectfully requests that the Court dismiss this action with prejudice, with each side to bear their own costs and fees, pursuant to F.R.C.P. Rule 41(a)(2) and according to the terms set forth in the previously submitted stipulation for dismissal executed by both plaintiff Jane Doe and defendants Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey Epstein (ECF 87).

## II.    BRIEF BACKGROUND

Defendant Ghislaine Maxwell and her counsel have attempted at every turn to delay this case from moving towards a resolution by trial, settlement or, now, through Plaintiff's participation in the EVCP.  At first, counsel for Ms. Maxwell refused to accept service on her behalf of the complaint, despite already being litigation counsel for Ms. Maxwell in another pending SDNY case brought by another Epstein/Maxwell victim (Farmer v. Indyke et al., 19-cv-10475-LGS-DCF), forcing Plaintiff to seek an order approving alternative service.  (ECF 45). Then, within a matter of weeks after making her first appearance in this case (ECF 52-53), Ms. Maxwell pleaded with Magistrate Judge Freeman to stay these proceedings on August 19, 2020 to avoid having to answer questions under oath about the abuse she and Jeffrey Epstein committed against Plaintiff as she remains jailed in New York and awaits her criminal trial in

which she is accused of recruiting and enticing minors to travel to engage in illegal sex acts. (ECF 69). Over Plaintiff's opposition, that motion was granted following briefs filed in support of Ms. Maxwell's request for a stay by the Estate of Jeffrey Epstein and the U.S. Government. (ECF 81).

And now, Ms. Maxwell has inexplicably refused to stipulate to a voluntary dismissal by Plaintiff of her lawsuit with prejudice following her acceptance of a settlement offer made by the EVCP. Ms. Maxwell claims, without any legal support, that she is first entitled to learn the amount of the settlement offer made to Plaintiff in connection to the confidential EVCP before she will consent to a dismissal. However, the EVCP did not involve Ms. Maxwell, she is not a party or signatory to the settlement release agreement and she is not contributing any money to the settlement. Despite this and without any obligation to do so, Plaintiff offered to make available to Ms. Maxwell and her counsel a redacted copy of the confidential settlement release agreement which Ms. Maxwell rejected. Plaintiff even proposed producing the release to Ms. Maxwell with the amount un-redacted if Plaintiff's name would remain redacted to protect her court ordered anonymity. Ms. Maxwell rejected that proposal too which calls into question her stated reason for refusing to stipulate to the dismissal.

## III.    THE COURT HAS THE AUTHORITY TO DISMISS THIS CASE

F.R.C.P. Rule 41(a)(2) states that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."

Plaintiff is requesting that the Court dismiss this action with prejudice, with each side to

bear their own costs and fees[1], according to the terms set forth in the previously submitted stipulation for dismissal executed by both plaintiff Jane Doe and defendants Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey Epstein (ECF 87). In light of Plaintiff's successful participation in the EVCP, dismissing the case with each party bearing its own fees and costs is proper. There are no counterclaims and Ms. Maxwell should not now be allowed to prevent Plaintiff from finalizing her successful participation in the Program, which Plaintiff was encouraged to participate in by Ms. Maxwell herself when she moved to stay these proceedings back in August of last year.

## IV.    ALTERNATIVE RELIEF

Alternatively, Plaintiff requests that the Court enter dismissal with prejudice as to defendants Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey Epstein only, with each side to bear their own costs and fees, and allow Plaintiff to continue the prosecution of her case against Ms. Maxwell after the stay is lifted following the completion of Ms. Maxwell's criminal case. This relief is requested only if the EVCP agrees to its settlement obligations despite Ms. Maxwell's ongoing participation in the case.

