**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JANE DOE,<br><br>                  *Plaintiff,*<br><br>  v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, and GHISLAINE MAXWELL, an individual,<br><br>                  *Defendants.* | Case No. 1:20-cv-00484-JGK-DCF |

**CO-EXECUTORS' RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FRCP 41(a)(2)**

Defendants Darren K. Indyke and Richard D. Kahn, in their capacities as Co-Executors of the Estate of Jeffrey E. Epstein (the "Co-Executors"), submit this response to Plaintiff Jane Doe's Motion to Dismiss With Prejudice Pursuant to FRCP 41(a)(2) (ECF No. 37).

As the Co-Executors previously advised the Court, they have no objection to Plaintiff's request that the Court dismiss this action following her decision to accept the Epstein Victims' Compensation Program's (the "Program") independent Administrator's compensation determination. Accordingly, and as Plaintiff's counsel accurately notes, on December 21, 2020, the Co-Executors executed the Joint Stipulation for Dismissal of Entire Action With Prejudice (ECF No. 87).

The Co-Executors submit this Response solely to address Plaintiff's request for "alternate relief"—namely, for the Court to "enter dismissal with prejudice as to [the Co-Executors]…and allow Plaintiff to continue the prosecution of her case against Ms. Maxwell." (Pl.'s Mem. of Law [ECF 91-1] at p. 3.)  Such relief would be inappropriate.

Under the Program Protocol – a document drafted over several months with substantial input from claimants' counsel, and in which neither Ms. Maxwell nor her counsel had any involvement – a claimant who elects to accept the offer of compensation must release her claims against the Estate and persons who could potentially implead the Co-Executors.  (Ms. Maxwell has already sued the Estate in the U.S.V.I. seeking indemnification of her legal expenses, including in this case.  It is a matter of public record that the Estate has refused to indemnify Ms. Maxwell; its motion to dismiss her claims for such relief is pending.)

Program compensation determinations take this into consideration.  Further, Claimants remain free to pursue claims against any others and are in no way prohibited from communicating their experiences (if they wish) to law enforcement, the press, or the public.

Accordingly, Plaintiff's request for alternate relief fails to acknowledge that (1) the Program simply does not permit such relief and (2) relatedly, her Program compensation determination compensates her for damages recoverable from the Estate and Ms. Maxwell. Plaintiff may not unilaterally alter the Program Protocol to obtain a Court order that would permit her to seek double recovery by receiving full compensation from the Program while continuing to maintain an action against Ms. Maxwell.

## CONCLUSION

For the reasons stated above, the Co-Executors respectfully request that, (i) should the Court grant Plaintiff's Motion, the form of Order dismissing this action be the one already executed by the Co-Executors and Plaintiff (ECF No. 87); and (ii) in any event, the Court deny Plaintiff's request for "alternate relief," together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 29, 2021

By: */s/ Bennet J. Moskowitz*
  Bennet J. Moskowitz
  TROUTMAN PEPPER HAMILTON
  SANDERS LLP
  875 Third Avenue
  New York, New York 10022

  *Attorney for the Co-Executors*