# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------X

JANE DOE,

      Plaintiff,

v.                                                                         **20-cv-00484-JGK**

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of
the ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

      Defendants.

------------------------------------------------------X


**DEFENDANT GHISLAINE MAXWELL'S RESPONSE TO PLAINTIFF'S MOTION TO DISMISS WITH PREJUDICE PURSUANT TO FRCP 41(A)(2)**


Laura A. Menninger
Jeffrey S. Pagliuca
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

Defendant Ghislaine Maxwell hereby responds to plaintiff's Motion to Dismiss with Prejudice Pursuant to Fed. R. Civ. P. 41(a)(2).

## INTRODUCTION

This Court has the authority to -- and should -- impose two additional conditions on plaintiff's requested dismissal with prejudice.  First, the Court should order plaintiff to disclose to Ms. Maxwell the signed release she executed with the Estate of Epstein that purports to release Ms. Maxwell as a former employee of an Epstein-related entity.  Disclosure of the release will protect Ms. Maxwell's legal interests in (a) any future civil proceeding involving these parties, by serving as evidence of the actual name of the releasor, and (b) in her upcoming criminal trial, where she enjoys a constitutional, inviolate right to confront her accusers, including with evidence of their financial motive to fabricate stories against her.

Second, the Court should strike from plaintiff's proposed order the request for each party to bear its own costs and fees.  Although Ms. Maxwell is not seeking an order for her fees and costs in connection with the dismissal of this case from this Court, she reserves her right to do so in any future litigation against plaintiff and by way of her currently-filed indemnification lawsuit against the Estate in the U.S. Virgin Islands.  Ms. Maxwell believes that plaintiff knew at the time she moved for service of her Complaint on Ms. Maxwell that she intended to participate in the Epstein Victim's Compensation Fund ("EVCF"), that Ms. Maxwell would be released as a result of her participation in that fund, and also that Ms. Maxwell would shortly be indicted in the Southern District of New York.  Ms. Maxwell should not be prejudiced in her ability to pursue claims against plaintiff for abuse of process or malicious prosecution for bringing this lawsuit and to therein seek as damages recovery of her fees and costs in connection with her defense here.

Both conditions are necessary "terms" that are "proper" within the meaning of Rule 41(a)(2), and Ms. Maxwell respectfully requests that the Court order them as such.

## Legal Standards

Fed. R. Civ. P. 41(a)(2) provides "an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." Additional terms may be necessary to protect the interests of the defendant.  *See Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 175 (E.D.N.Y. 1997) ("The primary purpose of Rule 41(a)(2) is to protect the interest of the defendant.") (citations omitted).  The Second Circuit specifically authorizes the imposition of additional conditions to a plaintiff's request for a voluntary dismissal. *See Cross Westchester Dev. Corp. v. Chiulli,* 887 F.2d 431, 432 (2d Cir. 1989) ("The purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice."); *see also Gravatt v. Columbia Univ.*, 845 F.2d 54, 56 (2d Cir. 1988); 9 Fed. Prac. & Proc. Civ. § 2366 (4th ed.) ("The terms and conditions imposed by the district court upon granting a Rule 41(a)(2) voluntary dismissal motion generally are for the defendant's protection").

"The terms and conditions that may be imposed on a Rule 41(a)(2) dismissal are not limited to paying money. The district court may grant a dismissal on condition that the plaintiff produce documents or agree to allow any discovery in the dismissed action to be used in any subsequent action or otherwise reduce the inconvenience to the defendant caused by the dismissed case."  9 Fed. Prac. & Proc. Civ. § 2366 (4th ed.); *see also In re Wellbutrin XL Antitrust Litigation*, 268 F.R.D. 539, 543-44 (E.D. Pa. 2010) ("Courts have imposed a variety of terms and conditions, including the imposition of costs or attorneys' fees *or requirements that*

*the plaintiff produce documents* or agree to allow discovery to be used in any subsequent action.") (*citing* 9 Wright & Miller, *Federal Practice and Procedure*, § 2366)).

In its most recent decision on the "rarely litigated" Rule 41(a)(2), the Second Circuit concluded that a district court can impose conditions on a proposed dismissal with prejudice so long as the plaintiff is permitted the opportunity to accept dismissal on those conditions or continue the litigation if it deems those conditions too onerous. *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 109 (2d Cir. 2018). Specifically, the Circuit concluded that courts have the power to impose conditions on the dismissal (in that case, the imposition of attorneys' fees), and plaintiff then had "the choice between accepting the conditions and obtaining dismissal" or "if he feels that the conditions are too burdensome, withdrawing his dismissal motion and proceeding with the case on the merits." *Id.* (quotation omitted).

