Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, New York 10022

troutman.com

---

**Bennet J. Moskowitz**
bennet.moskowitz@troutman.com

February 5, 2021

**VIA ECF**

Hon. John G. Koeltl
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, NY 10007

**Re:** *Jane Doe v. Darren K. Indyke and Richard D. Kahn, in their capacities as executors of the Estate of Jefferey E. Epstein, and Ghislaine Maxwell*, **No. 1:20-cv-00484-JGK-DCF**

Dear Judge Koeltl:

  We represent Defendants Darren K. Indyke and Richard D. Kahn, as Co-Executors of the Estate of Jefferey E. Epstein (the "Co-Executors"), in the above-referenced action. We write in response to the letter filed yesterday by Plaintiff (Doc. 94) in which she asks the Court to "continue her Motion to Dismiss and defer its ruling on it until after we know whether or not the settlement reached among the parties will be honored by the [Epstein Victims' Compensation Program ("EVCP")]."[1] The Court should deny Plaintiff's request, which is based on her counsel's apparent misunderstanding of the letter annexed thereto from the EVCP's Administrator.

  Yesterday, the EVCP's Administrator announced a *prospective*, temporary suspension of *new* compensation determinations pending the Estate's resolution of liquidity issues. This temporary suspension in no way affects Plaintiff, who accepted her compensation determination *before* the suspension. Therefore, there was no need for Plaintiff's new request, let alone her counsel's erroneous suggestion of "collusive efforts" to "disenfranchise" her.

  There is only one reason Plaintiff has not yet received her payout from the EVCP: Defendant Ghislaine Maxwell's refusal to stipulate to dismissal of this action absent

---

[1] Because there is no "settlement … among the parties," we assume that Plaintiff is referring to her acceptance of the EVCP's independent Administrator's compensation determination.

February 5, 2021
Page 2



certain conditions. The Court directed the parties to complete briefing on that issue by today; there is no need to alter that schedule.

      Finally, Plaintiff's counsel again wrongly suggests there is something improper about the fact that the EVCP Protocol – a document drafted over several months with substantial input from claimants' counsel, and in which neither Ms. Maxwell nor her counsel had any involvement – provides that a claimant who elects to accept the EVCP offer of compensation must release her claims against the Estate and persons who could potentially implead the Estate or the Co-Executors. It thus bears reiterating that: (i) Plaintiff's Program determination compensates her for damages recoverable from the Estate *and Ms. Maxwell*; and (ii) it is both reasonable and unremarkable that the Protocol prevents Plaintiff from seeking double recovery.

Respectfully submitted,

/s/ Bennet J. Moskowitz
Bennet J. Moskowitz


cc:    All counsel of record