UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANE DOE,<br><br>      Plaintiff,<br><br>  v.<br><br>DARREN K. INDYKE and RICHARD D. KAHN, in their capacities as executors of the ESTATE OF JEFFREY E. EPSTEIN, GHISLAINE MAXWELL, an individual,<br><br>      Defendants. | Case No. 1:20-cv-00484-JGK_____ |

**PLAINTIFF'S REPLY IN SUPPORD OF MOTION TO DISMISS WITH PREJUDICE**

**PURSUANT TO FRCP 41(a)(2)[1]**

---

[1] Plaintiff submitted a letter to this Court on February 4, 2021 (ECF 94) requesting that this Motion be continued and ruling on it deferred in light of new information concerning the Epstein VCP's uncertainty in making settlement offer payment to victims. However, upon review of the Epstein Estate's letter of today's date (ECF 95) and subsequent confirmation from the Epstein VCP's Fund Administrator, Plaintiff has been assured that her settlement will be funded promptly upon the Fund Administrator's receipt of the dismissal in this action. For these reasons, Plaintiff hereby withdraws her request that the Court continue this Motion and respectfully requests that the Court grant her Motion, together with such other and further relief as the Court deems just and proper.

Plaintiff Jane Doe submits this reply brief in further support of her motion to dismiss this action with prejudice, with each side to bear their own costs and fees, pursuant to F.R.C.P. Rule 41(a)(2) and according to the terms set forth in the stipulation for dismissal executed by both plaintiff Jane Doe and defendants Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey Epstein (ECF 87).

I.     **MAXWELL IS NOT THE PREVAILING PARTY**

Defendant Ghislaine Maxwell objects to the Court dismissing Plaintiff's case with prejudice pursuant to the proposed terms set forth in Plaintiff's Motion following the global settlement reached last year.  Specifically, Ms. Maxwell argues it would be inequitable for the Court to dismiss the case against her without preserving her right to seek fees and costs against the Plaintiff and without an order that Plaintiff produce to her an un-redacted copy of the confidential settlement agreement.

Further highlighting her documented "lack of candor" with the SDNY[2], Ms. Maxwell contends that she is somehow the "prevailing party" here and therefore should not be precluded from pursuing fees and costs against Plaintiff at some later time.  Ms. Maxwell, however, is not the prevailing party.  Rather, dismissal of this action with prejudice is a condition of the *settlement* set forth in the settlement release executed by Plaintiff.  Indeed, as plainly stated on page 4 in the general release agreement attached by Ms. Maxwell as Exhibit A to her Opposition:

> "Releasor will dismiss with prejudice any and all legal actions -- whether lawsuits, probate claims or otherwise – that Releasor has filed against any of Releasees, with each party to bear her, his or its own costs and attorneys' fees and will submit proof of dismissal to the Administrator along with or prior to the signed acceptance of the Compensation Offer and this executed Release." (ECF 93-1).

Accordingly, not only does the settlement agreement direct Plaintiff to dismiss this action with prejudice, it also expressly states that each party in such legal action will "bear her, his or its own costs and attorneys' fees…"  Ms. Maxwell cannot insulate herself from future liability by

---

[2] 20-cr-330, ECF 106.

agreeing to and benefiting from her inclusion in this settlement agreement as Jeffrey Epstein's joint tortfeasor/accomplice/former employee but then turn around and claim she is also the "prevailing party."

Further and notwithstanding the plain language of the settlement release, defendants Darren Indyke and Richard Kahn, Co-Executors of the Estate of Jeffrey Epstein, have stipulated that Ms. Maxwell shall not be precluded from seeking fees or costs related to this matter against the Epstein Estate and/or its related entities. (ECF 87). Ms. Maxwell's rambling tale about why she would suffer prejudice to have this action dismissed against her with prejudice is thus much ado about nothing.

And finally, even if Ms. Maxwell was the prevailing party—which she is not—recovery of fees and costs against Plaintiff would be improper since dismissal is requested with prejudice.[3] See *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985) (explaining that the purpose of awarding fees and costs to prevailing party when cases are dismissed without prejudice "is generally to reimburse the defendant for the litigation costs incurred, in view of the risk (often the certainty) faced by the defendant that the same suit will be refiled and will impose duplicative expenses"). Conversely, when an action is dismissed with prejudice, such as what is being requested here, fees "have almost never been awarded" because "the defendant, unlike a defendant against whom a claim has been dismissed without prejudice, has been freed of the risk of relitigation of the issues just as if the case had been adjudicated in his favor after a trial, in which event (absent statutory authorization) the American Rule would preclude such an award"). *Id*. at 134.

---

[3] Ms. Maxwell cites a single case in which a court included a condition to voluntary dismissal allowing the defendant to seek fees and costs, but that was a case in which the voluntary dismissal was without prejudice. *Simon J. Burchett Photography, Inc. v. A.P. Moller Maersk A/S*, No. 19 CIV. 1576 (KPF), 2020 WL 1285511, at *1 (S.D.N.Y. Mar. 17, 2020).

## II. THE EVCP PREVENTS VICTIMS FROM CARVING MAXWELL OUT OF THE SETTLEMENT AGREEMENT

Ms. Maxwell attempts to lure the Court into believing that Plaintiff may have elected to carve Ms. Maxwell out of the settlement release to justify her need for an un-redacted copy of the confidential settlement agreement. (ECF 93 at 5). Ms. Maxwell knows, however, that the EVCP protocols prevent any victims, including Plaintiff, from carving out Ms. Maxwell from the settlement release. The Epstein Estate concedes this point in its response to this Motion (ECF 92 at 2).

Under the settlement agreement, it is Plaintiff's sole option to disclose the confidential information and documentation relating to her participation in the EVCP Program. (ECF 93-1 at 4). Plaintiff chooses to maintain that confidentiality. Plaintiff was promised confidentiality when she chose to participate in the EVCP following the stay of this case requested by Ms. Maxwell. Plaintiff cannot be required to now waive that confidentiality in order to dismiss this case and receive payment. Such a condition would eviscerate the confidentiality promised to victims who chose to participate in the EVCP, and would deter continued participation in the Program.

## III. CONCLUSION

For the reasons stated above and in her moving brief (ECF 91), Plaintiff respectfully requests that the Court grant her motion to dismiss with prejudice, together with such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: February 5, 2021

By: /s/ Robert Glassman
Robert Glassman
PANISH SHEA & BOYLE LLP
11111 Santa Monica Blvd., Suite 700
Los Angeles, CA 90025
Telephone: (310) 477-1700
Facsimile: (310) 477-1699
glassman@psblaw.com
*Attorneys for Plaintiff*