

February 4, 2021

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

> Application denied. The reply brief has already been filed.  There is no need for a hearing at this time.  SO ORDERED.
>
>                         /s/ John G. Koeltl
> February 5, 2021       John G. Koeltl
> New York, NY           U.S.D.J.

      **Re:**   *Doe v. Indyke, et al.,* **1:20-cv-000484-JGK-DCF**
             **Update Regarding Settlement and Plaintiff's Pending Motion to Dismiss**

Dear Judge Koeltl:

      On October 16, 2020, the Epstein Victims' Compensation Program (EVCP) made an offer of compensation to Plaintiff who accepted that offer on November 29, 2020.  As the Court was previously made aware, a condition of payment of the settlement to Plaintiff was that she had to dismiss this pending action with prejudice.  Plaintiff promptly attempted to do so by securing a stipulation for dismissal among the parties.  Defendant Ghislaine Maxwell refused to stipulate.  On December 21, 2020, Plaintiff wrote this Court requesting that it dismiss the case with prejudice pursuant to FRCP 41(a)(2) (ECF 87).  In response to that letter, the Court scheduled a status conference for December 23, 2020.  Following the status conference, the Court set a briefing schedule for Plaintiff's Motion to Dismiss.  Pursuant to that briefing schedule, Plaintiff filed her Motion to Dismiss on January 15, 2021 (ECF 91).  Her reply brief is due tomorrow.

      Today, however, we received a letter from the EVCP Fund Administrator, Jordy Feldman, entitled "**Important Update Regarding the Epstein VCP**."  That letter is enclosed for the Court's reference.  Ms. Feldman states, in pertinent part, "I am writing to inform you that, due to uncertainty about the liquidity of Estate assets to fund the Program, effective immediately, all compensation determination offers will be held until after the March 25, 2021 claims filing deadline or until such time that I have sufficient certainty that eligible claims can be timely and fully funded and paid."

      In light of this unanticipated development, Plaintiff is requesting that the Court continue her Motion to Dismiss and defer its ruling on it until after we know whether or not the settlement reached among the parties will be honored by the EVCP.

PANISH
SHEA &
BOYLE
LLP

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse

February 4, 2021
Page 2

      In addition, based on the questionable actions taken by Ms. Maxwell to delay the settlement by refusing to allow a case against her to be dismissed with prejudice, as well as the Estate's insistence that she must be dismissed even though the settlement was to be 100% from Estate assets, Plaintiff requests that the Court conduct a hearing with all interested parties (including the EVCP administrator) to determine if there have been any collusive efforts, plans or intentions by those involved to disenfranchise Plaintiff and the other sex abuse victims of Jeffrey Epstein and Ghislaine Maxwell in this litigation.

      Respectfully submitted,

      PANISH SHEA & BOYLE

      /s/ Robert Glassman

      Robert Glassman

Encl.

# EXHIBIT 1



# EPSTEIN VICTIMS' COMPENSATION PROGRAM
## FOR VICTIMS-SURVIVORS OF SEXUAL ABUSE BY JEFFREY EPSTEIN

February 4, 2021

RE:   **Important Update Regarding the Epstein VCP**

Dear Robert,

I am writing to inform you that, due to uncertainty about the liquidity of Estate assets to fund the Program, effective immediately, all compensation determination offers will be held until after the March 25, 2021 claims filing deadline or until such time that I have sufficient certainty that eligible claims can be timely and fully funded and paid.

Although I sincerely regret having to take this action, I have concluded that it is necessary to protect the interests of eligible claimants who have not yet resolved their claims through the Program and to preserve Program integrity.  Issuing any compensation offer that cannot be timely and fully funded and paid, consistent with the way the Program has operated to date, would compromise claimants' interests and the guiding principles of the Program.

We will continue to accept claim filings through March 25, 2021, review claims, and hold meetings with claimants so that we can resume the issuance of compensation determination offers as soon as practicable.  We will also continue to pay any compensation determination offers that were issued prior to this notice.

The Program is funded with Estate assets.  Under the Program Protocol, the Estate agreed to "pay all eligible claims based on the Administrator's determination" and represented that sufficient assets and liquidity existed to pay all claims.  When the available funds fall below a designated threshold amount, the Estate is required to promptly replenish the funds in order to ensure continuity of operations and certainty of funding to pay claims.

On February 3, 2021, the Estate informed me that it did not have sufficient liquidity to fully satisfy the most recent request for replenishment and that it could not predict when additional liquidity would be secured, prompting this action.  The Estate has advised me that it is working to secure additional liquidity to continue to fund the Program and that it is committed to paying all eligible claims in accordance with the Protocol.

With this development, I felt it was imperative to take immediate action and notify current and potential claimants and their representatives.  Please know that I remain deeply committed to ensuring that the Program continues to operate with transparency and integrity, and that all eligible claimants receive the compensation and validation they deserve.

I am continually inspired by the courage and resilience of the victims I have had the privilege of meeting, and truly regret having to implement these measures and the resulting delay and uncertainty this may cause.  If you have any questions, please feel free to contact me.

Sincerely,

*Jordana H. Feldman*

Jordana H. Feldman
Administrator