**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____

**JANE DOE,**

                 **Plaintiff,**        20-cv-484 (JGK)

      - against -             MEMORANDUM OPINION
                                          AND ORDER
**DARREN K. INDYKE, RICHARD D. KAHN,**
**AND GHISLAINE MAXWELL,**

                 **Defendants.**
_____

**JOHN G. KOELTL, District Judge:**

The plaintiff brought this action under a pseudonym as "Jane Doe" against Darren K. Indyke and Richard D. Kahn, in their capacities as appointed executors of the estate of Jeffrey E. Epstein (together, the "Epstein Estate"), and Ghislaine Maxwell, seeking declaratory relief and damages for sexual assault, sexual battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment. The plaintiff now moves for dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure. For the reasons explained below, the motion is **granted**, subject to certain conditions.

I

The plaintiff filed the complaint in this action on January 17, 2020. For the purposes of this motion, the substance of the claims is relevant only insofar as to note that on June 29, 2020, Ms. Maxwell was indicted on criminal charges in this District. See ECF No. 1, 20-CR-330. On September 14, 2020, Magistrate Judge

Freeman issued an order staying this case, pending the outcome of the criminal prosecution of Ms. Maxwell. See ECF No. 8.

After the complaint was filed, the Epstein Estate set up the Epstein Victim's Compensation Program (the "Program") and the administrator started accepting claims on June 25, 2020. See ECF No. 47. On November 29, 2020, the plaintiff accepted an offer of compensation from the Program, which requires her to dismiss with prejudice her claims against the defendants in this action. See ECF No. 94. To satisfy the requirement, the plaintiff sought dismissal with prejudice by stipulation pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure. See ECF No. 87. The stipulation provided that "each party shall bear its own attorney's fees and costs of suit" but also that "nothing herein shall be construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from the [Epstein Estate]." Id. at 3. While counsel for the Epstein Estate signed the stipulation, counsel for Ms. Maxwell declined to sign the stipulation. The plaintiff then filed this motion pursuant to Rule 41(a)(2), seeking dismissal of the action with prejudice in accordance with the terms set forth in the partially-executed stipulation.

## II

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that, "[e]xcept as provided in Rule 41(a)(1) [which describes voluntary dismissals made either before the defendant

2

files a responsive pleading or with consent of all parties], an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); see also Paysys Int'l, Inc. v. Atos IT Servs. Ltd., 901 F.3d 105, 108 (2d Cir. 2018).[1] "Rule 41(a)(2) dismissals are at the district court's discretion and only will be reviewed for an abuse of that discretion." D'Alto v. Dahon Cal., Inc., 100 F.3d 281, 283 (2d Cir. 1996). Once the district court articulates its terms for dismissal, "plaintiff . . . has the choice between accepting the conditions and obtaining dismissal and, if [the plaintiff] feels that the conditions are too burdensome, withdrawing [the plaintiff's] dismissal motion and proceeding with the case on the merits." Paysys, 901 F.3d at 109.

## III

Ms. Maxwell objects to the plaintiff's motion to dismiss with prejudice insofar as the motion incorporates the terms set forth in the stipulation and requests that any dismissal be subject to two conditions. First, Ms. Maxwell requests that the provision in the stipulation that "each party shall bear its own attorney's fees and costs of suit" be stricken and that additional language be inserted to preserve her rights to seek her costs as the prevailing party in this action, and to sue plaintiff for damages in a subsequent action. Second, Ms. Maxwell requests that she be provided with the unredacted copy of the release that the

---

[1] Unless otherwise noted, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

plaintiff has signed under the Program. The release allegedly includes the plaintiff's name and the compensation for the release.

**A**

Ms. Maxwell's request regarding costs and fees has two components: (1) the provision that "each party shall bear its own attorney's fees and costs of suit" should be stricken; and (2) the condition should include the language that "[n]othing herein shall be construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from plaintiff or from [the Epstein Estate.]" See Proposed Order at 2, ECF No. 93-2.

The provision of the stipulation that "each party shall bear its own attorney's fees and costs of suit" is indeed inconsistent with the provision in the stipulation proposed by the plaintiff that "nothing herein shall be construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from the [Epstein Estate]." Accordingly, the provision must be modified to state that "the plaintiff and the Epstein Estate shall each bear their own attorney's fees and costs of suit."

