

March 11, 2021

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Doe v. Indyke, et al.,* **1:20-cv-000484-JGK-DCF**

Dear Judge Koeltl:

      Plaintiff Jane Doe hereby responds to the Court's Memorandum Opinion and Order ("Opinion") dated March 8, 2021 (ECF 98). As the Court indicated in its Opinion, Defendant Ghislaine Maxwell refused to sign the proposed stipulation to dismiss this action with prejudice following Plaintiff's acceptance of the Epstein Victims' Compensation Program's offer of compensation[1]. Plaintiff was then compelled to file her motion to dismiss with prejudice pursuant to FRCP Rule 41(a)(2).

      The U.S. Court of Appeals for the Second Circuit, in the case of *Paysys Int'l, Inc. v. Atos IT Servs. Ltd.*, 901 F.3d 105, 108 (2d Cir. 2018), as cited to by this Court in its Opinion, states that once the district court articulates its terms for dismissal, "***plaintiff*** . . . has the choice between accepting the conditions and obtaining dismissal and, if [***the plaintiff***] feels that the conditions are too burdensome, withdrawing [the plaintiff's] dismissal motion and proceeding with the case on the merits." *Paysys*, 901 F.3d at 109 (emphasis added). Indeed, that was the recent choice Judge Schofield gave another Epstein/Maxwell sex abuse victim plaintiff in the case of *Farmer v. Indyke et al.*, 19-cv10475-LGS-DCF, following a nearly identical motion to dismiss filed by the plaintiff after Ms. Maxwell refused to stipulate to a dismissal in that case as well. In her Opinion and Order, Judge Schofield stated that:

> "Plaintiff shall file a letter no later than February 12, 2021, stating
> whether she consents to the Court's entry of the Proposed Order
> modified by striking the language "with each party to bear its own

---

      [1] Defendant Maxwell is a willing and compulsory "Releasee" in the general release agreement executed by Plaintiff in connection to this action.



Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse

March 11, 2021
Page 2

>                    attorneys' fees and costs," or wishes to withdraw her motion for
>                    voluntary dismissal."  (19-cv-10475, ECF 118).

      Neither Second Circuit authority nor Judge Schofield's recent Opinion and Order regarding the exact issue now before this Court empower defendants to prevent the plaintiff from dismissing her own case by not agreeing to additional conditions proposed by the Court in response to the plaintiff's motion to dismiss pursuant to Rule 41(a)(2).  Accordingly, by vesting Defendant Maxwell, who already once refused to agree to a dismissal with prejudice, with such control and influence over whether Plaintiff may dismiss her own case, the Court's Opinion may lead to inconsistent results and, if the case is not dismissed, will cause significant and undue prejudice to Plaintiff.

      Plaintiff agrees to and accepts the additional conditions regarding the dismissal specified by the Court in its March 8, 2021 Memorandum Opinion and Order.  Accordingly, and pursuant to the foregoing reasons, Plaintiff respectfully requests that the Court enter the dismissal of her case forthwith regardless of whether defendants intend to agree or not to the Court's additional conditions.

      Respectfully submitted,

      PANISH SHEA & BOYLE

      /s/ Robert Glassman

      Robert Glassman