UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X

JANE DOE,

Plaintiff,

v.

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of
the ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

   Defendants.

---------------------------------------------------------X

20-cv-00484-JGK

**GHISLAINE MAXWELL'S MEMORANDUM OF LAW IN SUPPORT OF
HER APPLICATION FOR COSTS SOUGHT AGAINST PLAINTIFF**

Laura A. Menninger
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

On March 19, 2021, this Court dismissed plaintiff's case with prejudice, based on her motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). As the prevailing party in this matter, Ms. Maxwell hereby requests, pursuant to Fed. R. Civ. P. 54(d)(1), an order awarding her taxable costs against plaintiff Jane Doe.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Courts consistently have found defendants to be prevailing parties where the action against them was voluntarily dismissed with prejudice." *Ctr. for Discovery, Inc. v. D.P.,* No. 16-CV-3936-MKB-RER, 2018 WL 1583971, at *14 (E.D.N.Y. Mar. 31, 2018); *see Beer v. John Hancock Life Ins. Co.*, 211 F.R.D. 67, 70 (N.D.N.Y. 2002) ("All circuit courts to have directly addressed this issue have concluded that a defendant [who has obtained a voluntary dismissal with prejudice] is a prevailing party, or alternatively, that a district court has discretion to award costs to the defendant."); *see also Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 165 (2d Cir. 2014) (disclaiming prior Second Circuit dicta which stated that "generally the defendant is not considered the prevailing party when, as here, there is a voluntary dismissal of the action by the plaintiff with prejudice." (citations omitted)). "A voluntary dismissal of an action with prejudice [is considered to materially alter the relationship of the parties], because it constitutes 'an adjudication on the merits for purposes of *res judicata*.'" *Carter*, 759 F.3d at 165 (citation omitted); *accord* Feb. 12, 2021, Opinion and Order, DE 118; *accord Jane Doe v. Darren K. Indyke et. al*, Case No. 20-cv-484 (JGK), DE 98 at 5 (addressing identical Rule 41(a)(2) motion and holding "Ms. Maxwell is correct that under Second Circuit law, she is the prevailing party for the purposes of Rule 54(d)").

1

An award of costs under Rule 54 is the "normal rule," and "the losing party has the burden to show that costs should not be imposed." *Torcivia v. Suffolk Cty.*, 437 F. Supp. 3d 239, 249 (E.D.N.Y. 2020) (quoting *Harris v. Brown*, No. 08-CV-1703 MKB, 2013 WL 632247, at *1 (E.D.N.Y. Feb. 20, 2013). Once "the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, *see* Local Rule 54.1(a), that party enjoys a presumption that its costs will be awarded." *Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc.*, 350 F. Supp. 3d 199, 236 (E.D.N.Y. 2018) (quoting *Patterson v. McCarron*, No. 99-cv-11078 (RCC), 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005).

Annexed hereto is Ms. Maxwell's Bill of Costs, including the Affidavit of Laura Menninger and exhibits, in the form required by Local Civil Rule 54.1 and including only those taxable costs prescribed by the rule.[1] As the prevailing party, Ms. Maxwell is presumptively entitled to an award of cost, and plaintiff is unable to meet her burden to demonstrate why costs should not be imposed. Accordingly, Ms. Maxwell requests that the Court order plaintiff to pay her costs in the amount detailed in the attached.

**WHEREFORE**, Ms. Ghislaine Maxwell requests an award of costs pursuant to Fed. R. Civ. P. 54(d)(1) as the prevailing party in this action.

---

[1] Ms. Maxwell seeks herein only her costs and expressly reserves her right to seek attorneys' fees incurred in defense of this action in future litigation either against plaintiff (e.g., as claims for malicious prosecution or abuse of process), against the Estate of Epstein (under an indemnification theory), or both. *See* Opinion and Order of Feb. 10, 2021 at 5 (DE 118); *accord* Opinion and Order of Mar. 9, 2021, *Jane Doe v. Darren K. Indyke et. al*, 20-cv-484 (JGK), at 5 (Dkt. 98) (striking language from proposed Rule 41(a)(2) dismissal relating to each party paying their own fees and costs to preserve right to seek attorneys' fees from this litigation in potential future litigation for claims including the torts of abuse of process and malicious prosecution).

Dated: May 11, 2021

                                          Respectfully submitted,

                                          *s/ Laura A. Menninger*
                                          Laura A. Menninger (LM-1374)
                                          HADDON, MORGAN AND FOREMAN, P.C.
                                          150 East 10th Avenue
                                          Denver, CO 80203
                                          Phone:   303.831.7364
                                          Fax:     303.832.2628
                                          lmenninger@hmflaw.com

                                          *Attorneys for Ghislaine Maxwell*

## Certificate of Service

I hereby certify that on May 11, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Memorandum of Law In Support of Her Application for Costs Sought Against Plaintiff* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Boyle
Robert Glassman
Panish, Shea & Boyle
11111 Santa Monica Blvd., Ste 700
Los Angeles, CA 90025
boyle@psblaw.com
glassman@psblaw.com

Bennet J. Moskowitz
Charles L. Glover
Mary Grace W. Metcalfe
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
bennet.moskowitz@troutman.com
charles.glover@troutman.com
marygrace.metcalfe@troutman.com

Molly S. DiRago
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
molly.dirago@troutman.com

*s/ Nicole Simmons*