```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

```
JANE DOE,
                    Plaintiff,                20-cv-484 (JGK)
     - against -                               ORDER
DARREN K. INDYKE, ET AL.,
                    Defendants.
```

JOHN G. KOELTL, District Judge:

Defendant Ghislaine Maxwell may refile her bill of costs by **June 2, 2021.**

On March 22, 2021, judgment was entered dismissing the case on the plaintiff's motion. ECF No. 103. On April 21, 2021, Ms. Maxwell filed a bill of costs that was rejected by the Clerk for failure to comply with technical filing requirements under the Court's Local Rules. ECF No. 104. Ms. Maxwell refiled a bill of costs on May 11, 2021, but this filing was untimely. ECF No. 105.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. . . . The clerk may tax costs on 14 days' notice." Fed. R. Civ. P. 54(d)(1). Local Civil Rule 54.1(a) provides, in part, that "[w]ithin thirty (30) days after the entry of final judgment, . . . unless this period is

1

extended by the Court for good cause shown, any party seeking to recover costs shall file with the Clerk a notice of taxation of costs by Electronic Case Filing . . . indicating the date and time of taxation which shall comply with the notice period prescribed by Fed. R. Civ. P. 54, and annexing a bill of costs. . . . Any party failing to file a notice of taxation of costs within the applicable thirty (30) day period will be deemed to have waived costs."

"The decision to award costs to a prevailing party under Fed. R. Civ. P. 54(d) rests within the sound discretion of the district court. The directive in Local Rule 54.1 does not purport to interfere with that discretion." Caravalho v. City of New York, No. 13-cv-4174, 2018 WL 5312886, at *2 (S.D.N.Y. Oct. 26, 2018) (internal citations and quotation marks omitted) (allowing bill of costs to be filed one day late); see also V-Formation, Inc. v. Benetton Grp. SpA, No. 01-cv-610, 2003 WL 21403326, at *1 (S.D.N.Y. June 17, 2003) ("[F]inal judgment was entered on March 18, 2003 and Salomon defendants moved for costs on January 16, 2003 under the assumption that the stipulation of discontinuance entered December 16, 2003 constituted a final judgment. Although the bill of costs was filed prematurely, I find good cause shown, given the confusion over whether the stipulation constituted a final judgment, and no prejudice to plaintiff to enlarge the time to submit a bill of costs.").

In this case, good cause is shown because the plaintiff originally timely filed the bill of costs, but the bill of costs was rejected by the Clerk's office for failure to comply with the Local Rules. There is no significant prejudice to the plaintiff to allow for a brief extension to refile the bill of costs in compliance with the Local Rules. Therefore, Ms. Maxwell may refile the bill of costs by June 2, 2021. She should consult with the Clerk's Office to assure that the form is correct

**SO ORDERED.**

**Dated:** New York, New York
May 26, 2021

_____
John G. Koeltl
**United States District Judge**