AO 133    (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | | |
|---|---|---|
| JANE DOE | ) | |
| | ) | |
| v. | ) | Case No.: 20-CV-00484-JGK |
| | ) | |
| DARREN K. INDYKE et al. | ) | |

## BILL OF COSTS

Judgment having been entered in the above entitled action on ____03/22/2021____ against ____Plaintiff____ ,
<br>*Date*

the Clerk is requested to tax the following as costs:

Fees of the Clerk ................................................................ $ _____

Fees for service of summons and subpoena ........................................... _____

Fees for printed or electronically recorded transcripts necessarily obtained for use in the case ...... _____

Fees and disbursements for printing ................................................. _____

Fees for witnesses *(itemize on page two)* ............................................. ___0.00___

Fees for exemplification and the costs of making copies of any materials where the copies are
necessarily obtained for use in the case.............................................. _____

Docket fees under 28 U.S.C. 1923 ................................................... ___5.00___

Costs as shown on Mandate of Court of Appeals ....................................... _____

Compensation of court-appointed experts ............................................ _____

Compensation of interpreters and costs of special interpretation services under 28 U.S.C. 1828 ..... _____

___8.70___

Other costs *(please itemize)* ..........................................................
*Done on Submission, Objected and Disputed, Could not be decided*
*by Clerk, Plaintiff disputes that Ms. Maxwell could be her*    **TOTAL**    $ ___0___ ___13.70___
*cost owed the Clerk. See Plaintiff, etc., etc. See objections*
*SPECIAL NOTE:* Attach to your bill an itemization and documentation for requested costs in all categories.

### Declaration

I declare under penalty of perjury that the foregoing costs are correct and were necessarily incurred in this action and that the
services for which fees have been charged were actually and necessarily performed. A copy of this bill has been served on all parties
in the following manner:

[✓] Electronic service    [ ] First class mail, postage prepaid

[ ] Other: _____

s/ Attorney: ___Laura A. Menninger_____

Name of Attorney: Laura A. Menninger

For: _____ Ghislaine Maxwell _____ Date: ___05/27/2021___
*Name of Claiming Party*

### Taxation of Costs

Costs are taxed in the amount of $ 0    and included in the judgment.

___Ruby J. Krajeick___ By: _____    ___6/11/2021___
*Clerk of Court*    *Deputy Clerk*    *Date*

AO 133 (Rev. 12/09) Bill of Costs

# UNITED STATES DISTRICT COURT

| **Witness Fees (computation, cf. 28 U.S.C. 1821 for statutory fees)** | | | | | | | |
|---|---|---|---|---|---|---|---|
| NAME , CITY AND STATE OF RESIDENCE | ATTENDANCE | | SUBSISTENCE | | MILEAGE | | Total Cost Each Witness |
| | Days | Total Cost | Days | Total Cost | Miles | Total Cost | |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | | $0.00 |
| | | | | | | **TOTAL** | $0.00 |

### NOTICE

**Section 1924, Title 28, U.S. Code (effective September 1, 1948) provides:**

"Sec. 1924. Verification of bill of costs."

"Before any bill of costs is taxed, the party claiming any item of cost or disbursement shall attach thereto an affidavit, made by himself or by his duly authorized attorney or agent having knowledge of the facts, that such item is correct and has been necessarily incurred in the case and that the services for which fees have been charged were actually and necessarily performed."

**See also Section 1920 of Title 28, which reads in part as follows:**

"A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

**The Federal Rules of Civil Procedure contain the following provisions:**
**RULE 54(d)(1)**

Costs Other than Attorneys' Fees.

Unless a federal statute, these rules, or a court order provides otherwise, costs — other than attorney's fees — should be allowed to the prevailing party. But costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The clerk may tax costs on 14 day's notice. On motion served within the next 7 days, the court may review the clerk's action.

**RULE 6**

(d) Additional Time After Certain Kinds of Service.

When a party may or must act within a specified time after service and service is made under Rule5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

**RULE 58(e)**

Cost or Fee Awards:

Ordinarily, the entry of judgment may not be delayed, nor the time for appeal extended, in order to tax costs or award fees. But if a timely motion for attorney's fees is made under Rule 54(d)(2), the court may act before a notice of appeal has been filed and become effective to order that the motion have the same effect under Federal Rule of Appellate Procedure 4(a)(4) as a timely motion under Rule 59.

| **Print** | **Save As...** | **Reset** |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------X

JANE DOE,

    Plaintiff,

v.

