

**HADDON
MORGAN
FOREMAN**

**Haddon, Morgan and Foreman, P.C**
**Laura A. Menninger**

150 East 10th Avenue
Denver, Colorado 80203
PH 303.831.7364  FX 303.832.2628
www.hmflaw.com
lmenninger@hmflaw.com

November 22, 2021

*VIA ECF*

The Honorable John G. Koeltl
United States District Court
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

*The plaintiff should respond to this letter by November 24, 2021. So ordered.*
*John G. Koeltl*
*U.S.D.J.*
*11/22/21*

Re:   *Doe v. Indyke, et al.,*   1:20-cv-000484-JGK-DCF

Dear Judge Koeltl:

I write pursuant to this Court's order of dismissal, dated March 19, 2021, granting plaintiff's motion for dismissal with prejudice on the condition that she provide to Ms. Maxwell an authentic, unredacted, and signed copy of the General Release she executed with the Epstein Victims' Compensation Program (EVCP). Dkt. No. 102. This Court explained that production of the Release was subject to the Order on Plaintiffs' Anonymity and that Ms. Maxwell could not disclose the Release except pursuant to an order of this Court.

Ms. Maxwell now seeks authorization from this Court to disclose the Release as part of her criminal defense.

As this Court knows, Ms. Maxwell is facing a multi-count indictment in Case No. 20-cr-330-AJN, which is scheduled to go to trial beginning on November 29, 2021.

As explained in the briefing on plaintiff's motion to dismiss this case, and as this Court recognized in granting that motion subject to the condition that plaintiff provide Ms. Maxwell with the Release, Ms. Maxwell's constitutional rights to present a defense and to confrontation require that she be able to use the Release in her defense of the criminal case. U.S. Const. amends. V, VI. The Release is material to her defense, and it shows plaintiff's bias and motive in alleging that Ms. Maxwell was involved in alleged abuse.

A criminal defendant "states a violation of the Confrontation Clause by showing that [s]he was prohibited from engaging in otherwise appropriate cross-examination designed to show a prototypical form of bias on the part of the witness, and thereby

Hon. John Koeltl
November 22, 2021
Page 2

'to expose to the jury the facts from which jurors could appropriately draw inferences relating to the reliability of the witness.'" *Delaware v. Van Arsdall*, 475 U.S. 673 (1986) (quoting *Davis v. Alaska*, 415 U.S. 308, 318, (1974)). "[T]he exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination.'" *Olden v. Kentucky*, 488 U.S. 227, 231 (1988) (quoting *Davis*, 415 U.S. at 316-17).

At the time this Court ordered plaintiff to disclose the Release, it was unclear whether the government had a copy of the Release as well, such that it would be produced to Ms. Maxwell as *Brady* material. *See Moore v. Marr*, 254 F.3d 1235, 1244 (10th Cir. 2001) (witness's "application for victim compensation payments and application for and receipt of emergency victim compensation payments may well have been 'favorable' within the meaning of *Brady*," requiring government disclosure of exculpatory evidence to criminal defendants). It is now clear the government *does not* have a copy of the Release, and as the government is keen to remind Ms. Maxwell at every turn, it "is under no obligation to turn over that which it does not have." *United States v. Upton*, 856 F. Supp. 727, 746 (E.D.N.Y. 1994). Although Ms. Maxwell has issued a Rule 17(c) subpoena to the EVCP for the Release (as well as other materials), Judge Nathan has not yet ruled on several motions to quash that subpoena, including one filed by plaintiff.

In order to vindicate her constitutional rights to present a defense and to confrontation, Ms. Maxwell seeks leave from this Court to use the Release disclosed by plaintiff in the defense of the criminal case pending before Judge Nathan.

Respectfully Submitted,

Laura A. Menninger

CC: Counsel of Record *via* ECF