## V.    DISMISSAL OF THIS ACTION DOES NOT PREJUDICE MAXWELL

Plaintiff expects Ms. Maxwell to oppose this straightforward motion with a laundry list of excuses and grievances. One such anticipated argument is that Ms. Maxwell would be

---

[1] It is anticipated that Ms. Maxwell will argue that she is entitled to costs and fees. However, Ms. Maxwell is unable to obtain costs and fees from Plaintiff if this case is dismissed with prejudice. *Colombrito v. Kelly*, 764 F2d 122, 133-34 (2d Cir. 1985) ("attorney's fees have almost never been awarded" when a lawsuit is voluntarily dismissed with prejudice under Rule 41(a)(2)."

prejudiced should the case be dismissed according to the terms set forth in the previously submitted stipulation for dismissal. Ms. Maxwell, however, cannot seriously argue that she would somehow be prejudiced by the plaintiff's voluntary dismissal of a lawsuit against her with prejudice following a settlement reached between the plaintiff and another party.

Indeed, any such arguments raised by Ms. Maxwell in opposition to this motion must be met with suspicion in light of Ms. Maxwell's "lack of candor" to the Southern District of New York as recently noted by Judge Nathan in connection to Ms. Maxwell's second request for bail, which Judge Nathan, again, denied. (20-cr-330, ECF 106). Moreover, in the case of Farmer v. Indyke et al., 19-cv-10475-LGS-DCF, where Ms. Maxwell is also strangely objecting to the dismissal by the plaintiff following her acceptance of an offer in the EVCP, Judge Schofield recently questioned whether Ms. Maxwell's position is tenable in light of "the very substantial requests [she is] making." "US Judge Appears Unlikely to Require Disclosure of Epstein Accuser's Settlement With Estate," https://www.law.com/newyorklawjournal/2021/01/14/us-judge-appears-unlikely-to-require-disclosure-of-epstein-accusers-settlement-with-estate/?slreturn=20210014235043.

## VI.    CONCLUSION

Plaintiff respectfully requests that the Court dismiss her case with prejudice and in accordance with the terms set forth in the partially executed stipulation for dismissal so she can satisfy the terms set forth in the EVCP rules, the Court can clear this case from its docket and the parties can move on.

Respectfully submitted,

Dated: January 15, 2021

By:   /s/ Robert Glassman
    Robert Glassman
    PANISH SHEA & BOYLE LLP
    11111 Santa Monica Blvd., Suite 700
    Los Angeles, CA 90025
    Telephone:  (310) 477-1700
    Facsimile: (310) 477-1699
    glassman@psblaw.com
    *Attorneys for Plaintiff*

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Robert S. Glassman, hereby certify that Plaintiff's Memorandum of Law in Support of

Her Motion to Dismiss with Prejudice Pursuant to FRCP 41(a)(2) contains 1,119 words and

complies with the formatting rules set forth in the *Individual Practices of Judge John G. Koeltl*.

Respectfully submitted,

Dated: January 15, 2021                    By:   /s/ Robert Glassman
                                                 Robert Glassman
                                                 PANISH SHEA & BOYLE LLP
                                                 11111 Santa Monica Blvd., Suite 700
                                                 Los Angeles, CA 90025
                                                 Telephone:  (310) 477-1700
                                                 Facsimile: (310) 477-1699
                                                 glassman@psblaw.com
                                                 *Attorneys for Plaintiff*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 15 day of January, 2021, I electronically filed the

foregoing **PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION**

**TO DISMISS WITH PREJUDICE PURSUANT TO FRCP 41(a)(2)** with the Clerk of the

Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Bennet Jerome Moskowitz | Jeffrey S. Pagliuca |
| Charles Lawrence Glover | Laura A. Menninger |
| Mary Grace White Metcalfe | Haddon Morgan and Foreman |
| Molly S DiRago | 150 East 10th Avenue |
| Troutman Pepper Hamilton Sanders LLP | Denver, CO 80203 |
| 875 Third Avenue | (303)-831-7364 |
| New York, NY 10022 | Fax: (303)-832-2628 |
| 212-704-6000 | jpagliuca@hmflaw.com |
| bennet.moskowitz@troutmansanders.com | **lmenninger@hmflaw.com** |
| Charles.Glover@troutman.com | |
| marygrace.metcalfe@troutman.com | Attorney for Defendant, **Ghislaine** |
| molly.dirago@troutman.com | **Maxwell** |

Attorney for Defendant, **Darren K. Indyke** and **Richard D Kahn** *in their capacities as executors of the Estate of Jeffrey E. Epstein*

/s/ Robert Glassman
Robert Glassman