Later cases are in accord, holding that courts can impose conditions to overcome prejudice to the defendant by the dismissal sought by the plaintiff, giving the plaintiff the opportunity to accept the conditions and obtain the dismissal or reject the conditions and continue suit. In *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*, No. 19 CIV. 1576 (KPF), 2020 WL 1285511, at *1 (S.D.N.Y. Mar. 17, 2020), one of the conditions requested is a condition requested here – removal or revision of language that the parties would bear their own attorneys' fees and costs. The Court noted the American Rule and expressed no opinion on whether the defendant might be able to obtain fees and costs in later litigation. However, given the *possibility* of recovery, as a condition of the requested Rule 41(a)(2) dismissal, the Court adopted the defendants' proposed language regarding fees as a condition of dismissal, affording the plaintiff the opportunity to accept or reject that conditions to obtain the dismissal order sought. *Id.*; *accord Grgurev v. Licul*, No. 1:15-CV-9805-GHW, 2020 WL 2415698, at *4

3

(S.D.N.Y. May 12, 2020) (granting 41(a)(2) dismissal on condition that "Plaintiffs must stipulate that Defendants will be permitted to litigate their counterclaims in state court to cure prejudice to the Defendants").

Ms. Maxwell thus requests that the Court impose the above conditions on the Rule 41(a)(2) order of dismissal requested by plaintiff.  At that point, plaintiff can elect to accept those conditions and obtain the dismissal she seeks or proceed with the case on its merits.

## I.   The Requested Conditions Are Necessary to Preserve Ms. Maxwell's Legal Interests

### A.   Condition 1:  Disclosure of an Unredacted Copy of Plaintiff's Release Necessary for Future Litigation Purposes

#### 1.   Protects Ms. Maxwell against any future civil litigation from plaintiff.

Plaintiff brought this suit ***anonymously*** – yet she resists disclosure of a signed, authentic copy of her release which, counsel can only presume, would bar plaintiff from bringing a future lawsuit in some other forum at some other time against Ms. Maxwell.  Plaintiff's name is not on this lawsuit, so a dismissal with prejudice of this case would not evidence *this* particular Jane Doe's prohibition on re-litigation.  *See* Dkt. 5 (Motion to Proceed by Pseudonym); Dkt. 87 (plaintiff's proposed terms of dismissal lacking any reference to her name).  A simple search on the CM/ECF system reveals the dozens of *Jane Doe* lawsuits brought against Epstein and his Estate following the passage of New York's claim revival statute.

A simple review of the release purportedly signed by plaintiff in connection with her decision to accept an offer from the EVCP reveals why Ms. Maxwell needs a signed, authentic copy.  First, Ms. Maxwell's name is not specifically spelled out on the release itself.  *See* Ex. A ("General Release from the Epstein Victims' Compensation Program").  Rather, the release purportedly extends to the Estate, Epstein Entities, and a number of different persons associated

with the Estate or Epstein.  *Id.* at 2-3.  Based on the representations of counsel, Ms. Maxwell

believes that she would be covered by any release signed by plaintiff.  Notably, however, the

release contains a provision that states, "This General Release specifically does not include

_____ as a Releasee or released party under this Agreement."  *Id.* at 4.  Did plaintiff include

Ms. Maxwell's name in that blank before signing the release?  Ms. Maxwell certainly does not

know.  The release also contains the amount of compensation offered to plaintiff in consideration

for her release.  *Id.* at 1.

Should plaintiff (*Jane Doe*) opt to sue Ms. Maxwell in some other jurisdiction in some

other court of law at some unspecified time in the future, Ms. Maxwell needs the signed,

authentic, unredacted copy of this release as the proof she needs to plead claim and issue

preclusion as a defense to any such lawsuit. A copy of the Complaint and dismissal in this case

will not suffice; the suit was brought anonymously and there is no pleading containing plaintiff's

true name on the docket or associated with plaintiff's motion to dismiss with prejudice.  Without

an authentic copy of the release, Ms. Maxwell would be unable to establish *who* had sued her

previously and the extent of the associated dismissal.  *See, e.g.,* Ex. A at 1-2 (release extends to

all claims "whether now existing, hereafter existing or revived in the future" and whether they

arose "in Florida, New Mexico, New York, the United States Virgin Islands, France or any other

country, state, territory, possession or jurisdiction or otherwise").