In addition, Ms. Maxwell also requests that the condition specify that she may seek fees and costs from the plaintiff in addition to the Epstein Estate. Ms. Maxwell argues that she is the prevailing party in this litigation and, pursuant to Rule 54(d), she should be allowed to seek costs from the plaintiff. Moreover, Ms. Maxwell claims she should not be prejudiced from bringing a

4

separate action against the plaintiff for damages—including attorney's fees incurred in this action—for the torts of abuse of process and malicious prosecution. Ms. Maxwell is correct that under Second Circuit law, she is the prevailing party for the purposes of Rule 54(d). See Carter v. Inc. Vill. of Ocean Beach, 759 F.3d 159, 165-66 (2d Cir. 2014) (holding that where a plaintiff voluntarily dismissed its case against one defendant with prejudice, that defendant was a prevailing party under Rule 54(d)). And under Rule 54(d), "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Therefore, a condition that precludes Ms. Maxwell from seeking costs from the plaintiff would prejudice her from exercising the rights she would normally have under Rule 54(d), and therefore, cannot be included. See Cross Westchester Dev. Corp. v. Chiulli, 887 F.2d 431, 432 (2d Cir. 1989) ("The purpose of authorizing terms and conditions on a voluntary dismissal is to protect the defendant from prejudice.").

Furthermore, the stipulation in the amended form—that is, "the plaintiff and the Epstein Estate shall each bear their own attorney's fees and costs of suit"—should not affect Ms. Maxwell's ability to bring a future claim against the plaintiff for abuse of process or malicious prosecution. Accordingly, the condition related to costs and fees, in its entirely, is as follows: "The plaintiff and the Epstein Estate shall each bear their own attorney's fees and costs of suit. Nothing herein shall be

5

construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from the Epstein Estate and from the plaintiff."

B

With respect to the second request, Ms. Maxwell seeks to be provided with an unredacted copy of the release that would indicate who the plaintiff is and the amount of compensation that the plaintiff has received. On the one hand, the plaintiff has an understandable interest in maintaining her anonymity, and the Court entered an order to protect it. See ECF No. 32. On the other hand, it is important for Ms. Maxwell to know the name of the plaintiff so that if Ms. Maxwell is sued by the plaintiff, she can use the release as well as the dismissal with prejudice as a defense in that lawsuit. Further, if the plaintiff were to appear as a witness against Ms. Maxwell in Ms. Maxwell's criminal trial, it would be important for Ms. Maxwell to be able to use the release as possible impeachment material against the plaintiff. Each party's interest can be protected by requiring that the unredacted copy of the release be provided to Ms. Maxwell, but that it not be disclosed for any purpose without the prior approval of this Court. This will assure that the unredacted copy of the plaintiff's release is used only for a proper purpose.

C

Because the conditions added to the stipulation affect the rights of each of the parties, each of the parties should be given

6

an opportunity to decide whether that party is prepared to proceed with the dismissal as provided in the partially-executed stipulation and with the changes provided by the Court. Each of the parties must indicate that party's acceptance of the conditions specified by the Court by March 19, 2021. If any party does not agree by that date, the motion to dismiss is denied and the case will be stayed. If all parties agree by that date, the case will be dismissed with prejudice subject to the stipulation with the changes proposed by the Court.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the motion to dismiss with prejudice is **granted**, subject to the following conditions:

(1) The plaintiff and the Epstein Estate shall each bear their own attorney's fees and costs of suit. Nothing herein shall be construed to preclude Ms. Maxwell from seeking fees or costs related to this matter from the Epstein Estate and from the plaintiff;

(2) The plaintiff shall provide an unredacted and signed copy of the General Release (the "Release") the plaintiff executed with the Program by March 23, 2021, together with a certification of its authenticity. The Release is subject to the Order on Plaintiff's Anonymity

7

in this action and shall not be disclosed except pursuant to an Order of this Court.

Each of the parties must indicate that party's acceptable of the terms of the stipulation and the additional conditions specified above by March 19, 2021. If any party fails to agree by that date, the motion to dismiss is denied and the case will be stayed. If all parties agree by that date, this case will be dismissed with prejudice, subject to the stipulation with the changes proposed by the Court.

**SO ORDERED.**

**Dated:    New York, New York
           March 8, 2021**

                                             **/s/ John G. Koeltl**
                                                **John G. Koeltl
United States District Judge**