                                     **20-cv-00484-JGK**

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of
the ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

    Defendants.

----------------------------------------------------------X

## DEFENDANT GHISLAINE MAXWELL'S NOTICE OF APPLICATION
## FOR COSTS SOUGHT AGAINST PLAINTIFF

PLEASE TAKE NOTICE that, upon Defendant Ghislaine Maxwell's Bill of Costs, the

exhibits annexed thereto, the Affidavit of Laura A. Menninger dated May 27, 2021, and all other

pleadings and proceedings herein, the Defendant will move this Court before the Orders and

Judgment Clerk, at the United States Courthouse for the Southern District of New York, located

at 500 Pearl Street, Room 250, New York, NY 10007 on June 11, 2021 at 11:30 am, or as soon

thereafter as counsel may be heard, at a time and date to be determined as convenient for the

Court, for an order pursuant to Rule 54 of the Fed. R. Civ. P., Local Civil Rule 54.1, and 28

U.S.C. §§ 1920 and 1923, granting fees and costs sought by Ms. Maxwell and granting such

other relief that this Court deems proper.

    Dated: May 27, 2021
          New York, New York

Respectfully submitted,

*s/ Laura A. Menninger*

Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:       303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## CERTIFICATE OF SERVICE

I certify that on May 27, 2021, I electronically filed the foregoing *Defendant Ghislaine Maxwell's Notice of Application for Costs Sought Against Plaintiff* on with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Boyle
Robert Glassman
Panish, Shea & Boyle
11111 Santa Monica Blvd., Ste 700
Los Angeles, CA 90025
boyle@psblaw.com
glassman@psblaw.com

Bennet J. Moskowitz
Charles L. Glover
Mary Grace W. Metcalfe
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
bennet.moskowitz@troutman.com
charles.glover@troutman.com
marygrace.metcalfe@troutman.com

Molly S. DiRago
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
molly.dirago@troutman.com

*s/ Nicole Simmons*

2

# BILLING HISTORY

**Detailed Transaction Report by Date**
**All**
**from 07/01/2020 to 09/30/2020**

Thu Mar 11 12:29:49 CST 2021
**Menninger34444**

| Date | Time | Pages | | | | | |
|------|------|-------|---|---|---|---|---|
| | | | | | | | |
| 07/07/2020 | 15:44:57 | 7 | NYSDC | MAXWELL - | DOCKET REPORT | 1:20-CV-00484-JGK-DCF | $0.70 |
| 07/07/2020 | 15:48:01 | 10 | NYSDC | MAXWELL - | IMAGE9-0 | 1:20-CV-00484-JGK-DCF DOCUMENT 9-0 | $1.00 |

| Date | Time | Pages | Court | Client | Description | Search | Cost |
|------|------|-------|-------|--------|-------------|--------|------|
| 07/08/2020 | 14:16:40 | 1 | NYSDC | MAXWELL | IMAGE51-0 | 1:20-CV-00484-JGK-DCF DOCUMENT 51-0 | $0.10 |
| 07/09/2020 | 17:20:40 | 1 | WAWDC | MAXWELL | SEARCH | LAST NAME: ▉ | $0.10 |
| 07/09/2020 | 17:50:43 | 8 | NYSDC | MAXWELL | DOCKET REPORT | 1:20-CV-00484-JGK-DCF | $0.80 |

| Date | Time | Page | Client | Description | Transaction | Search | Cost |
|---|---|---|---|---|---|---|---|
| 08/10/2020 | 16:55:23 | 9 | NYSDC | | DOCKET REPORT | 1:20-CV-00484-JGK-DCF | $0.90 |

| Date | Time | Pages | | | Description | Search | Fees |
|------|------|-------|---|---|-------------|--------|------|
| | | | | | | | |
| 08/13/2020 | 23:42:45 | 1 | NYSDC | MAXWELL | SEARCH | LAST NAME: INDYKE FIRST NAME: DARREN | $0.10 |
| 08/17/2020 | 10:52:06 | 10 | NYSDC | ▇ | DOCKET REPORT | 1:20-CV-00484-JGK-DCF | $1.00 |
| 08/17/2020 | 10:52:15 | 4 | NYSDC | ▇ | IMAGE68-0 | 1:20-CV-00484-JGK-DCF DOCUMENT 68-0 | $0.40 |