Plaintiff offers no justification for her refusal to provide a signed and executed copy to

Ms. Maxwell, one of the purported releasees.  Certainly, the EVCP does not prohibit her from

sharing the information. The confidentiality of the program expressly does not prohibit any of

the claimants from sharing information associated with their claim or compensation.  *See* Epstein

Victims' Compensation Program at 8-9 (May 29, 2020) ("Individual Claimants are not bound

through the Program by any rules of confidentiality.").[1]  Despite knowing this was a requested term, plaintiff completely failed to address the request in her Motion.  There simply is no justification for keeping a copy of the release from one of the putative releasees and the person against whom plaintiff instituted this anonymous action. Ms. Maxwell needs a signed and executed release so that she has a legally enforceable document to seek dismissal of any future claim brought by plaintiff.

### 2.   Protects Ms. Maxwell's confrontation rights in her criminal trial

Ms. Maxwell further needs a copy of the signed, authentic release to pursue her constitutional right to confront her accusers in her ongoing criminal case.  Plaintiff has not denied that she is a likely witness in the upcoming criminal trial in *United States v. Maxwell*, 20 cr 330 (AJN).[2]  The allegations in this civil complaint track closely with those contained in the Indictment against Ms. Maxwell, thus there is a reasonable assumption that plaintiff may be a government witness. If so, Ms. Maxwell is entitled to cross examine her on the allegations in the Complaint, including her demands for millions of dollars at the same time she was pursuing a criminal case against Ms. Maxwell.  The lack of the signed, unredacted release including the amount of compensation prejudices Ms. Maxwell's ability to confront plaintiff during her criminal trial on her bias and motive for fabrication.  A criminal defendant "states a violation of the Confrontation Clause by showing that [s]he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the

---

[1] https://www.epsteinvcp.com/documents/4

[2]  The U.S. Attorney's Office still refuses to identify to Ms. Maxwell the accusers mentioned in the Indictment.  *See* Dkt. # 80 (Government motion to intervene and stay case) at 3 n.3 ("Judge Nathan held that Maxwell is not entitled to know who the Government's trial witnesses are at this stage of the criminal case [so] the Government is not including detailed information in this letter about who those trial witnesses might be and will not engage with Maxwell's speculation as to who those witnesses might be.").

witness, and thereby 'to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of the witness.'" *Delaware v. Van Arsdall*, 475 U.S. 673 (1986) (*quoting  Davis v. Alaska,* 415 U.S. 308, 318, (1974)). "[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Olden v. Kentucky*, 488 U.S. 227, 231 (1988) (*quoting Davis*, 415 U.S. at 316-17).  The amount of money plaintiff sought, and accepted, from the EVCP, qualifies as exculpatory *Brady* material.  *C. f. Moore v. Marr*, 254 F.3d 1235, 1244 (10th Cir. 2001) (witness's "application for victim compensation payments and application for and receipt of emergency victim compensation payments may well have been 'favorable' within the meaning of *Brady*," requiring government disclosure of exculpatory evidence to criminal defendants).[3]

Without knowledge of the complete terms of plaintiff's agreement with the Estate, including the settlement obtained, Ms. Maxwell and her counsel are precluded from fully cross-examining plaintiff.  If the sum is large, the motive for fabrication of stories and the existence of bias are obvious.  If the sum is small, yet was accepted, the credibility of any of plaintiff's allegations are cast into serious doubt.  Regardless, Ms. Maxwell is entitled to the information of complete terms, including economic terms, of the agreement with the Epstein Estate under the EVCP to enable her to fully exercise her Constitutional rights under the Confrontation Clause at her criminal trial in the cross examination of plaintiff should she appear as a witness.  Including the production of an unredacted copy of the release executed by plaintiff as a condition of dismissal of this case will prevent the legal prejudice of impairing Ms. Maxwell's rights under

---

[3] It is unknown if the Government, who intervened in this case, is in possession of a non-redacted copy of plaintiff's agreements and, if so, when it plans to produce them as *Brady* or *Giglio* material in the criminal matter if plaintiff is indeed a prosecution witness.

the Sixth Amendment to confront the witnesses against her and to the assistance of effective

counsel. *See* U.S. Const. amend. 6; *Crawford v. Washington,* 541 U.S. 36 (2004).

### B. Condition 2: Inclusion of clause requiring each party to bear its own costs and fees prejudices Ms. Maxwell's right to prevailing party costs and to bring future suit for abuse of process or malicious prosecution

Ms. Maxwell seeks the second condition – removal of the language "each party shall bear

its own attorney's fees and costs of suit"[4] – to preserve her rights to seek her costs as the

prevailing party and to sue plaintiff for damages.