# BILLING HISTORY

**Detailed Transaction Report by Date**
**New York Southern District Court**
**from 10/01/2020 to 12/31/2020**

Thu Mar 11 12:33:36 CST 2021
**Menninger34444**

| | | | Billing Transac... | | | | |
|---|---|---|---|---|---|---|---|
| Date | Time | Pages | Clie... | | ...ion | Rep... | Cost |
| 10/21/2020 | 16:32:28 | 12 | NYSDC | MAXWELL | DOCKET REPORT | 1:20-CV-00484-JGK-DCF | $1.20 |

| Date | Time | Page | | | | | Cost |
|------|------|------|--|--|--|--|------|
| 11/08/2020 | 14:37:47 | 2 | NYSDC | | PARTY LIST | 1:20-CV-00484-JGK-DCF | $0.20 |
| 11/08/2020 | 14:40:15 | 3 | NYSDC | | HISTORY/DOCUM | 1:20-CV-00484-JGK-DCF | $0.30 |

| Date | Time | Pages | | | | Search | Cost |
|------|------|-------|---|---|---|--------|------|
| 11/09/2020 | 19:02:30 | 2 | NYSDC | | PARTY LIST | 1:20-CV-00484-JGK-DCF | $0.20 |



| 12/22/2020 | 12:02:34 | | 2 | NYSDC | MAXWELL - ■■■ | IMAGE88-0 | 1:20-CV-00484-JGK-DCF DOCUMENT 88-0 | $0.20 |

# BILLING HISTORY



**Detailed Transaction Report by Date**
**New York Southern District Court**
**from 01/01/2021 to 03/11/2021**

Thu Mar 11 12:36:07 CST 2021
**Menninger34444**

| Billing Transaction | | | | | | | |
|------|------|-------|-------|-------|-------|--------|------|
| Date | Time | Pages | | | | Source | Cost |

| Date | Time | Pages | | | | Search | Cost |
|------|------|-------|--|--|--|--------|------|
| 02/05/2021 | 11:49:32 | 2 | NYSDC | MAXWELL | IMAGE95-0 | 1:20-CV-00484-JGK-DCF DOCUMENT 95-0 | $0.20 |

| Date | Time | Pages | Source | | Description | Service | Cost |
|---|---|---|---|---|---|---|---|
| 03/09/2021 | 09:28:48 | 13 | NYSDC | ███ | Docket Report | 1:20-cv-00484-JGK-DCF | $1.30 |

PACER FAQ                           Privacy & Security                           Contact Us

This site is maintained by the Administrative Office of the
U.S. Courts on behalf of the Federal Judiciary.

**PACER Service Center**
(800) 676-6856
pacer@psc.uscourts.gov

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

JANE DOE,

    Plaintiff,

v.

    **20-cv-00484-JGK**

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of
the ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

    Defendants.

-------------------------------------------------------X

## AFFIDAVIT IN SUPPORT OF DEFENDANT GHISLAINE MAXWELL'S
## APPLICATION FOR COSTS AGAINST PLAINTIFF

    I, Laura A. Menninger, declare pursuant to 28 U.S.C. § 1746 and under penalty of perjury

that:

    1.  I am counsel for defendant, Ghislaine Maxwell in *Doe v. Indyke, et al*., No. 20-CV-

00484-JGK (S.D.N.Y.). I am personally familiar with the costs incurred in connection with the

litigation.

    2.  I am submitting this Declaration in support of Ghislaine Maxwell's Bill of Costs and

application for an award of costs against Jane Doe ("Plaintiff") in this action.

    3.  On January 15, 2021, Plaintiff filed a Motion to Dismiss with Prejudice Pursuant to

FRCP 41(a)(2). Dkt. 91. Ms. Maxwell responded on January 29 (Dkt. 93), and further litigation

regarding the dismissal occurred over the succeeding months.

4. On March 8, 2021, this Court issued a Memorandum Opinion and Order which determined, *inter alia*, that granted the dismissal with prejudice subject to certain conditions. Dkt. 98. Among the conditions were that Ms. Maxwell is permitted to seek her costs related to this action from Plaintiff. *Id.* at 7. The parties accepted the Court's conditions and on March 19, this Court issued an Order dismissing the case and ordering the conditions. Dkt. 102.