First, Ms. Maxwell is the prevailing party as a result of plaintiff's voluntary dismissal

with prejudice and therefore is entitled to costs as a matter of law. Rule 54(d)(1) provides that

"[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than

attorney's fees—should be allowed to the prevailing party." "Courts consistently have found

defendants to be prevailing parties where the action against them was voluntarily dismissed with

prejudice." *Ctr. for Discovery, Inc. v. D.P.,* No. 16-CV-3936 (MK) BRER, 2018 WL 1583971, at

*14 (E.D.N.Y. Mar. 31, 2018); *see Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 70

(N.D.N.Y. 2002) ("All circuit courts to have directly addressed this issue have concluded that a

defendant [who has obtained a voluntary dismissal with prejudice] is a prevailing party, or

alternatively, that a district court has discretion to award costs to the defendant."); *see*

*also Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165 (2d Cir. 2014) (disclaiming prior

---

[4] Plaintiff failed to submit an actual Proposed Order, instead asking that the "Court dismiss her case with prejudice and in accordance with the terms set forth in the partially executed stipulation for dismissal." *See* Motion, Conclusion, at 7. Putting aside the procedural deficiency in the failure to provide a Proposed Order, this Court cannot enter an "order" that is stated in terms of a "Stipulation" to which the parties have not agreed, including terms such as "It is hereby Stipulated" and "It is Further Stipulated." *Compare* Rule 41(a)(1)(2) (permitting dismissal by a stipulation "signed by all parties who have appeared"). Ms. Maxwell is aware of no rule or precedent that would permit the Court to order her to "stipulate" to something to which she has not agreed.

Second Circuit dicta which stated that "generally the defendant is not considered the prevailing party when, as here, there is a voluntary dismissal of the action by the plaintiff with prejudice." (citations omitted)). "A voluntary dismissal of an action with prejudice [is considered to materially alter the relationship of the parties], because it constitutes 'an adjudication on the merits for purposes of *res judicata.*'" *Carter*, 759 F.3d at 165 (citation omitted).

In this response, Ms. Maxwell is not presently seeking attorneys' fees from plaintiff.  Yet, plaintiff's proposed language would prejudice Ms. Maxwell from pursuing all future legal remedies against plaintiff for her false and baseless allegations here.  Ms. Maxwell should not be precluded from pursuing damages (including her attorneys' fees incurred in defending this action) in a different civil action premised upon the torts of abuse of process or malicious prosecution.

Ms. Maxwell is legally entitled to be deemed the prevailing party, with all rights that flow naturally therefrom, including an award of costs in this case as the prevailing party and the right to pursue claims any appropriate legal remedies should she later so choose.  Inclusion of the language in the "stipulation" proposed by plaintiff legally prejudices Ms. Maxwell's ability to do so.

## II.   Plaintiff's Request for Alternative Relief Unsupported by Law

Without any legal support, plaintiff seeks as "alternative relief" an order by this Court re-writing the terms of the EVCP, carving out the portion of the release that admittedly applies to Ms. Maxwell as a former employee of Epstein-related entities.  Not only does plaintiff fail to cite any legal support for this request, but she also makes it contingent upon an agreement by the EVCP (not a party to this action) to its "settlement obligations."  Motion at 3.

Because there is no legal (or factual) support for plaintiff's request, Ms. Maxwell asks this Court to deny the "alternative" relief sought.

## CONCLUSION

For the foregoing reasons, Ms. Maxwell respectfully requests that the Court impose as conditions of any Rule 41(a)(2) Order of Dismissal with Prejudice that:

1.   Plaintiff shall provide to Ms. Maxwell an unredacted and signed copy of the release she has executed with the Epstein Victims' Compensation Program, including the amount of compensation she stands to receive in exchange for such release and including her legal name; and

2.   Remove any language ordering each party to bear its own costs and attorneys' fees in connection with this action.

A Proposed Order is provided herewith for the Court's convenience.

Dated: January 29, 2021

Respectfully submitted,

*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
Jeffrey S. Pagliuca (*pro hac vice*)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com
jpagliuca@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## Certificate of Service

I hereby certify that on January 29, 2021, I electronically filed the foregoing *Defendant Ghislaine Maxwell's Response to Plaintiff's Motion to Dismiss with Prejudice Pursuant To FRCP 41(A)(2)* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Boyle
Robert Glassman
Panish, Shea & Boyle
11111 Santa Monica Blvd., Ste 700
Los Angeles, CA 90025
boyle@psblaw.com
glassman@psblaw.com

Bennet J. Moskowitz
Charles L. Glover
Mary Grace W. Metcalfe
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
bennet.moskowitz@troutman.com
charles.glover@troutman.com
marygrace.metcalfe@troutman.com

Molly S. DiRago
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
molly.dirago@troutman.com

*s/ Nicole Simmons*