5. This Court determined that Ms. Maxwell is the "prevailing party for the purposes of Rule 54(d). Dkt. 98 at 5. Accordingly she is entitled "under Rule 54(d), [to] 'costs-other than attorney's fees." *Id.* (quoting Rule 54(d)).

6. Because discovery was stayed in the case by Magistrate Judge Freeman, the costs were in fact *de minimis*. Nevertheless, Ms. Maxwell exercises her right to recovery of those costs pursuant to Rule 54(d).

7. Pursuant to 28 U.S.C. § 1923, Ms. Maxwell is entitled to Docket Fees for discontinuance of a civil action in the amount of $5.

8. Additionally, Ms. Maxwell incurred $8.70 in search and printing costs from PACER associated with this case.

9. The total costs sought by Ms. Maxwell therefore is **$13.70**.

10. The Bill of Costs attached to the Notice and its exhibits evidence the costs incurred by Ms. Maxwell in defense of this action.

11. Each of the costs claimed are allowed by law, specifically Local Civil Rule 54.1. Each are correctly stated and were necessarily incurred.

I swear under penalty of perjury that the foregoing is true and accurate to the best of my knowledge.

2

Executed on Dated: May 27, 2021.

*s/ Laura A. Menninger*
Laura A. Menninger

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X

JANE DOE,

Plaintiff,

v.

DARREN K. INDYKE and RICHARD D.
KAHN, in their capacities as executors of
the ESTATE OF JEFFREY E. EPSTEIN,
GHISLAINE MAXWELL, an individual,

Defendants.

-------------------------------------------------------X

**20-cv-00484-JGK**

## GHISLAINE MAXWELL'S MEMORANDUM OF LAW IN SUPPORT OF
## HER APPLICATION FOR COSTS SOUGHT AGAINST PLAINTIFF

Laura A. Menninger
HADDON, MORGAN, AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
303.831.7364

On March 19, 2021, this Court dismissed plaintiff's case with prejudice, based on her motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). As the prevailing party in this matter, Ms. Maxwell hereby requests, pursuant to Fed. R. Civ. P. 54(d)(1), an order awarding her taxable costs against plaintiff Jane Doe.

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Courts consistently have found defendants to be prevailing parties where the action against them was voluntarily dismissed with prejudice." *Ctr. for Discovery, Inc. v. D.P.,* No. 16-CV-3936-MKB-RER, 2018 WL 1583971, at *14 (E.D.N.Y. Mar. 31, 2018); *see Beer v. John Hancock Life Ins. Co.,* 211 F.R.D. 67, 70 (N.D.N.Y. 2002) ("All circuit courts to have directly addressed this issue have concluded that a defendant [who has obtained a voluntary dismissal with prejudice] is a prevailing party, or alternatively, that a district court has discretion to award costs to the defendant."); *see also Carter v. Inc. Vill. of Ocean Beach,* 759 F.3d 159, 165 (2d Cir. 2014) (disclaiming prior Second Circuit dicta which stated that "generally the defendant is not considered the prevailing party when, as here, there is a voluntary dismissal of the action by the plaintiff with prejudice." (citations omitted)). "A voluntary dismissal of an action with prejudice [is considered to materially alter the relationship of the parties], because it constitutes 'an adjudication on the merits for purposes of *res judicata.*'" *Carter,* 759 F.3d at 165 (citation omitted); *accord* Feb. 12, 2021, Opinion and Order, DE 118; *accord Jane Doe v. Darren K. Indyke et. al,* Case No. 20-cv-484 (JGK), DE 98 at 5 (addressing identical Rule 41(a)(2) motion and holding "Ms. Maxwell is correct that under Second Circuit law, she is the prevailing party for the purposes of Rule 54(d)").

An award of costs under Rule 54 is the "normal rule," and "the losing party has the burden to show that costs should not be imposed." *Torcivia v. Suffolk Cty.*, 437 F. Supp. 3d 239, 249 (E.D.N.Y. 2020) (quoting *Harris v. Brown*, No. 08-CV-1703 MKB, 2013 WL 632247, at *1 (E.D.N.Y. Feb. 20, 2013). Once "the prevailing party demonstrates the amount of its costs and that they fall within an allowable category of taxable costs, *see* Local Rule 54.1(a), that party enjoys a presumption that its costs will be awarded." *Equal Employment Opportunity Comm'n v. United Health Programs of Am., Inc.*, 350 F. Supp. 3d 199, 236 (E.D.N.Y. 2018) (quoting *Patterson v. McCarron*, No. 99-cv-11078 (RCC), 2005 WL 735954, at *1 (S.D.N.Y. Mar. 30, 2005).

Annexed hereto is Ms. Maxwell's Bill of Costs, including the Affidavit of Laura Menninger and exhibits, in the form required by Local Civil Rule 54.1 and including only those taxable costs prescribed by the rule.[1] As the prevailing party, Ms. Maxwell is presumptively entitled to an award of cost, and plaintiff is unable to meet her burden to demonstrate why costs should not be imposed. Accordingly, Ms. Maxwell requests that the Court order plaintiff to pay her costs in the amount detailed in the attached.

**WHEREFORE**, Ms. Ghislaine Maxwell requests an award of costs pursuant to Fed. R. Civ. P. 54(d)(1) as the prevailing party in this action.

---

[1] Ms. Maxwell seeks herein only her costs and expressly reserves her right to seek attorneys' fees incurred in defense of this action in future litigation either against plaintiff (e.g., as claims for malicious prosecution or abuse of process), against the Estate of Epstein (under an indemnification theory), or both. *See* Opinion and Order of Feb. 10, 2021 at 5 (DE 118); *accord* Opinion and Order of Mar. 9, 2021, *Jane Doe v. Darren K. Indyke et. al*, 20-cv-484 (JGK), at 5 (Dkt. 98) (striking language from proposed Rule 41(a)(2) dismissal relating to each party paying their own fees and costs to preserve right to seek attorneys' fees from this litigation in potential future litigation for claims including the torts of abuse of process and malicious prosecution).

Dated: May 27, 2021

Respectfully submitted,

*s/ Laura A. Menninger*
Laura A. Menninger (LM-1374)
HADDON, MORGAN AND FOREMAN, P.C.
150 East 10th Avenue
Denver, CO 80203
Phone:   303.831.7364
Fax:      303.832.2628
lmenninger@hmflaw.com

*Attorneys for Ghislaine Maxwell*

## Certificate of Service

I hereby certify that on May 27, 2021, I electronically filed the foregoing *Ghislaine Maxwell's Memorandum of Law In Support of Her Application for Costs Sought Against Plaintiff* with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Kevin Boyle
Robert Glassman
Panish, Shea & Boyle
11111 Santa Monica Blvd., Ste 700
Los Angeles, CA 90025
boyle@psblaw.com
glassman@psblaw.com

Bennet J. Moskowitz
Charles L. Glover
Mary Grace W. Metcalfe
Troutman Pepper Hamilton Sanders LLP
875 Third Avenue
New York, NY 10022
bennet.moskowitz@troutman.com
charles.glover@troutman.com
marygrace.metcalfe@troutman.com

Molly S. DiRago
Troutman Pepper Hamilton Sanders LLP
227 W. Monroe Street, Suite 3900
Chicago, IL 60606
molly.dirago@troutman.com

*s/ Nicole Simmons*

3



**PANISH
SHEA &
BOYLE** LLP

June 10, 2021

**VIA ECF**

Hon. John G. Koeltl
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      **Re:**   ***Doe v. Indyke, et al.*, 1:20-cv-000484-JGK-DCF**

Dear Judge Koeltl:

      Plaintiff Jane Doe is in receipt of Defendant Ghislaine Maxwell's Notice of Taxation of Costs which is seeking $13.70 from Plaintiff. (ECF No. 109). As this Court knows, after Ms. Maxwell moved the Court to stay this case, the parties reached a global settlement agreement in which one of the conditions was that Plaintiff had to dismiss this case with prejudice against the Releasees to that agreement which included Ms. Maxwell and the Epstein Estate (which, of course, is what typically happens after a case gets settled). In light of the foregoing, Plaintiff disputes that Ms. Maxwell could be considered the prevailing party and entitled to reimbursement of costs. Nonetheless, if the Court is inclined to grant Ms. Maxwell's request that Plaintiff send her $13.70 that is what Plaintiff will do.

                                   Respectfully submitted,

                                   PANISH SHEA & BOYLE

                                   /s/ Robert Glassman

                                   Robert Glassman